Sarah E. Josephson
AK Bar No. 9705017
JERMAIN DUNNAGAN & OWENS, P.C.
111 W. 16th Avenue, Suite 203
Anchorage, AK 99501
Tel: (907) 563-8844
Fax: (907) 563-7322
Email: sjosephson@jdolaw.com

*Local counsel*

and

Lee Seham (*pro hac vice* pending)
NY Bar No. 2194306
Mark Meeker (*pro hac vice* pending)
NY Bar No. 4844536
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
199 Main Street, Seventh Floor
White Plains, NY 10601
Tel: (914) 997-1346
Email: lseham@ssmplaw.com
Email: mmeeker@ssmplaw.com

*Attorneys for Plaintiff Jeremy Wood*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| JEREMY WOOD, | § | |
| | § | |
| Plaintiff, | § | Case No. 3:24-cv-____ |
| | § | |
| v. | § | COMPLAINT FOR |
| | § | DECLARATORY AND INJUNCTIVE |
| INTERNATIONAL BROTHERHOOD | § | RELIEF UNDER THE RAILWAY |
| OF TEAMSTERS; TEAMSTERS | § | LABOR ACT (45 U.S.C. §§ 151 *et seq*) |
| LOCAL UNION 769; and NORTHERN | § | |
| AIR CARGO, | § | |
| | § | |
| Defendants | § | |
| _____ | § | |

## SUMMARY

1.      Plaintiff, Jeremy Wood ("Wood"), brings this Complaint against the International Brotherhood of Teamsters ("IBT"), Teamsters Local Union 769 ("Local 769"), and Northern Air Cargo, LLC ("NAC" or the "Company") for declaratory judgment and for injunctive relief under the Railway Labor Act 45 U.S.C. §§ 151 *et seq.* ("RLA"), in the form of an order to *compel an arbitration hearing* of plaintiff's contract grievance before a System Board of Adjustment for a ruling by a single neutral arbitrator, and alleges the following:

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1337, because this case arises under the RLA, 45 U.S.C. §§ 151 *et seq.*, a federal statute regulating interstate commerce.

3.      Venue is proper in this District under 28 U.S.C. § 1391(b) because subject-matter jurisdiction is not founded on diversity of citizenship and this District is a district where a substantial part of the events giving rise to plaintiff's claims occurred, where all defendants in this action may be found, and/or where all defendants do business:  IBT is an unincorporated labor organization, Local 769 is a an unincorporated labor organization, and NAC is an incorporated business.

## PARTIES

4.      Plaintiff, Jeremy Wood ("Wood"), is a natural person with an address of P.O. Box 3525, Grapevine, TX  76099, who is a commercial airline pilot with the rank of First

{01479464} 2

Complaint for Declaratory and Injunctive Relief under the Railway Labor Act
*Wood v. International Brotherhood of Teamsters, et Al.*, Case No. 3:24-cv-_____

Case 3:24-cv-00053-SLG     Document 1     Filed 03/06/24     Page 2 of 8

Officer who was hired and furloughed by NAC and who belongs to a craft or class represented by IBT, and who now seeks recall to his job at NAC.

5.     Wood is an "employee" with the meaning of, and covered by, the RLA. 45 U.S.C. § 151, Fifth.

6.     Defendant IBT is an unincorporated labor organization. It is headquartered at 25 Louisiana Avenue, N.W., Washington, D.C., 20001. IBT maintains an office in this district where it acts through its Anchorage Office located at 520 East 34th Avenue, Ste. 102, Anchorage, AK 99503.

7.     IBT is the certified bargaining representative for the NAC pilots and a "representative" labor union subject to the provisions of the RLA. 45 U.S.C. §§ 151, Sixth; 181.

8.     Defendant Local 769 is an unincorporated labor organization. It is located at 12365 West Dixie Highway, North Miami, FL 33161.

9.     Local 769 represents South Florida Teamsters including NAC pilots from Orlando to Key West and is a "representative" within the meaning of Section 2, Fifth and Fourth respectively of the National Labor Relations Act, as amended, 29 U.S.C. §152(5) and (4). Local 769 represents employees in an industry affecting commerce within the meaning of Section 301(a) of the Labor Management Relations Act, 29 U.S.C. §185(a).

10.     Defendant NAC is a commercial air carrier and corporation organized and existing under the laws of the state of Alaska with its headquarters in Anchorage, AK, and its administrative offices at 4510 Old International Airport Road, Anchorage, AK 99502.

