CONNOR R. SMITH, Bar No. 1905046
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: 907.277.1900
connor.smith@stoel.com

*Attorneys for Defendant Northern Air Cargo*

Sarah Pierce Wimberly
*(Admitted pro hac vice)*
FORD & HARRISON LLP
271 17th Street, NW, Suite 1900
Atlanta, GA 30363
Telephone: 404-888-3842
swimberly@fordharrison.com

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

JEREMY WOOD,

        Plaintiff,

    v.

INTERNATIONAL BROTHERHOOD
OF TEAMSTERS; TEAMSTERS
LOCAL UNION 769; AND
NORTHERN AIR CARGO,

        Defendants.

Case No. 3:24-cv-00053-HRH

## **DEFENDANT NORTHERN AIR CARGO'S MOTION TO DISMISS**

      This case is brought by a disgruntled former union-represented employee who seeks to force his former union (the International Brotherhood of Teamsters or "IBT") and his former employer (Northern Air Cargo or "NAC") to allow his grievance to proceed to an arbitration hearing before System Board of Adjustment under the parties' collective bargaining agreement. That agreement does not contemplate such a result – a fact which seems to be not in dispute since Plaintiff

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-cv-00053-HRH     1

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900   Fax 907.277.1920

Jeremy Wood ("Wood") does not claim that it does. The governing labor law – the Railway Labor Act ("RLA") – does not contemplate such a result either, despite Wood's vehement proclamations to the contrary in his Complaint.

Put simply, Wood has no statutory right of access to NAC's and IBT's System Board under 45 U.S.C. § 184, the governing section of the RLA. And even if he did, there is no private cause of action for him to enforce it. Granting an individual employee like Wood a statutory right of access to his union's and his employer's system board of adjustment, and permitting him to enforce that access through the Courts, would undermine the very fabric of the federal labor law that is codified in the RLA. It would impose uncertainty and chaos on a labor statutory scheme explicitly designed and enacted to prevent uncertainty and chaos in an industry so pivotal to the nation's commerce. NAC brings this Motion to the Court to ensure that Wood is not allowed to do this.

## I.    FACTUAL BACKGROUND

### A.  The Parties

Defendant NAC is a commercial air carrier headquartered in Anchorage, Alaska. Compl. ¶ 10. It is a common carrier by air subject to the RLA. *Id.* ¶ 11; *see also* 45 U.S.C. § 151, First; *id.* § 181.

Defendant IBT is an unincorporated labor organization. Compl. ¶ 6. It is the certified bargaining representative for NAC's pilots and a representative labor union

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900  Fax 907.277.1920

subject to the RLA. *Id.* ¶ 7; *see also* 45 U.S.C. § 151, Sixth; *id.* § 181. Defendant Teamsters Local Union 769 is a labor union representing NAC pilots from Orlando to Key West, Florida. Compl. ¶ 9.

Plaintiff Wood is a commercial airline pilot. *Id.* ¶ 4. He was previously employed by NAC as a First Officer and was previously within the craft or class of NAC pilots represented by IBT. *Id.* He is an employee within the meaning of the RLA. *Id.* ¶ 5; *see also* 45 U.S.C. § 151, Fifth.

**B. The Collective Bargaining Agreement**

NAC and IBT are parties to a Collective Bargaining Agreement ("CBA") under which NAC recognizes IBT as the duly designated and authorized representative of its pilots for purposes of the RLA. *See* CBA, attached hereto as **Exhibit A**, § 1.A. [1] One of the express purposes of the CBA is to provide "a method

---

[1] Under the incorporation-by-reference doctrine, "a defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quotations omitted). The defendant may offer the document, and the district court may treat it as part of the complaint and assume the truth of its contents, for purposes of a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Here, Wood's Complaint and the document he attaches in support extensively reference the CBA. *See* Compl. ¶ 1 (referring to Wood's "contract grievance"); *id.* ¶ 13 (alleging Wood's termination was based on a determination by an "extra-contractual" Training Review Board); *id.* ¶ 14 (alleging a System Board would sustain Wood's contract grievance because "[t]he collective bargaining agreement [] contains no provision establishing a [Training Review Board] or

