Sarah E. Derry, AK No.: 2006050
BARNARD IGLITZIN & LAVITT LLP
18 W. Mercer St., Suite 400
Seattle, WA 98119
Tel: (206) 257-6021
Fax: (206) 378-4132
derry@workerlaw.com

*Attorney for Defendants International Brotherhood*
*of Teamsters and Teamsters Local Union 769*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| JEREMY WOOD,<br><br>                Plaintiff,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS; TEAMSTERS LOCAL UNION 769; and NORTHERN AIR CARGO,<br><br>                Defendants. | CASE NO. 3:24-cv-00053-HRH |

**UNION DEFENDANTS' REPLY IN**
**SUPPORT OF THEIR MOTION TO DISMISS**

Defendants International Brotherhood of Teamsters ("IBT") and Teamsters Local 769 ("Local 769"), jointly ("Defendants" or "Union Defendants") submit this Reply, pursuant to Fed. R. Civ. P. 12(b)(6) and D. Alaska L.R. 7.1(c), in support of their Motion to Dismiss filed on June 13, 2024 (D.E. #26) ("Motion to Dismiss"). Plaintiff filed his Response to the Motion to Dismiss on June 28, 2024 (D.E. #29) (the "Response"). The motion should be granted and the Complaint should be dismissed with prejudice.

Plaintiff's opposition to the Motion to Dismiss is contained mostly in Section F of the

UNION DEFENDANTS' REPLY – Page 1
Case No. 3:24-cv-00053-HRH

Response and consists of two parts. See Response at 9.

First, Plaintiff attempts to counter the Union Defendants' arguments that the precedent is non-persuasive and non-binding by asserting that the case law cited in the Complaint unequivocally affirms Plaintiff's right to compel arbitration. See Response at 9-10. Second, Plaintiff argues that he has complete power over the arbitration proceeding because:

   a) 45 U.S.C. §184's statutory text provides individual airline employees the right to compel arbitration,
   b) the Third and Sixth Circuits have held that individuals can compel arbitration under 45 U.S.C. §184, and
   c) barring access to arbitration boards would violate the congressional intent behind the RLA. See Response at 11.

Although some of these arguments have already been indirectly addressed in Union Defendants' Motion to Dismiss, this reply will briefly address the main arguments Plaintiff sets forth in the Response directly.

### 1. Plaintiff Still Fails to Plausibly Allege that the Cited Case Law Supports an Individual Right to Arbitration in the Airline Industry

Plaintiff dedicates the first part of its Response to the Motion to Dismiss ( "Response") to countering Union Defendants' arguments that their precedent is non-persuasive and non-binding. Plaintiff argues that the case law cited in the Complaint unequivocally affirms Plaintiff's right to compel arbitration under Section 184 of the RLA.

Plaintiff does not establish that railroad cases decided under Section 153 of the RLA are either binding or persuasive on an airline case brought under Section 184.[1] Plaintiff

---

[1] Plaintiff relies upon *Elgin Joliet & Eastern Railway Co. v. Burley et al.,* 325 U.S. 711, 733 (1945), *Smyj v. Consolidated Rail Corp.*, 1986 U.S. Dist. Lexis 29876 (S.D.N.Y. 1986), and *Kaschak v. Consolidated Rail Corp.*, 707 F.2d 902, 903-04 (6th Cir. 1983), which are all railroad cases predicated on Section 153 of the RLA.

fails to demonstrate how completely distinguishable cases from other district courts should be persuasive in this case.[2] Finally, the repeated references to duty of fair representation cases only prove that Plaintiff conflates the valid prohibition on arbitrary denial of access to a grievance procedure with an employee's right to compel arbitration individually.[3]

As a result, Plaintiff's pleadings erroneously rely upon non-persuasive and non-binding cases to establish a right which the Plaintiff does not have. A complete discussion of the applicable body of case law is found in the Motion to Dismiss at pp. 8-14.

