| | |
|---|---|
| CONNOR R. SMITH, Bar No. 1905046<br>STOEL RIVES LLP<br>510 L Street, Suite 500<br>Anchorage, AK 99501<br>Telephone: 907.277.1900<br>connor.smith@stoel.com<br><br>*Attorneys for Defendant Northern Air Cargo* | Sarah Pierce Wimberly<br>*(Admitted pro hac vice)*<br>FORD & HARRISON LLP<br>271 17th Street, NW, Suite 1900<br>Atlanta, GA 30363<br>Telephone: 404-888-3842<br>swimberly@fordharrison.com |

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEREMY WOOD,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS; TEAMSTERS LOCAL UNION 769; AND NORTHERN AIR CARGO,<br><br>    Defendants. | Case No. 3:24-cv-00053-SLG |

**DEFENDANT NORTHERN AIR CARGO'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff Jeremy Wood's *Response to Defendants' Motion to Dismiss* ("Plaintiff's Response") seems to orderly address each of Defendant Northern Air Cargo's (NAC's) arguments underpinning its Motion to Dismiss his Complaint. But the Response simply advances counterarguments made in the Third and Sixth Circuit cases Plaintiff primarily relies upon. Those cases are factually distinguishable – and significantly so. The First and Fifth Circuit decisions cited by

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-SLG     1

Defendant NAC in its opening brief align factually much more closely with the present case. Moreover, Plaintiff's Response did not directly address many of the substantive arguments Defendant NAC advanced in support of its Motion. Rather, it simply refers the Court to the Third and Sixth Circuit counterarguments. It is for these reasons, as discussed more fully below, and those outlined in Defendant NAC's opening brief that it urges the Court to grant it the relief it seeks.

## I. Plaintiff's Citation of Authority in Support of His Individual Statutory Right of Access Argument is Somewhat Misleading.

One of Plaintiff's primary arguments is that "federal courts have held that individual airline employees, like Wood, have an individual statutory right under the Railway Labor Act ("RLA") to access the grievance and arbitration process mandated by Section 184 of the RLA." Plaintiff's Response, p. 3. This is true, but only of *some* courts.

Plaintiff's implication that the Supreme Court has held as much is misleading. *Elgin Joliet & Eastern Railway Co. v. Burley et. al.*, 325 U.S. 711, 733 (1945), as the name implies, addressed *railroad* employees rights, not the rights of *airline* employees. Moreover, as Defendant NAC explained in its opening brief (Defendant NAC's Motion to Dismiss, p. 8), the Supreme Court has noted *in the railroad context* that the RLA is "somewhat more solicitous of individual rights" because it permits employees unsuccessful at the grievance level to "seek relief in their own right from the [NRAB]." See *Int'l Bhd. Of Elec. Workers v. Foust*, 442

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900    Fax 907.277.1920

U.S. 42, 49 n.11 (1979) (citing 45 U.S.C. §153, First (i)-(j)). So the citation is of limited value.

Further, as indicated in Defendant NAC's Motion, there is no consensus among circuit courts whether an airline employee has an individual statutory right to access the grievance and arbitration process under the RLA. *See* Defendant NAC's Motion to Dismiss, p. 11. Under distinguishable circumstances, the Third and Sixth Circuits have aligned with Plaintiff's argument. The First and Fifth Circuits have aligned more closely with the present case, however, under much more factually-similar circumstances. These points are discussed further below.

## II. Plaintiff's Statutory Text Argument Addresses None of Defendant NAC's Arguments Advancing a More Persuasive Construction.

In arguing for an individual statutory right of access to his system board, Plaintiff focuses on the similarity in textual construction between the National Railroad Adjustment Board ("NRAB") arbitration process found at 45 U.S.C. §153, First and the (airline) system board arbitration process found at 45 U.S.C. §184, as well as (once again) the Supreme Court's observations about an individual right of access to the NRAB. Defendant NAC acknowledged those similarities in its opening brief. *See* Motion to Dismiss, p. 8.

As Defendant NAC further explained, however, the system, group or regional (railroad) boards of adjustment created in §153, Second are more closely analogous in structure and in operation to the (airline) system board process than

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-SLG   3

the NRAB is. Defendant NAC devoted two pages of its opening brief (*see* Motion to Dismiss, pp. 9-10) to explaining these similarities. Plaintiff does not address any of these points, perhaps because he does not contest them. It is for *these reasons* that this Court should hold Plaintiff has no statutory right of access to his (airline) system board.

### III. Plaintiff's Primary Authority is Factually Distinguishable.

Plaintiff's Response suggests that this Court adopt the arguments advanced by the Third and Sixth Circuits in cases rejecting a statutory right of access to airline system boards. These cases have a common theme that is simply inapplicable to the instant case: the union failed to entertain the grievance, the union did not properly represent the plaintiff, or the plaintiff failed to exhaust his RLA remedies. None of that happened here. Unlike the plaintiffs in those cases, Plaintiff Wood *was not* denied access to the grievance process. His complaints were heard, his grievance was filed and processed, his case was appealed to the system board, and his claims were evaluated by Defendants while his arbitration hearing was pending. *See* Motion to Dismiss, p. 5. Simply put, Plaintiff's authority is clearly distinguishable.

