# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JEREMY WOOD,

    Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, *et al.*,

    Defendants.

Case No. 3:24-cv-00053-SLG

## ORDER ON MOTION FOR RECONSIDERATION

Before the Court at Docket 43 is a Motion for Reconsideration filed by the International Brotherhood of Teamsters ("IBT") and Teamsters Local Union 769 ("Local 769") (collectively, the "Unions"). The Court did not request a response from Plaintiff Jeremy Wood.[1] For the reasons set forth below, the Motion for Reconsideration is DENIED.

## BACKGROUND

To provide an abridged background on the relevant facts of this case, commercial air pilot Mr. Wood was terminated by Northern Air Cargo ("NAC") on April 25, 2022.[2] On May 6, 2022, Mr. Wood and IBT filed a grievance alleging that

---

[1] *See* Local Civil Rule 7.3(h)(3) ("No response to a motion for reconsideration may be filed unless requested by the court.").

[2] Docket 25-6 at 2.

the termination was without just cause.[3] On September 19, 2023, Local 769 sent a proposed settlement agreement to Mr. Wood, advising him that the agreement was "a most favorable resolution of an unwinnable case" and that it was unwilling to pursue arbitration on his behalf.[4]

On March 6, 2024, Mr. Wood initiated this action, which seeks an order compelling arbitration before an impartial System Board of Adjustment.[5] The Complaint alleges that airline employees have an individual statutory right under the Railway Labor Act, 45 U.S.C. §§ 151 *et seq.* ("RLA") to access arbitration, with or without the union as a party.[6]

The Unions and NAC each filed a motion to dismiss.[7] Both sets of defendants asserted that Mr. Wood does not have an individual statutory right under the RLA to compel arbitration, and thus that the Complaint failed to state a valid claim for relief.[8] On January 14, 2025, the Court denied both motions, finding that individuals have a statutory right to pursue arbitration pursuant to 45 U.S.C. § 184.[9]

---

[3] Docket 1 at ¶ 14.

[4] Docket 25-10 at 2; *see also* Docket 25-9 at 2–3.

[5] Docket 1 at 8.

[6] Docket 1 at ¶ 18.

[7] Docket 25; Docket 26.

[8] Docket 25 at 7; Docket 26 at 2.

[9] Docket 41 at 6–7. The Court's other basis for denying the motions to dismiss—the finding that there is a private cause of action under 45 U.S.C. § 184—is not at issue in the instant motion for reconsideration and thus the Court does not address it here. *See* Docket 26 at 16–21; Docket 41

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion for Reconsideration
Page 2 of 11
Case 3:24-cv-00053-SLG    Document 47    Filed 02/03/25    Page 2 of 11

On January 21, 2025, the Unions filed a Motion for Reconsideration, asserting that (1) the Court's holding that airline employees have an individual right to arbitration was manifest error of law; and (2) the Court manifestly erred in finding that Mr. Wood would be left without recourse absent an individual right to compel arbitration.[10]

## LEGAL STANDARD

Reconsideration requires a "showing of . . . manifest error of the law or fact; discovery of new material facts not previously available; or intervening change in the law."[11] A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."[12] Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[13]

## DISCUSSION

### 1. The Unions Have Not Shown Manifest Error of Law

The Unions assert that the Court's holding that airline employees have an individual right to arbitration pursuant to 45 U.S.C. § 184 was manifest error of law, and posit that reconsideration is warranted for several reasons.

---

at 17–20; *see generally* Docket 43.

[10] Docket 43 at 2, 4.

[11] Local Civil Rule 7.3(h)(1).

[12] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

[13] *Id.* (internal quotation marks omitted).