Complaint for Declaratory and Injunctive Relief under the Railway Labor Act
*Wood v. International Brotherhood of Teamsters, et Al.*, Case No. 3:24-cv-_____
Case 3:24-cv-00053-SLG    Document 1    Filed 03/06/24    Page 3 of 8

11.     NAC is a "common carrier" by air, engaged in interstate or foreign commerce, and is subject to the provisions of the RLA. 45 U.S.C. §§ 151, First; 181.

## STATEMENT OF FACTS

12.     First Officer Wood commenced working with NAC in September of 2018. He was based at Miami International Airport ("KMIA") when the Company terminated his employment effective May 15, 2020, which the IBT and Wood responded to with Grievance Nos. 1001 and 1005. Rather than defend its actions before the System Board, NAC entered into a settlement in October 2021 pursuant to which First Officer Wood was reinstated with full seniority and a payment of $25,000.

13.     On April 25, 2022, when First Officer Wood was based at Daniel K. Inouye International Airport ("PHNL") in Honolulu, NAC terminated his employment yet again based on a determination of an extra-contractual Training Review Board ("TRB") that he had exhibited unspecified "performance deficiencies."

14.     On May 6, 2022, First Officer Wood and the IBT representative Captain Eric Stolz again filed a timely grievance alleging that this second termination was also without just cause. The likelihood that the grievance would be granted by the System Board is supported by a number of factors, including, but not limited to:

- The collective bargaining agreement ("CBA") contains no provision establishing a TRB or allowing for it to subvert standard just cause analysis;

Complaint for Declaratory and Injunctive Relief under the Railway Labor Act
*Wood v. International Brotherhood of Teamsters, et Al.*, Case No. 3:24-cv-_____

Case 3:24-cv-00053-SLG   Document 1   Filed 03/06/24   Page 4 of 8

- NAC conducted First Officer Wood's performance evaluation in a non-standard manner by, *inter alia*, not affording him a change of check airman, hours of training, and equitable treatment; and,

- First Officer Wood satisfied all applicable Federal Aviation Regulation ("FAR") standards.

15. The anomalies in NAC's treatment of First Officer Wood are addressed in greater detail in the attached correspondence to IBT from attorney Gary L. Evans dated September 26, 2022. (Attachment A).

16. Since the timely filing of his grievance, IBT communications to First Officer Wood have been sporadic and cryptic. At one point, it was communicated to attorney Evans that the IBT was in the process of selecting an arbitrator to hear First Officer Wood's grievance.

17. At another point, IBT representatives communicated to Mr. Evans that NAC was willing to offer another payment of $25,000, without reinstatement, in settlement of the grievance. However, to date, NAC has not provided a written settlement offer and, in any event, the offer of $25,000 without reinstatement is inadequate.

## COUNT 1

### First Officer Wood's Entitlement to a Hearing Before the System Board

18. Airline employees have an individual statutory right under the RLA to access the grievance and arbitration process mandated by Section 184 of the RLA, with or without the certified union as a party. *Elgin Joliet & Eastern Railway Co. v. Burley et al.*, 325 U.S.

Complaint for Declaratory and Injunctive Relief under the Railway Labor Act
*Wood v. International Brotherhood of Teamsters, et Al.*, Case No. 3:24-cv-_____

Case 3:24-cv-00053-SLG   Document 1   Filed 03/06/24   Page 5 of 8

711, 733 (1945) (individual employee's rights are statutory rights, which he may exercise independent of the union); *Capraro v. UPS Company*, 993 F.2d 328, 336 (3d Cir. 1993) ("It necessarily follows that an employer and a union, through a negotiated collective bargaining agreement, cannot deprive a category of employees of access to grievance and arbitration process"); *Miklavic v USAir, Inc*, 21 F.3d 551 (3d Cir. 1994) (concluding that airline employees are entitled to proceed to arbitration on their own behalf); *Kaschak v. Consolidated Rail Corp.*, 707 F.2d 902, 909-910 (6th Cir. 1983) ("The RLA contemplates the presence of three entities: the employer, the individual employee and the union representative of the collective employees. The rights of the individual employee as against the employer are not coextensive with those of the union; each party under the statute maintains a distinct right to enforce the obligations of the other two").