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main 907.277.1900  Fax 907.277.1920*

for the prompt and equitable disposition of Grievances" in the mutual interests of NAC, its pilots, and IBT. *Id.* § 1.B. NAC's pilots even memorialized in the CBA that it is their duty to "cooperate fully for the advancement" of the CBA's purposes. *Id.*

As required by the RLA (*see* 45 U.S.C. § 184), the CBA between NAC and IBT establishes a System Board of Adjustment to decide disputes that may arise under its terms "when such disputes have been properly submitted . . . by the Union," and "when such matter[s] ha[ve] not been previously settled." *Id.* § 20.A.2. & 3.; *see also* 45 U.S.C. § 184. The CBA explicitly provides that "*[t]he Company and the Union shall be the only parties to a [System] Board proceeding.*" CBA § 20.E.1. (emphasis added).

## C. Wood's Employment with NAC

Wood was hired by NAC as a First Officer in September 2018. Compl. ¶ 12. In May 2020, NAC terminated Wood's employment, but he was reinstated pursuant to a settlement agreement between NAC and IBT in October 2021. *Id.*

---

allowing for it to subvert standard just cause analysis"); D.E. 1-1 at 2-3 (attachment to Complaint alleging NAC's and IBT's disregard of the CBA).

This Court's consideration of the CBA, therefore, is a proper exercise of the incorporation-by-reference doctrine. *See Khoja*, 899 F.3d at 1002 ("The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.").

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main 907.277.1900   Fax 907.277.1920*

In April 2022, NAC again terminated Wood's employment based on performance deficiencies determined by NAC's Training Review Board. *See id.* ¶ 13. IBT filed a grievance contesting Wood's second termination, and IBT subsequently communicated to Wood that it was selecting an arbitrator to hear the grievance. *Id.* ¶¶ 14, 16. IBT later communicated to Wood that NAC was willing to settle his grievance. *Id.* ¶ 15. These settlement efforts ultimately proved unsuccessful. *See id.* ¶ 17.

## II. PROCEDURAL HISTORY

On March 6, 2024, Wood filed a Complaint for Declaratory and Injunctive Relief ("Complaint") in this Court. *See id.* ¶ 1. Wood claims statutory entitlement under 45 U.S.C. § 184 to access the grievance and arbitration process contemplated in the CBA, "with or without the certified union as a party." *See id.* ¶ 18. In accordance with that alleged right, Wood seeks an order compelling NAC and IBT to convene a System Board of Adjustment to arbitrate his grievance, with a decision to be rendered by a neutral arbitrator alone. *Id.* ¶ 1 & p. 8.

## III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal is proper where, as here, "the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-HRH          5

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900   Fax 907.277.1920

a cognizable legal theory." *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

## IV.   ARGUMENT AND CITATION OF AUTHORITY

### A. Wood has no statutory right to access the System Board

There can be no dispute that Wood has no contractual right to individually access the System Board of Adjustment. The CBA could not be clearer: the System Board may only decide disputes that have been submitted by IBT, not individual employees, and only IBT and NAC may be parties to a System Board proceeding. *See* CBA § 20.A.2. & 3., 20.E.1.

Wood's cause of action, therefore, hinges solely upon his claim that—despite clear language in the CBA to the contrary—he may proceed individually before NAC's and IBT's System Board, against IBT's wishes, because 45 U.S.C. § 184 allegedly says he can. *See* Compl. ¶¶ 1, 18; CBA §§ 1.A., 20.A.2., 20.A.3., 20.E.1. Wood's claim is unpersuasive, however, because 45 U.S.C. § 184 grants him no such right.

> 1. *The RLA's statutory text does not support an individual's right to proceed to arbitration before adjustment boards created under 45 U.S.C. § 184*

The section of the RLA on which Wood's claim relies—45 U.S.C. § 184—should not be read to support an individual employee's right to proceed to arbitration over his union's objection. That is because employees have no right to proceed

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-HRH                6

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900   Fax 907.277.1920

individually before the adjustment boards most closely analogous to those created pursuant to § 184.