### 2. Plaintiff Fails to Refute that the Union has Complete Power Over the Arbitration Proceeding

The second part of the Response centers on a union's administration of an arbitration proceeding in the airline industry. Here, Plaintiff simply argues that given arguments in Sections C-E of its Response and the "starkly worded holding in *Capraro,*" Plaintiff indeed has the right to compel arbitration under Section 184. See Response at 11. Section C of the Response Argues that Section 184 gives individual grievants in the airline industry a right to "proceed to arbitration boards"; Section D of the Response is dedicated to arguing how the "Third and Sixth Circuits Have Correctly Explained that Individuals can Compel Access to Their System Boards Created Under 45 U.S.C. §184"; and Section E of the

---

[2] Plaintiff relies upon *Stevens v. Teamsters Local 2707, Airline, Aerospace & Allied Emp.*, 504 F. Supp. 332, 334, 335 (W.D. Wash. 1980), a non-persuasive decision from a district court where the CBA in question explicitly granted employees an individual right to process grievances. Here the CBA grants employees no such right.

[3] Plaintiff relies upon *Pratt v. United*, 468 F. Supp. 508, 513 (N.D. Cal. 1978) which is a duty of fair representation case out of a district court that dealt with the former employee's right to bring a DFR claim against employer and union and is unrelated to an individual's right to compel arbitration under the RLA.

UNION DEFENDANTS' REPLY – Page 3
Case No. 3:24-cv-00053-HRH

Response argues that barring[4] access to arbitration boards would violate the congressional intent of the RLA. See Response at 4-9. In making these arguments, Plaintiff cites the same body of cases referenced in the Complaint. The case law relied upon by Plaintiff is either not persuasive, not binding, or not appliable to airline employees.

### A. The RLA's Text Does Not Support an Individual Airline Worker's Right to Proceed to Arbitration Boards

Plaintiff contends that the language of Section 184 establishes the absolute right of an individual airline worker to proceed to arbitration because it contains similar language to Section 153, First. Section 153, First grants **railroad employees** a right to proceed individually to the *National* Railroad Adjustment Board ("NRAB").

Specifically, Plaintiff claims the phrases "between an employee" and "and a carrier" are identical in both Section 184 and Section 153, First. See Response at 5. Simply because both sections repeat those six words, Plaintiff argues that Section 153, First is analogous to Section 184. Plaintiff fails to cite binding or persuasive precedent that supports this argument.[5] See Response at 5-6. Plaintiff's argument is flawed.

As an initial matter, 45 U.S.C. §§181 and 182 explicitly state that Section 153 does not

---

[4] Union Defendants of course did not bar Plaintiff's access to an arbitration Board, a Board was seated prior to a settlement of Plaintiff's grievance.

[5] Plaintiff cites two cases which have been differentiated in the Defendant Unions' Motion to Dismiss. The Plaintiff first cites *Elgin Joliet,* 325 U.S. 711, a railroad case with no mention of Section 184 or airline workers. The Plaintiff then cites *Stevens,* 504 F. Supp. 332, that is non-binding because it is a Washington District Court decision and is non-persuasive as the facts are wholly different to the case at hand. In *Stevens*, the governing Collective Bargaining Agreement had a provision expressly allowing individual employees to process grievances which the District Court took into consideration when making its decision. *Stevens* 504 F. Supp. 332, at 335 (noting that "[g]iven the rights of the individual employees to participate at the initial levels of the grievance procedure, individual employees in some situations will be 'parties' entitled to submit matters to the System Board.").

UNION DEFENDANTS' REPLY – Page 4
Case No. 3:24-cv-00053-HRH

apply to air carriers. By asking the Court to read this individual right in Section 184, First, Plaintiff is effectively asking the Court to overlook express statutory exclusions. He also seeks to apply Section 153 to the airline industry, which has been rejected by Circuit Courts. *See Martin v. American Airlines, Inc.*, 390 F.3d 601, 609 (8th Cir. 2004) (refusing to hold that the RLA provides airline employees with a statutory right to pursue arbitration individually to an airline system board of adjustment and refusing to ignore the express statutory exclusions in Sections 181 and 182 to apply Section 153 to the airline industry).

Further, even if the Court were to impute Section 153's meaning onto the airline industry, Plaintiff is asking the Court to look at the wrong part of the Section. Section 153, First concerns the *National* Railroad Adjustment Board, which is not pertinent to airline employees because there is no NRAB equivalent in the airline industry. Instead, air carriers and unions must agree to a dispute resolution mechanism for minor disputes in collective bargaining through a board of adjustment established by the union and the employer under Section 184. 45 U.S.C. §184.