Plaintiff's Response cites *Capraro v. UPS Company*, 993 F.2d 328 (3rd Cir. 1993), which focused on whether probationary pilots have the same access to their contract's grievance and arbitration provision as non-probationary pilots. *See* Plaintiff's Response, p. 10. In *Capraro*, the plaintiff was given the option to resign or be terminated days before the end of his probationary period. He was informed

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-SLG 4

by both his supervisor and his union representative that he had "no arbitration or grievance rights." *Id*. at 329. Capraro's union refused to hear his concerns, did not allow him to file a grievance, and did not engage in meaningful discussions with the company regarding his termination. In contrast, Plaintiff was not deprived of access to the grievance process. Instead, Defendant IBT listened to Plaintiff's concerns, filed a grievance on his behalf, and selected an arbitrator. IBT and NAC discussed Plaintiff's grievance, and a meaningful remedy was proffered. *See* Motion to Dismiss, p. 5. The two cases are simply not analogous.

Plaintiff also cites *Miklavic v. USAir, Inc*., 21 F.3d 551 (3rd Cir. 1994), which is also distinguishable. In *Miklavic*, airline fleet service employees chose to file a lawsuit rather than a grievance. *See* Plaintiff's Response, p. 3. These employees did not even give the grievance process an opportunity to function, but instead went directly to court for a remedy. *Id*. At 558. Unlike *Miklavic*, Plaintiff availed himself of the grievance process and turned to this Court only when he was apparently dissatisfied with the progress of his grievance. Thus, this case, too, is not comparable.

Lastly, Plaintiff cites another case, *Kaschak v. Consolidated Rail Corp*., 707 F.2d 902 (6th Cir. 1983), in which the plaintiff's grievance also was not processed or advanced to arbitration. *See* Plaintiff's Response, p. 3. There, the union failed to process the grievance in accordance with the deadlines set forth in the collective bargaining agreement. *Kaschak,* 707 F.2d at 903. Kaschak argued that, as a result

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-SLG     5

of the union's "breach of duty of fair representation, he lost the rights to have his grievance processed before the Board." *Id*. Here, Plaintiff has asserted no such claim. *And* his grievance was processed and advanced to arbitration, and Defendant IBT proffered a settlement. Again, this case is not analogous.

The issue before the Court is whether a union should be forced to arbitrate a grievance after the grievance has been substantially processed and a meaningful remedy negotiated. This issue is not addressed by the Third and Sixth Circuit cases advanced by Plaintiff. Rather, only the First and Fifth Circuits address this issue – and properly conclude that no such result should be mandated.

### IV. Plaintiff's Response Does Not Acknowledge the Striking Similarities, and Compelling Arguments, of the First and Fifth Circuits' Opinions.

The First and Fifth Circuit decisions cited extensively by Defendant NAC in its opening brief more closely align with the facts of Plaintiff's case. As here, those unions processed the plaintiffs' grievances, the grievances were denied in the initial stages, hearing dates were set, and the unions decided not to move forward based on the circumstances of the cases. These factual similarities make the First and Fifth Circuit decisions to deny the plaintiffs access to the grievance and arbitration system much more compelling.

In *Mitchell v. Continental. Airlines, Inc*., 481 F.3d 225 (5th Cir. 2007), the union, like IBT, heard the plaintiffs' complaints, filed a grievance on the plaintiffs' behalf, and attended preliminary meetings with the company regarding the matter.

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900   Fax 907.277.1920

As in Plaintiff's case, the grievances were denied during the initial grievance hearings. After the denial, the union made the decision not to move forward with the arbitration based on the results of the initial hearing. And, also like the present case, the CBA in *Mitchell* explicitly established the union as representative of the employees during the grievance process. The plaintiffs in *Mitchell*, like Plaintiff Wood, also did not claim the union breached its duty of fair representation.

The facts of *Bryan v. American Airlines, Inc.*, 988 F.3d 68 (1st Cir. 2021), are also strikingly similar. In *Bryan,* the union heard the employee's complaint, the union filed a grievance on his behalf, the grievance was denied, and the union subsequently withdrew the grievance based on the merits of the case. *Id.* at 73. The First Circuit found the processing of the grievance to be significant in observing that the plaintiff cited "no controlling authority" for an individual right to pursue a grievance where the "employee's certified representative has declined to pursue that grievance." *See* NAC's Motion to Dismiss, p. 12; *Bryan,* 988 F.3d at 73.

The factual similarities of these cases are not the only things that Plaintiff's Response ignores. It also fails to address the real concerns posed by the First and Fifth Circuits, namely the disastrous impacts on our labor relations systems of allowing individual access to the grievance and arbitration process without their unions. *See* Motion to Dismiss, pp. 11-13.