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion for Reconsideration
Page 3 of 11
Case 3:24-cv-00053-SLG    Document 47    Filed 02/03/25    Page 3 of 11

First, the Unions take issue with the Court's conclusion that Congress intended to "extend to carriers and their employees the same benefits and obligations available and applicable in the railroad industry."[14] The Unions maintain that this statement by the Court "disregards the plain text" of the RLA, which they maintain "(1) expressly excludes 45 U.S.C. §153 from airlines and (2) establishes a distinct arbitral scheme for airline employees."[15]

The Unions misinterpret the Court's prior statement. The Court's previous order explicitly acknowledges that "all of the provisions of the RLA except for § 153 and the NRAB were extended to cover air carriers" and that "[i]nstead, 45 U.S.C. § 184 directs air carriers and unions to establish their own boards of adjustment to arbitrate . . . 'minor disputes.'"[16] The language with which the Unions take issue—that Congress's "general aim was to extend to air carriers and their employees the same benefits and obligations available and applicable in the railroad industry"—is in fact a direct quote from the United States Supreme Court.[17] This Court relied on this language not to ignore the differences between the two overlapping statutory schemes, but rather to find that Congress likely intended to accord to

---

[14] Docket 43 at 2 (internal quotation marks omitted) (quoting Docket 41 at 13).

[15] Docket 43 at 2.

[16] Docket 41 at 5 (footnotes omitted).

[17] Docket 41 at 13 (internal quotation marks omitted) (quoting *Int'l Ass'n of Machinists, AFL-CIO v. Cent. Airlines, Inc.*, 372 U.S. 682, 685 (1963)).

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion for Reconsideration
Page 4 of 11
Case 3:24-cv-00053-SLG   Document 47   Filed 02/03/25   Page 4 of 11

airline employees the individual statutory right to pursue arbitration that it had accorded to railroad employees.[18]

Next, the Unions assert that the Court's reliance on *Elgin, Joliet & Eastern Railway Co. v. Burley* is misplaced.[19] The Unions contend that in that case, the Supreme Court "held only that awards issued by the NRAB are final as to employees only to the extent those employees had individual notice of and authorized representation in NRAB proceedings," and that "*Elgin* does not even suggest that the RLA grants employees the right to arbitrate a grievance before NRAB without union participation."[20] The Unions quote the following portion of a footnote in *Elgin*:

> To leave settlements in such cases ultimately to the several choices of the members . . . without regard to the effect upon the collective interest, would mean that each affected worker would have the right to choose his own terms and to determine the meaning and effect of the collective agreement for himself. Necessarily, the carrier would be free to join with him in doing so and thus to bargain with each employee for whatever terms its economic power, pitted against his own, might induce him to accept. The result necessarily would be to make the agreement effective, not to all alike, but according to whatever varied interpretations individual workers . . . might be willing to accept.[21]

---

[18] Docket 41 at 13.

[19] Docket 43 at 3 (citing 325 U.S. 711 (1945), *adhered to on reh'g*, 327 U.S. 661 (1946)).

[20] Docket 43 at 3.

[21] Docket 43 at 3 (quoting 325 U.S. at 737 n.35).

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion for Reconsideration
Page 5 of 11
Case 3:24-cv-00053-SLG   Document 47   Filed 02/03/25   Page 5 of 11

However, as the text of the Supreme Court's opinion and the balance of the footnote make clear, that footnote was addressing a situation quite dissimilar to the one presented here. The "such cases" referenced in the quoted portion of the footnote is referring to cases in which a dispute "concerns all members alike, and settlement hangs exclusively upon a single common issue or cause of dispute arising from the terms of a collective agreement."[22] Contrary to the Unions' assertion, the Supreme Court clearly held in *Elgin* that individual workers could pursue such grievances. But the Court declined to decide "whether or not the collective agent has rights, independently of the aggrieved employee's authorization, to act as representative of the collective interest" in such cases, although the Court suggested that where a "dispute concerns all members," to "exclude [the collective agent] from any voice whatever in [the collective bargaining agreement's] interpretation" could destroy the uniform application of the agreement.[23] This Court's previous order, however, does not exclude the union from participating in Mr. Wood's arbitration should it elect to do so; nor does Mr. Woods' dispute "concern all members alike" of the collective bargaining agreement. Rather, this Court's holding was simply that an individual airline employee may pursue arbitration on his own behalf when the union has stated that it does not want to be further involved.

---

[22] *Elgin*, 325 U.S. at 737.