19.     A Union has no authority to supplant an individual grievant's party status. *Stevens v. Teamsters Local 2707*, 504 F. Supp. 332, 336 (W.D. Wash. 1980) (finding that the union's withdrawal of individual grievances was in reckless disregard of the statutory rights of the plaintiffs to pursue their own grievances); *Smyj v. Consolidated Rail Corp.*, 1986 U.S. Dist. LEXIS 29876 (S.D.N.Y. 1986); *Pyles v. United Air Lines, Inc.*, 79 F.3d 1046, 1052, n.9 (11th Cir. 1996) ("individual airline employees *are* entitled to convene special boards of adjustment as a matter of statutory right"); *Pratt v. United Air Lines, Inc.*, 468 F. Supp. 508, 513 (N.D. Cal. 1978) (under the RLA, "the Union does not have exclusive control over grievances").

20.     In the *Stevens* decision, the court held:

Complaint for Declaratory and Injunctive Relief under the Railway Labor Act
*Wood v. International Brotherhood of Teamsters, et Al.*, Case No. 3:24-cv-_____

Case 3:24-cv-00053-SLG     Document 1     Filed 03/06/24     Page 6 of 8

before the defendant union might withdraw a grievance without receiving anything for the employee in return, it must give notice to the employee of its intention to do so.

* * * *

The union argues that withdrawal of the grievances was not arbitrary because it viewed the grievances as meritless. But plaintiffs' complaint is not that the union improperly viewed the grievances as meritless but rather that the union withdrew the grievances without according to plaintiffs their statutory right individually to process those grievances. There has been no reason advanced by the union for its failure to notify plaintiffs prior to the withdrawal of the grievances. The Court concludes that the withdrawal of the grievances without prior notice lacked any rational basis and was arbitrary. Turning to the egregious conduct test, the Court finds that the withdrawal was in reckless disregard of the statutory rights of the plaintiffs to pursue their own grievances, that the foreclosing of the rights of plaintiffs with respect to the grievances severely prejudiced them, and that the policies behind the duty of fair representation would not be harmed by imposing liability in this case.

*Stevens*, 504 F. Supp. at 336 (citations omitted).

21.     More recently, in a case handled by our law firm, the United States District Court for the Northern District of Illinois reaffirmed a pilot's statutory right of access to the System Board. *Bumpus v. Air Line Pilots Association and UAL*, 606 F. Supp. 3d 845, 857 (N.D. Ill. 2022) ("Individual employees have a statutory right to compel arbitration. The union cannot act as a 'gatekeeper' and prevent plaintiff from invoking his statutory right to arbitration.").

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court issue:

{01479464} 7

Complaint for Declaratory and Injunctive Relief under the Railway Labor Act
*Wood v. International Brotherhood of Teamsters, et Al.*, Case No. 3:24-cv-_____

Case 3:24-cv-00053-SLG     Document 1     Filed 03/06/24     Page 7 of 8

A. An order i) compelling the Defendants to convene an impartial System Board of Adjustment to arbitrate Plaintiff's grievance with representation of Plaintiff's own choosing at his own expense, with ii) a Board constituted to render an impartial ruling determined by a neutral arbitrator alone (whether sitting alone or with non-voting partisan Board members); and

B. A judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring the rights of the parties; and

C. An award of reasonable attorneys' fees and costs of the plaintiff.

D. Retain jurisdiction to ensure that defendants fully comply with any and all orders of this Court.

E. Granting such other and further relief as is just and proper, including reasonable attorneys' fees and the costs and disbursements of this proceeding.

DATED this 5th day of March, 2024.

> JERMAIN DUNNAGAN & OWENS, P.C.
> *Local counsel for Plaintiff Jeremy Wood*
>
> */s/ Sarah E. Josephson*
> Sarah E. Josephson, Alaska Bar No. 9705017
>
> and
>
> SEHAM, SEHAM, MELTZ & PETERSEN, LLP
> *Attorneys for Plaintiff Jeremy Wood*
>
> */s/ Lee Seham*
> Lee Seham, New York No. 2194306 (*pro hac vice* pending)
> Mark Meeker, New York No. 4844536 (*pro hac vice* pending)

{01479464}8

Complaint for Declaratory and Injunctive Relief under the Railway Labor Act
*Wood v. International Brotherhood of Teamsters, et Al.*, Case No. 3:24-cv-_____

Case 3:24-cv-00053-SLG    Document 1    Filed 03/06/24    Page 8 of 8