As background, 45 U.S.C. § 184 was part of the 1936 amendments to the RLA, which extended the RLA statutory scheme to cover the airline industry. *See Hawaiian Airlines v. Norris*, 512 U.S. 246, 248 (1994) (citing 45 U.S.C. §§ 181-188). The 1936 amendments adopted for air carriers all the statutory provisions applicable to rail carriers, "with the notable exception of 45 U.S.C. § 153, governing the settlement of minor disputes." *See Whitaker v. Am. Airlines*, 285 F.3d 940, 943 (11th Cir. 2002); *see also Int'l Ass'n of Machinists v. Cent. Airlines*, 372 U.S. 682, 685 (1963) (explaining the 1936 amendments made all the RLA's provisions applicable to the airlines, "excepting . . . 45 U.S.C. § 153"). Congress instead "enacted 45 U.S.C. § 184 to outline adjustment procedures for minor disputes in the airline industry." *Whitaker*, 285 F.3d at 943.

Notwithstanding § 153's general inapplicability to the airline industry, however, comparing its provisions with those of § 184 is crucial to understanding why Wood's claim is incorrect as a matter of law.

Section 184 provides that disputes between parties that are not resolved "in the usual manner" may be referred by petition "to an appropriate adjustment board." *See* 45 U.S.C. § 184. Section 184 makes it the duty of every carrier and its employees, acting through their designated representatives, to establish such an

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900    Fax 907.277.1920

adjustment board. *See id.* Boards established pursuant to § 184 may possess jurisdiction "not exceeding the jurisdiction which may be lawfully exercised by system, group, or regional boards of adjustment, under the authority of section 153 of this title." *See id.*

At first glance, this provision in § 184 bears some similarity to § 153, First, which establishes a National Railroad Adjustment Board ("NRAB") for the railroad industry and permits parties to refer disputes to it if they are unable to resolve them "in the usual manner." *See id.* § 153, First (i). Importantly, the Supreme Court has noted, *in the railroad context*, that the RLA is "somewhat more solicitous of individual rights" because it permits employees unsuccessful at the grievance level to "seek relief in their own right from the [NRAB]." *See Int'l Bhd. of Elec. Workers v. Foust*, 442 U.S. 42, 49 n.11 (1979) (citing 45 U.S.C. § 153, First (i)-(j)).[2]

If the NRAB established under § 153, First were the only other RLA-created entity bearing similarities to the adjustment boards contemplated in § 184, then Wood's argument that he has the right to proceed individually before NAC's and IBT's System Board might be somewhat tenable. But that is not the case. Imbedded

---

[2] As indicated, the Supreme Court in *Foust* relied not only upon 45 U.S.C. § 153, First (i), but also on § 153, First (j) in determining that individual employees may proceed before the NRAB. *See* 442 U.S. at 49 n.11. Section 153, First (j) permits parties to be heard "in person, by counsel, or by other representatives" before the NRAB. *See* 45 U.S.C. § 153, First (j). Section 184, however, has no provision analogous to § 153, First (j). *See generally id.* § 184.

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-HRH          8

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900  Fax 907.277.1920

in § 153 is another, more closely analogous adjustment board that illustrates the important distinctions between adjustment boards in these different industries.

In addition to the NRAB, § 153 contemplates "the establishment of system, group, or regional boards of adjustment for the purpose of adjusting and deciding disputes of the character specified in this section." *See* 45 U.S.C. § 153, Second. Section 153, Second explicitly provides that such "board of adjustment" may be convened only by written request "made upon any individual carrier *by the representative of any craft or class of employees of such carrier*." *See id.* (emphasis added). As the text suggests, individual employees have no right to bring matters before such boards of adjustment, nor do they have the right to convene them. *See O'Neill v. Pub. Law Bd. No. 550*, 581 F.2d 692, 696 n.7 (7th Cir. 1978) (explaining that "an individual employee has no right to bring a matter before a special adjustment board," as "[o]nly a rail carrier or the representative of any craft or class of employees are authorized by the statute to bring a matter before a special adjustment board"); *Bhd. of Locomotive Eng'rs v. Denver & Rio Grande W. R.R. Co.*, 411 F.2d 1115, 1118 (10th Cir. 1969) (approving the district court's conclusion, based on the legislative history of the 1966 amendment to the RLA, that "an individual could not invoke the provisions of the amendment to convene a special adjustment board to handle his grievance, but rather Congress intended to limit the availability of this machinery to a union representative").