Section 153, Second is more analogous to Section 184. Section 153, Second pertains to system, group, or regional boards of adjustment for the railroad industry, and not NRAB. 45 U.S.C. §153. Further, Section 153, Second has been interpreted to mean that only a union (not an individual) may present grievance to an adjustment board. *See O'Neill v. Public Law Board No. 550*, 581 F.2d 692, 696 n.7 (7th Cir. 1978) (finding that "an individual employee has no right to bring a matter before a special adjustment board; only a rail carrier or the representative of any craft or class of employees are authorized by the statute to bring a matter before a special adjustment board."); *see also Brotherhood of*

*Locomotive Engineers v. Denver & W. Rio Grande R.R. Co.*, 411 F.2d 1115, 1118 (10th Cir. 1969) (agreeing that an individual could not invoke §153 Second to convene a special adjustment board). Consequently, if Section 153 is to be used to interpret Section 184, it is Section 153, **Second** that is relevant. A finding that the Union has the right to take disputes to an adjustment board, not an individual, is consistent with such an analysis.

### B. The Precedent Out of the Third and Sixth Circuits is Neither Persuasive Nor Binding

In Section D, Plaintiff argues that Circuit Courts are "split" as to whether Section 184 allows individuals to compel arbitration. Plaintiff claims the Third Circuit and the Sixth Circuit have held that Section 184 allows a grievant to compel arbitration and that the Fifth Circuit and the Eight Circuit have found that it does not. This Court should not ratify the Plaintiff's assertions. The cases Plaintiff references are not persuasive, not binding, and, not applicable to the airline industry.

Neither of the Third Circuit decisions Plaintiff cites, *Capraro* and *Miklavic*, are binding or persuasive on the present case.

In *Capraro*, the Third Circuit evaluated whether a probationary employee had **any grievance rights** under the CBA at all. *Capraro v. UPS Company*, 993 F.2d 328 (3rd Cir. 1993). The court also addressed whether Capraro could bring a state law claim or if the RLA mandated resolution under the grievance procedure. *Id.* The core issue did not relate to an individual's right to compel arbitration. Instead, the court addressed whether a probationary employee must use the grievance procedure. *Id.* Plaintiff's assertion that Capraro affirms the right to compel arbitration is misplaced.

*Miklavic* is also wholly distinguishable. That court dealt with a decertified union and **former union members**, whose dispute arose under an expired CBA that ripened after expiration. *See Miklavic v. USAIR Inc.*, 21 F.3d 551, 555 (3rd Cir. 1994). Although the Court held that an employee could pursue arbitration independent of a Union, it arose in a remarkably unique context. Further, the court only made reference to Section 153, First and did not mention Section 184. The *Miklavic* court's acknowledgment of an individual's access to arbitration without their union was specific to circumstances where the union had been decertified. This Court should not broaden *Miklavic* beyond those unique circumstances.

Finally, the *Kaschak* court found that the NRAB had exclusive jurisdiction over a dispute between a *rail* corporation and a discharged rail worker. *Kaschak v. Consolidated Rail Corp.*, 707 F.2d 902, 903-04 (6th Cir. 1983). That court did not hear a case brought by airline industry workers or analyze 45 U.S.C. §184. *Id.* It is unclear why Plaintiff cites this case as support for the fact that Section 184 establishes an individual's right to compel arbitration in the airline industry. *Id.*

### C. Plaintiff's Argument That Barring Individual Airline Employee Access to Arbitration Contradicts Congress's Intent in Enacting the RLA is Misleading

Plaintiff argues in Section E of the Response that barring his right to compel arbitration contradicts Congressional intent. He claims that Congress intended for minor disputes to be arbitrated and for employees to have a forum to present their grievances, citing *Kaschak* and *Capraro*. Plaintiff asserts that adopting the Fifth Circuit's reading of Section 184 would leave individuals with only federal court as the forum for redressing a hybrid claim.

However, Plaintiff misleads the Court on the issue at hand by conflating an individual's right to compel arbitration with an individual's right to access to the grievance procedure generally. The second issue is inapplicable.

**At no point** was Plaintiff denied access to the grievance procedure. In fact, Plaintiff was able to pursue his grievance up to arbitration. The dispositive question is whether Congress intended to grant workers in the airline industry the right to compel arbitration under Section 184.

Significantly, Congress explicitly excluded the airline industry from Section 153. Congress did not create an equivalent to the NRAB for disputes arising in the airline industry. In fact, 45 U.S.C. §181 states that "[a]ll of the provisions of subchapter I of this chapter except section 153 of this title are extended to and shall cover every common carrier by air engaged in interstate or foreign commerce."