Instead of responding to the substance of Defendant's NAC's compelling argument, Plaintiff attacks the Fifth Circuit's *Mitchell* decision for relying on a

National Labor Relations Act ("NLRA") case, a case it argues is inapposite. *See* Plaintiff's Response, p. 7. The Fifth Circuit expressly rejected this argument, concluding,

> "Whether a CBA is established under the LMRA, NLRA, or RLA, its existence is premised on effectuating a key purpose behind federal labor statutes, viz., placing the interests of the group ahead of the interests of the individual employees."

*Mitchell,* 481 F.3d at 233. Although he advocates for a different result, Plaintiff cannot explain how the system would work otherwise.

Although it wholly ignores this compelling argument, Plaintiff's Response acknowledges one important fact: adopting the reasoning of the cases Defendant NAC has cited leaves individuals like Plaintiff with only one remedy: a duty of fair representation claim against the company and union. *See* Plaintiff's Response, p. 9. Plaintiff's point is not insignificant. Plaintiff is not remediless, as he earlier claims (s*ee id.*, p. 7) without the system board access he seeks. There is an alternate remedy here, and, significantly, Plaintiff chose not to pursue it.

**V.** **Plaintiff's Cursory Dismissal of *Bybee* Is Misplaced and Misleading.**

In an apparent attempt to divert the Court's attention from the significant district court ruling in *Bybee v. Intl. Bhd. of Teamsters*, No. 18-CV-06632-JD, 2022 WL 3031214 (N.D. Cal. Aug. 1, 2022), aff'd, No. 22-16280, 2023 WL 7381464 (9th Cir. Nov. 8, 2023), Plaintiff focuses on irrelevant details in the footnote of the case, rather than addressing the Court's analysis. Put simply, the number of paragraphs in the *Bybee* complaint, and the level of coordination between the parties in filing

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900   Fax 907.277.1920

motions to dismiss that complaint, have no bearing on the persuasiveness of the Court's reasoning.

The *Bybee* decision was issued by a Court within this jurisdiction, and its reasoning is clear. It plainly refused plaintiff's request to imply a private right of action against the carrier and union to enforce an asserted right to proceed to arbitration over the union's objection under 45 U.S.C. § 184. *Id.* at *4. Plaintiff has done little to challenge that conclusion.

## VI. CONCLUSION

Plaintiff's response to NAC's Motion to Dismiss refuses to properly analyze or even acknowledge the legal principles underpinning the significant authority that more closely aligns with the case at hand. Instead it focuses on irrelevant details in footnotes and factually distinguishable cases.

As the First and Fifth Circuits have correctly and compellingly concluded, there is simply no statutory right of access to an airline system board under 45 U.S.C. § 184. And as another court in this Circuit has observed, even if there was such a right of access, there is no private cause of action to enforce it.

For these reasons, Defendant NAC respectfully requests that this Court enter an Order dismissing Wood's Complaint.

DATED: July 26, 2024

FORD & HARRISON LLP

*/s/ Sarah Pierce Wimberly*
SARAH PIERCE WIMBERLY
*(Admitted pro hac vice)*

STOEL RIVES LLP

*/s/ Connor R. Smith*
CONNOR R. SMITH, Bar No. 1905046

*Attorneys for Defendant Northern Air Cargo*

# CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2024, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court, District of Alaska, by using the CM/ECF system. Participants in this Case No. 3:24-cv-00053-SLG, who are registered CM/ECF users, will be served by the CM/ECF system.

| | |
|---|---|
| Mark Joseph Meeker *(pro hac vice)*<br>8 Deepwood Drive<br>Danbury, CT 06810<br>mmeeker@ssmplaw.com<br><br>Sarah E. Josephson<br>Jermain, Dunnagan & Owens, P.C.<br>111 West 16th Avenue, Suite 203<br>Anchorage, AK 99501<br>sjosephson@jdolaw.com<br><br>Lee Seham *(pro hac vice)*<br>Seham, Seham, Meltz & Petersen, LLP<br>199 Main Street, Suite Seventh Floor<br>White Plains, NY 10601<br>ssmpls@aol.com<br><br>*Attorneys for Plaintiff* | Sarah Derry<br>Barnard Iglitzin & Lavitt LLP<br>18 West Mercer Street, Suite 400<br>Seattle, WA 98119<br>derry@workerlaw.com<br><br>*Attorneys for Defendants International Brotherhood of Teamsters and Teamsters Local Union 769*<br><br>Emily K. Pantoja *(pro hac vice)*<br>25 Louisiana Avenue NW<br>Washington, DC 20001<br>epantoja@teamster.org<br><br>*Attorneys for Defendants International Brotherhood of Teamsters*<br><br>D. Marcus Braswell, Jr. *(pro hac vice)*<br>Sugarman, Susskind, Braswell<br>& Herrera P.A.<br>150 Alhambra Circle, Suite 725<br>Coral Gables, FL 33134<br>mbraswell@sugarmansusskind.com<br><br>*Attorneys for Teamsters Local Union 769* |

*/s/ Connor R. Smith*
Connor R. Smith
124000365.1 0077069-00006

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-SLG     11