[23] *Elgin*, 325 U.S. at 737 & n.35, 738.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion for Reconsideration
Page 6 of 11
Case 3:24-cv-00053-SLG    Document 47    Filed 02/03/25    Page 6 of 11

The Unions are correct in summarizing *Elgin*'s holding "that awards issued by the NRAB are final as to employees only to the extent those employees had individual notice of and authorized representation in NRAB proceedings." But they are incorrect in stating that "*Elgin* does not even suggest that the RLA grants employees the right to arbitrate a grievance before NRAB without union participation."[24] The Supreme Court's holding in *Elgin* is clear: An aggrieved railroad employee has the right to submit a grievance to the NRAB and to have an individual hearing before it.[25]

Next, the Unions posit that "[e]ven if *Elgin* could be so read [to encompass an individual right to pursue arbitration], its holding cannot extend to airline employees" because their "grievances are arbitrated through System Boards of

---

[24] *See* Docket 43 at 3.

[25] *See* 325 U.S. at 736 ("In the view we take the Act guarantees to the aggrieved employee more than merely the right to be heard by the union and the carrier. We cannot say that the terms of the proviso to Section 2, Fourth and of Section 3, First(j) are so limited. Moreover, Section 3, First (p) expressly states that the statutory suit to enforce an award in favor of an aggrieved employee may be brought by 'the petitioner,' presumably the collective agent, or by the employee. All of these provisions contemplate effective participation in the statutory procedures by the aggrieved employee.").

In addition to the clarity of the language itself, other courts within the Ninth Circuit have interpreted *Elgin*'s holding "to grant employees the statutory right individually to process . . . their grievances." *Stevens v. Teamsters Local 2707, Airline, Aerospace & Allied Emps.,* 504 F. Supp. 332, 334 (W.D. Wash. 1980)). Moreover, the Unions admitted as much in their initial motion to dismiss, in which they attempted to distinguish *Elgin* by saying that it was "a railroad case that found an individual had the right to access to the NRAB under Section 3, not an airline system board under Section 204." Docket 25 at 10.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion for Reconsideration
Page 7 of 11
Case 3:24-cv-00053-SLG   Document 47   Filed 02/03/25   Page 7 of 11

Adjustment."[26] The Unions again cite to a Seventh Circuit case that concluded that *Elgin*'s holding "does not extend to grievances arbitrable through a system board under 45 U.S.C. §153, Second."[27]

The Court previously rejected this argument, and it did not do so in error.[28] As the Court stated in its prior order, "while some courts have interpreted § 153 Second as requiring union involvement to convene special boards of adjustment for railroad employees, railroad employees have the option to pursue individual grievances at the NRAB, whereas 'airline employees do not have [the NRAB] to which they can resort.'"[29] As stated above, because Congress's "'general aim was to extend to air carriers and their employees the same benefits and obligations available and applicable in the railroad industry' . . ., it follows that Congress intended for airline employees to have an individual right to arbitration pursuant to § 184 as their railroad counterparts do pursuant to § 153 First."[30]

---

[26] Docket 43 at 3 & n.2. The Court notes here that to the extent the Unions are asserting that the Court wholesale applied the *Elgin* holding to airline employees, it did not do so. As stated in its previous order, the Court was "compelled by the Supreme Court's holding in *Elgin* to only 'submerge wholly the individual and minority interests . . . in the collective interest and agency' when '[t]he Act's provisions . . . require such a construction.'" Docket 41 at 11 (alterations in original) (quoting *Elgin*, 325 U.S. at 733–34). The Court applied this "framework from *Elgin* to its own analysis of the text of § 184 in finding that the provision embraces an individual's right to compel arbitration." Docket 41 at 12 n.49.

[27] Docket 43 at 3 (citing *O'Neill v. Pub. Law Bd. No. 550*, 581 F.2d 692, 696 n.7 (7th Cir. 1978)).

[28] *See* Docket 41 at 13.

[29] Docket 41 at 13 (alteration in original) (quoting *Pyles v. United Airlines*, 79 F.3d 1046, 1052 n.9 (11th Cir. 1996)).