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900   Fax 907.277.1920

The boards of adjustment contemplated in § 153, Second—boards individual employees may not access—are indisputably closer in character than the NRAB to the boards of adjustment established pursuant to § 184. Whereas the NRAB is a governmental entity created by statute, the boards of adjustment created under § 153, Second and § 184 are creatures of contract created pursuant to agreement between the parties. *Compare* 45 U.S.C. § 153, First*, with id.* §§ 153, Second & 184. Indeed, § 184 even cross-references § 153, Second by limiting the jurisdiction of any adjustment board created under § 184 to that of an adjustment board created under § 153, Second. *See id.* § 153, Second; *id.* § 184.

Thus, individual employees are foreclosed from convening or bringing matters before the boards of adjustment created pursuant to 45 U.S.C. § 153, Second. *See* 45 U.S.C. § 153, Second; *O'Neill*, 581 F.2d at 696 n.7; *Denver & Rio Grande W. R.R. Co.*, 411 F.2d at 1118. Such boards of adjustment are the most closely analogous entities contemplated by the RLA to boards of adjustment created pursuant to § 184, such as NAC's and IBT's. Wood therefore has no more right to access the latter than he would the former.

> 2. *As the Fifth Circuit has correctly explained, permitting individuals to access labor arbitration without their union fundamentally undermines the federal labor statutory scheme*

The Ninth Circuit has not addressed whether § 184 affords individual employees the right to access the adjustment boards it contemplates. Other courts

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-HRH                10

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900   Fax 907.277.1920

have, however, with mixed results. Certain courts have answered the question in the affirmative. *See, e.g., Capraro v. United Parcel Serv. Co.*, 993 F.2d 328, 336-37 & n.12 (3d Cir. 1993); *Santiago v. United Air Lines*, 969 F.Supp.2d 955, 966 (N.D. Ill. 2013); *Bumpus v. Airline Pilots Ass'n, Int'l*, 606 F.Supp.3d 845, 857 (N.D. Ill. 2022); *see also Kaschak v. Consol. R. Co.*, 707 F.2d 902, 909-10 (6th Cir. 1983) (explaining the competing interests of individual employees, employers, and unions and each party's right to enforce the others' obligations, including "separate enforcement rights exercisable by the individual employee," without discussing § 184 specifically).[3]

Other courts have disagreed. The Fifth Circuit has characterized the subordination of individual interests to the interests of the group "at the contract-negotiation stage and beyond" as a requirement necessary "to effectuate the purposes behind federal labor statutes." *See Mitchell v. Continental Airlines*, 481 F.3d 225, 232 (5th Cir. 2007). As it explained, "[i]f an employee could compel arbitration of a grievance without his union's blessings, a CBA's contractual

---

[3] In *Pyles v. United Air Lines*, the Eleventh Circuit stated in a footnote, "we believe that individual airline employees are entitled to convene special boards of adjustment as a matter of statutory right." *See* 79 F.3d 1046, 1052 n.9 (11th Cir. 1996). The Eleventh Circuit later clarified, however, that "the discussion in *Pyles* . . . is dicta," as "[t]he court there never considered the situation of an individual airline employee who attempts to convene a board of adjustment but is denied access." *See Whitaker*, 285 F.3d at 945. *Pyles* is therefore not persuasive, and the Eleventh Circuit has not subsequently weighed in on the issue.

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-HRH          11

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900   Fax 907.277.1920

conflict-resolution procedures would be substantially undermined, 'thus destroying the employer's confidence in the union's authority and returning the individual grievant to the vagaries of independent and unsystematic negotiation.'" *Id.* at 232-33 (quoting *Vaca v. Sipes*, 386 U.S. 171, 191 (1967)).