Further, similar to other federal labor laws, Congress intended the RLA to foster collective bargaining and union-led dispute resolution, not to empower individual employees to bypass these mechanisms. Legislative history and judicial interpretations of the RLA reinforce that Congress intended the arbitration process to be controlled by unions. This allows unions to eliminate frivolous grievances, to settle grievances, to ensure consistent treatment of complaints, to isolate major interpretive issues, and to reinforce the union's exclusive representation.

As stated in *Pyzynski v. New York Cent. R. Co.*, 421 F.2d 854 (1970), allowing individual employees to compel arbitration would undermine this process, erode employer confidence in the union's authority, and revert individual grievants to independent, unsystematic

negotiation. If an RLA employee could compel arbitration, it would "destroy the employer's confidence in the union's authority and return the individual grievant to the vagaries of independent and unsystematic negotiation." *Mitchell v. Cont'l. Airlines, Inc.*, 481 F.3d 225, 232–33 (5th Cir. 2007) (quoting Vaca, 386 U.S. at 190).

Thus, bargaining unit employees, such as the Plaintiff, are subject to the union's discretionary power to settle (or even abandon[6]) a grievance, as long as the union does not act arbitrarily, discriminatorily, or in bad faith. *See Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057, 1061 (9th Cir. 1989) (holding that "unions are free to negotiate and accept settlements even without the grievants' approval.").

### 3. Conclusion

For the reasons stated in the Motion to Dismiss and further stated above, Plaintiff failed to establish a valid claim against the Defendants and the Complaint should be dismissed in its entirety with prejudice.

I certify that this memorandum contains 2,393 words, in compliance with the Local Civil Rules.

---

[6] Of course, Union defendants did **not abandon Plaintiff's grievance.**

RESPECTFULLY SUBMITTED this 26th day of July, 2024.

        BARNARD IGLITZIN & LAVITT LLP

        Sarah E. Derry, AK No.: 2006050
        **BARNARD IGLITZIN & LAVITT LLP**
        18 W Mercer St., Suite 400
        Seattle, WA 98119
        Tel: (206) 257-6021 | Fax: (206) 378-4132
        derry@workerlaw.com

        */s/ D. Marcus Braswell, Jr.*
        D. MARCUS BRASWELL, JR. (FL Bar #146160)
        *(Admitted pro hac vice)*
        mbraswell@sugarmansusskind.com
        SUGARMAN, SUSSKIND, BRASWELL
        & HERRERA, P.A.
        150 Alhambra Cir., Suite 725
        Coral Gables, Florida 33134
        Tel.: (305) 529-2801 | Fax: (305) 447-8115

        *Attorney for Defendant Teamsters Local Union 769*

        INTERNATIONAL BROTHERHOOD OF
        TEAMSTERS

        Emily K. Pantoja *(Admitted pro hac vice)*
        25 Louisiana Ave NW
        Washington, DC 20001
        Tel: 202-624-8710
        EPantoja@teamster.org

        *Attorney for Defendants International Brotherhood of Teamsters*

# CERTIFICATE OF SERVICE

I hereby certify that on the date noted, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court, District of Alaska, by using the CM/ECF system. Participants in this Case No. 3:24 cv 00053-HRH, who are registered CM/ECF users, will be served by the CM/ECF system.

| | |
|---|---|
| Mark Joseph Meeker<br>8 Deepwood Drive<br>Danbury, CT 06810<br>914-999-0559<br>mmeeker@ssmplaw.com<br><br>*Attorney for Plaintiff Jeremy Wood* | Lee Seham<br>Seham, Seham, Meltz & Petersen, LLP<br>199 Main Street, Ste Seventh Floor<br>White Plains, NY 10601<br>914-997-1346<br>ssmpls@aol.com<br><br>*Attorney for Plaintiff Jeremy Wood* |
| Sarah E. Josephson<br>Jermain, Dunnagan & Owens, P.C.<br>111 West 16th Avenue<br>Suite 203<br>Anchorage, AK 99501<br>907-563-8844<br>sjosephson@jdolaw.com<br><br>*Attorney for Plaintiff Jeremy Wood* | Connor R. Smith<br>STOEL RIVES LLP<br>510 L Street, Suite 500<br>Anchorage, AK 99501<br>Telephone: 907.277.1900<br>connor.smith@stoel.com<br><br>*Attorneys for Defendant Northern Air Cargo* |

Dated this 26th day of July, 2024.

                                              D. MARCUS BRASWELL, JR.