[30] Docket 41 at 13 (first quoting *Int'l Ass'n of Machinists, AFL-CIO v. Cent. Airlines, Inc.*, 372 U.S. 682, 685 (1963); and then citing *Pyles*, 79 F.3d at 1052 n.9).

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion for Reconsideration
Page 8 of 11
Case 3:24-cv-00053-SLG     Document 47     Filed 02/03/25     Page 8 of 11

The Unions then assert that "in concluding that an individual right to compel arbitration through both a system board and the [National Air Transport Adjustment Board] NATAB exists for airline employees, the Court confers greater arbitral access to airline employees than to railroad employees."[31]  However, as the Unions note in the preceding paragraph of their motion, "the NATAB has never been created."[32]  The Court does not agree that hypothetical access to a board that does not exist confers greater arbitral access to airline employees.

At its core, this case presents a single issue on which there is a circuit split and on which the Ninth Circuit has not yet weighed in.  This Court made its determination, and Defendants are free to pursue their right to appeal to the Ninth Circuit.

## 2. The Unions Have Not Shown Manifest Error of Fact

The Unions next assert that "[t]he conclusion that Plaintiff would be left without recourse absent an individual right to compel arbitration under 45 U.S.C. §184 is manifest error of fact."[33] The Unions contend that the Court relied on the "erroneous assumption of 'remediless' employees" in finding an individual right of

---

[31] Docket 43 at 4.

[32] Docket 43 at 4.

[33] Docket 43 at 4.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion for Reconsideration
Page 9 of 11
Case 3:24-cv-00053-SLG   Document 47   Filed 02/03/25   Page 9 of 11

access to arbitration, which "overlooks the well-established duty of fair representation . . . claim that provides employees with a remedy."[34]

The Unions are correct that an individual may bring a claim for breach of the duty of fair representation in federal court.[35] But, as the Supreme Court has stated, Congress passed the RLA to promote stability in the railroad industry by "keep[ing] . . . 'minor' disputes within the [NRAB] and out of the courts."[36] Likewise, when the RLA was expanded to include airline carriers,[37] minor disputes within the airline industry were to be resolved by the §184 system boards of adjustment, not by the courts.[38] Thus, the Unions' claim that Mr. Wood could sue in federal court does nothing to assuage the concerns of the RLA drafters, who sought to ensure individual access to arbitration.

Moreover, there was no "error of fact" since the Court did not, as the Unions suggest, make any finding that Mr. Wood was otherwise "remediless." On the contrary, the Court stated that "Mr. Wood's Complaint is about his right to access an adjustment board pursuant to § 184, which he has not had the opportunity to

---

[34] Docket 43 at 4–5.

[35] See *Steele v. Louisville & Nashville R.R. Co.*, 323 U.S. 192 (1944); *Tunstall v. Bhd. of Locomotive Firemen & Enginemen, Ocean Lodge No. 76*, 323 U.S. 210 (1944)).

[36] *Union Pac. R.R Co. v. Sheehan*, 439 U.S. 89, 94 (1978).

[37] See *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 248 (1994) (citing Railway Labor Act of Apr. 10, 1936, ch. 166, 49 Stat. 1189 (codified at 45 U.S.C. §§ 181–88)).

[38] See *Capraro v. United Parcel Serv. Co.*, 993 F.2d 328, 331 (3d Cir. 1993).

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion for Reconsideration
Page 10 of 11
Case 3:24-cv-00053-SLG    Document 47    Filed 02/03/25    Page 10 of 11

do."[39] The cited language about "remediless" employees is a portion of a quote from the Third Circuit about the competing policy interests driving the relevant circuit split.[40] It was not a finding of fact related to the remedies available to Mr. Wood.

## CONCLUSION

For the reasons set forth above, the Motion for Reconsideration at Docket 43 is **DENIED**.

DATED this 3rd day of February, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[39] Docket 41 at 17.

[40] *See* Docket 41 at 14–15 (quoting *Capraro v. United Parcel Serv. Co.*, 993 F.2d 328, 336 (3d Cir. 1993).

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion for Reconsideration
Page 11 of 11
Case 3:24-cv-00053-SLG   Document 47   Filed 02/03/25   Page 11 of 11