The First Circuit, too, has expressed its doubts about an individual right of access to adjustment boards under § 184. *See Bryan v. Am. Airlines*, 988 F.3d 68, 76 (1st Cir. 2021). In *Bryan*, an individual employee argued he "had the right to pursue his grievance individually at his own expense" before his carrier's and union's system board. *Id.* at 71, 76. The First Circuit was concerned, however, that the employee "cited no controlling authority for the proposition that an employee has an individual right under the RLA to pursue a grievance against his employer where the employee's certified representative has declined to pursue that grievance" and did not "explain[] why such a right exists under the statute." *Id.* at 76. In doing so, the First Circuit parenthetically cited to the Supreme Court's holding in *Vaca* that, under the Labor-Management Relations Act, "an individual employee has [no] absolute right to have his grievance taken to arbitration regardless of the provisions of the applicable collective bargaining agreement." *Id.* (quoting *Vaca*, 386 U.S. at 191).

The First Circuit was doubtful for good reason, as the Fifth Circuit got it right: there is not, and cannot be, an individual right to access adjustment boards

under 45 U.S.C. § 184. To hold otherwise would *substantially* undermine the conflict-resolution procedures necessary for orderly collective bargaining and representation relations between NAC and its pilots through the CBA and eschew the requirement, necessary to effectuate federal labor laws, that the interests of any individual give way to the interests of the group. *See Mitchell*, 481 F.3d at 232; *Vaca*, 386 U.S. at 191.

> 3. *Prohibiting individual access to RLA system boards of adjustment furthers the RLA's express purpose*

The Fifth Circuit's conclusion that 45 U.S.C. § 184 does not grant individual employees the right to compel arbitration of their grievances not only furthers the requirements of federal labor statutes generally, but also the purposes of the RLA specifically. One such purpose, prominently and expressly stated, is "the prompt and orderly settlement of all disputes growing out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions." *See* 45 U.S.C. § 151a. Indeed, the Supreme Court has characterized the "clearly stated purposes of the Act and of its history" as "reflecting . . . a steady congressional intent to move toward a reliable and effective system for the settlement of grievances." *See Cent. Airlines*, 372 U.S. at 689-90; *see also Norris*, 512 U.S. at 252 ("Congress' purpose in passing the RLA was to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes.").

If individual employees such as Wood were granted the right to access the adjustment boards created under the RLA without their union's support, however, "a significantly greater number of grievances would proceed to arbitration," which "would greatly increase the cost of the grievance machinery and could so overburden the arbitration process as to prevent it from functioning successfully." *See Vaca*, 386 U.S. at 191-92. Indeed, an overburdened and dysfunctional arbitration process would be all but guaranteed. Under the RLA, "minor disputes"—that is, disputes "arising or growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions"—are subject to the "*exclusive jurisdiction*" of the adjustment boards the statute contemplates (*e.g.,* those created under 45 U.S.C. § 184). *See Consol. R. Corp. v. Ry. Labor Execs. Ass'n*, 491 U.S. 299, 303-04 & n.4 (1989) (quotations omitted and emphasis added); *see also Capraro*, 993 F.2d at 336 (explaining that the RLA's grievance and arbitration process "is not optional"). If every individual employee of a carrier were vested with unchecked authority to compel arbitration of his or her grievance before the only venue available to entertain it, the ensuing volume and backlog would be catastrophic.[4]

---

[4] The Third Circuit determined in *Capraro* that individual employees have the right to compel arbitration of their grievances, a determination that was motivated substantially by its concern that employees would otherwise be "left remediless." *See* 993 F.2d at 336-37. As a practical matter, however, it is unclear how such a concern would be resolved by making employees' grievances subject to *Wood v. Int'l Brotherhood of Teamsters, et al.*

Case No. 3:24-CV-00053-HRH                14

Wood's proffered interpretation of § 184 would not further the "prompt and orderly" settlement of disputes, promote reliability in dispute resolution, or promote stability in labor-management relations. *See* 45 U.S.C. § 151a; *Cent. Airlines*, 372 U.S. at 689-90; *Norris*, 512 U.S. at 252. Rather, the result would be quite the opposite. Permitting individual, unfettered access to adjustment boards would cripple statutorily mandated dispute-resolution mechanisms and likely result in contradictory contractual interpretations proffered by individual employees and the entity designated to speak on their behalf. This Court should decline Wood's invitation to open Pandora's Box to further no one's interests but his own. Instead, it should require adherence to NAC's and IBT's CBA, one of the purposes of which is to provide "a method for the prompt and equitable disposition of Grievances." *See* CBA § 1.B. Doing so would best promote the RLA's ends.

Thus, in the absence of any controlling authority compelling it to do so, as is the case here, this Court should decline to interpret the RLA in a manner that clearly undermines its purpose. Rather, the Court should follow the lead of the Fifth Circuit and hold that Wood has no right to individually compel arbitration of his grievance before NAC's and IBT's System Board under 45 U.S.C. § 184 and dismiss Wood's

---

an endless backlog of others, including those that have, presumably, failed to pass muster under their union's analysis but are pursued anyway by self-interested individual employees. Notably, the *Capraro* court did not have to grapple with this reality, as it only discussed an employee's entitlement to an order compelling arbitration but ultimately issued no such order. *See id.* at 336-37.

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main 907.277.1900    Fax 907.277.1920*

Complaint for failure to state a viable claim. *See* Fed. R. Civ. P. 12(b)(6); *Cervantes*, 656 F.3d at 1041.

**B. Even if Wood has a right of access to the System Board under 45 U.S.C. § 184, there is no private cause of action to enforce it**

Even if this Court were to conclude there is an individual right of access to adjustment boards under 45 U.S.C. § 184, Wood's Complaint still fails to state a cognizable claim because there is no private cause of action to enforce such a right. *See* Fed. R. Civ. P. 12(b)(6); *Cervantes*, 656 F.3d at 1041.

> 1. *Congress did not intend to grant individual employees a private cause of action against a carrier and union to enforce 45 U.S.C. § 184*

One district court within this circuit already has declined a plaintiff's request to "imply a private right of action against the union and [the carrier] to enforce plaintiffs' alleged right under RLA § 184 to proceed to arbitration over the union's objections." *See Bybee v. Int'l Bhd. of Teamsters*, Case No. 18-cv-06632-JD, 2022 WL 3031214, at *4 (N.D. Cal. Aug. 1, 2022) (quotations omitted). Though the *Bybee* decision lacks analysis on the subject beyond noting the "absence of controlling authority that is on point," *see id.*, the court's resolution of the issue was proper and consistent with Supreme Court precedent.

As the Supreme Court has observed, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *See Cannon v. Univ. of Chicago*, 441 U.S. 677,

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main 907.277.1900 Fax 907.277.1920*

688 (1979). Instead, courts must analyze four factors identified in *Cort v. Ash*, 422 U.S. 66 (1975) to determine whether Congress intended a remedy to be available to them. *See Cannon*, 441 U.S. at 688. The factors "relevant" to such a determination are: (1) whether the plaintiff is among the class for whose special benefit the statute was enacted; (2) whether there is any explicit or implicit legislative intent to create or deny a remedy; (3) whether it is "consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff;" and (4) whether the cause of action is one relegated to state law such that it would be inappropriate to infer a cause of action based on federal law. *See Cort*, 422 U.S. at 78.

Although each of these four factors are relevant, they are not entitled to equal weight. *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 575 (1979) ("It is true that in *Cort v. Ash*, the Court set forth four factors that it considered 'relevant' in determining whether a private remedy is implicit in a statute not expressly providing one. But the Court did not decide that each of these factors is entitled to equal weight."). Ultimately, the court's focus "must be on the intent of Congress," as "[t]he key to the inquiry is the intent of the Legislature." *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 377-78 (1982) (quotations omitted); *see also Touche Ross & Co.*, 442 U.S. at 575 ("The central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action.").

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-HRH      17

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main 907.277.1900  Fax 907.277.1920*

Under this framework, it is clear the Northern District of California's conclusion in *Bybee* was correct: there is no private cause of action against a carrier and union to enforce an employee's right, if any, to proceed to arbitration over the union's objection under 45 U.S.C. § 184. *See Bybee*, 2022 WL 3031214 at *4. Particularly relevant to the Court's analysis here should be the second and third *Cort* factors; that is, whether there is any explicit or implicit indication of legislative intent to create or deny a remedy and whether it would be "consistent with the underlying purposes of the legislative scheme to imply [] a remedy for the plaintiff." *See Cort*, 422 U.S. at 78; *see also Touche Ross & Co.*, 442 U.S. at 575.

Both the second and third *Cort* factors demonstrate Congress did not intend to grant individual employees like Wood a private right of access to arbitration under § 184. With respect to the second factor, Congress did not explicitly or implicitly intend to create the remedy Wood seeks here. *See Cort*, 422 U.S. at 78. Otherwise, it would not have imposed a statutory duty upon carriers and employees' representatives to create adjustment boards of a character similar to those inaccessible to individual employees and directed that parties submit their unresolved disputes to such boards. *See* 45 U.S.C. § 184; *id.* § 153, Second; *O'Neill*, 581 F.2d at 696 n.7; *Denver & Rio Grande W. R.R. Co.*, 411 F.2d at 1118.

Regarding the third factor, the purpose behind the RLA is to promote reliable and effective settlement of grievances and stability in labor-management relations

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-HRH                    18

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main 907.277.1900   Fax 907.277.1920*

overall. *See* 45 U.S.C. § 151a; *Cent. Airlines*, 372 U.S. at 689-90; *Norris*, 512 U.S. at 252. It would be entirely at odds with that purpose to vest individual employees with the right to access the system boards contemplated by 45 U.S.C. § 184 without their union's support. In resolving grievances, management could never be certain of the proper interpretation of key contractual provisions, as individual employees likely would take self-interested positions contrary to those advanced by their union representation. The union would simultaneously lose its ability to guarantee that it speaks for the employees it represents in the grievance-resolution process—and in the contract negotiation process. The number of grievances proceeding to arbitration would greatly increase, potentially overwhelming the adjustment boards designed to hear them. *See Vaca*, 386 U.S. at 191-92. Stability in the labor-management relationship, and the reliability and effectiveness of the statutorily mandated dispute resolution processes, would be upended. *See* 45 U.S.C. § 151a; *Cent. Airlines*, 372 U.S. at 689-90; *Norris*, 512 U.S. at 252. Congress simply could not have—and would not have—intended this result when it enacted § 184. *See Merrill Lynch*, 456 U.S. at 377-78; *Touche Ross & Co.*, 442 U.S. at 575; *but see Kaschak*, 707 F.2d at 906, 909 & n.13 (considering the RLA's history as an agreement worked out between management and labor, its provisions are "enforceable as quasi-contractual obligations" and discussing the *Cort* factors).

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main 907.277.1900 Fax 907.277.1920*

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK  99501
Main 907.277.1900   Fax 907.277.1920

2.    *Wood's claim under 45 U.S.C. § 184 is not contemplated by the RLA*

The Northern District of California is not the only court that has declined to imply a private cause of action to enforce an individual employee's alleged right to proceed to arbitration under 45 U.S.C. § 184.  In *Villareal v. United Airlines*, the plaintiff, an individual employee, claimed her union violated § 184 when it allegedly misrepresented whether her termination was overturned.  *See* Civil Action No. 2:19-10580, 2021 WL 761723, at *9 (D.N.J. Feb. 26, 2021).  The District of New Jersey dismissed the plaintiff's claim, finding that there did not "appear to be a private cause of action for a breach of [45 U.S.C. § 184]."  *Id.*

That court's reasoning is persuasive. It explained, "[t]he RLA governs only three types of disputes: (1) representation disputes (disputes concerning the selection of collective-bargaining representatives), (2) major disputes, (disputes over the formation of collective agreements or efforts to secure them) and (3) minor disputes (disputes concerning an interpretation of existing collective agreements)." *Id.* (citing *Indep. Ass'n of Cont'l Pilots v. Cont'l Airlines*, 155 F.3d 685, 690 (3d Cir. 1998); *Int'l Ass'n of Machinists & Aerospace Workers Dist. Local Lodge 1776 v. Jackson*, No. 09-150, 2010 WL 597247, at *3 (E.D. Pa. Feb. 19, 2010)).  Because the plaintiff's claim did not dispute the selection of her union representatives, did not dispute the formation of the relevant CBA, and was not based on an

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-HRH                    20

interpretation of the CBA, the court dismissed it. *See Villareal*, 2021 WL 761723 at *9.

So too here. Wood does not dispute the selection of his union representatives or the formulation of the CBA, and his claim (at least as he has pled it) is not based on an interpretation of the CBA. *See generally* Compl.; *see Villareal*, 2021 WL 761723 at *9; *Indep. Ass'n of Cont'l Pilots*, 155 F.3d at 690. Wood has therefore not alleged any claims cognizable under the RLA, so there can be no private cause of action allowing him to pursue his claim under § 184.

Ultimately, Wood's Complaint fails to state a viable claim because there is no private cause of action to enforce his alleged right to proceed to arbitration without his union under 45 U.S.C. § 184. Accordingly, and his Complaint must be dismissed. *See* Fed. R. Civ. P. 12(b)(6); *Cervantes*, 656 F.3d at 1041.

## V. CONCLUSION

Wood has no statutory right of access to NAC's and IBT's System Board under 45 U.S.C. § 184, and even if he did, there is no private cause of action to enforce it. To grant Wood such a right, and to permit him to enforce it, would impose uncertainty and chaos on a labor statutory structure enacted and designed to prevent both. This Court cannot permit such a result.

WHEREFORE, Defendant NAC respectfully requests that this Court enter an Order dismissing Wood's Complaint.

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-HRH                 21

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main 907.277.1900   Fax 907.277.1920*

DATED:  June 13, 2024

FORD & HARRISON LLP


By: */s/ Sarah Pierce Wimberly*
SARAH PIERCE WIMBERLY
*(Admitted pro hac vice)*


STOEL RIVES LLP


*/s/ Connor R. Smith*
CONNOR R. SMITH, Bar No. 1905046

*Attorneys for Defendant Northern Air Cargo*

# CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2024, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court, District of Alaska, by using the CM/ECF system. Participants in this Case No. 3:24-cv-00053-HRH, who are registered CM/ECF users, will be served by the CM/ECF system.

| | |
|---|---|
| Mark Joseph Meeker *(pro hac vice)*<br>8 Deepwood Drive<br>Danbury, CT 06810<br>mmeeker@ssmplaw.com<br><br>Sarah E. Josephson<br>Jermain, Dunnagan & Owens, P.C.<br>111 West 16th Avenue, Suite 203<br>Anchorage, AK 99501<br>sjosephson@jdolaw.com<br><br>Lee Seham *(pro hac vice)*<br>Seham, Seham, Meltz & Petersen, LLP<br>199 Main Street, Suite Seventh Floor<br>White Plains, NY 10601<br>ssmpls@aol.com<br><br>*Attorneys for Plaintiff* | Sarah Derry<br>Barnard Iglitzin & Lavitt LLP<br>18 West Mercer Street, Suite 400<br>Seattle, WA 98119<br>derry@workerlaw.com<br><br>*Attorneys for Defendants International Brotherhood of Teamsters and Teamsters Local Union 769*<br><br>Emily K. Pantoja *(pro hac vice)*<br>25 Louisiana Avenue NW<br>Washington, DC 20001<br>epantoja@teamster.org<br><br>*Attorneys for Defendants International Brotherhood of Teamsters*<br><br>D. Marcus Braswell, Jr. *(pro hac vice)*<br>Sugarman, Susskind, Braswell & Herrera P.A.<br>150 Alhambra Circle, Suite 725<br>Coral Gables, FL 33134<br>mbraswell@sugarmansusskind.com<br><br>*Attorneys for Teamsters Local Union 769* |

*/s/ Connor R. Smith*

Connor R. Smith

123619318.1 0077069-00006

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-HRH                23

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main 907.277.1900   Fax 907.277.1920*