Sarah E. Derry, AK No.: 2006050
BARNARD IGLITZIN & LAVITT LLP
18 W Mercer St, Suite 400
Seattle, WA 98119
Tel: (206) 257-6021
derry@workerlaw.com

*Attorney for Defendants International Brotherhood
of Teamsters and Teamsters Local Union 769*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEREMY WOOD,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS; TEAMSTERS LOCAL UNION 769; and NORTHERN AIR CARGO,<br><br>Defendants. | CASE NO. 3:24-cv-00053-SLG |

## DEFENDANT TEAMSTERS LOCAL UNION 769'S
## ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendant Teamsters Local Union 769's ("Local 769") and Defendant International Brotherhood of Teamsters ("IBT") (collectively "Union Defendants") by and through their attorneys, answers Plaintiffs' Complaint, sets forth Affirmative Defenses, and Counterclaims against Plaintiff Woods as follows:

UNIONS' ANSWER/DEFENSES/COUNTERCLAIM – Page 1
Case No. 3:24-cv-00053-SLG

BARNARD IGLITZIN & LAVITT LLP
18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

## SUMMARY[1]

1. Union Defendants admit the allegations of Paragraph 1.

## JURISDICTION AND VENUE

2. Union Defendants admit the allegations of Paragraph 2.

3. Union Defendants admit the allegations of Paragraph 3.

## PARTIES

4. Union Defendants admit the allegations of Paragraph 4.

5. Union Defendants admit the allegations of Paragraph 5.

6. Union Defendants admit the allegations of Paragraph 6.

7. Union Defendants admit the allegations of Paragraph 7.

8. Union Defendants admit the allegations of Paragraph 8.

9. Union Defendants admit the allegations of Paragraph 9.

10. Union Defendants admit the allegations of Paragraph 10.

11. Union Defendants admit the allegations of Paragraph 11.

## STATEMENT OF FACTS

12. Union Defendants admit the allegations of Paragraph 12.

13. Union Defendants deny that the Training Review Board ("TRB") is extra-contractual and denies that Plaintiff Wood's "performance deficiencies" were "unspecified." Union Defendants admit the rest of the allegations of Paragraph 13.

---

[1] Defendant includes these headings, which originated in Plaintiff's Complaint, solely for reference. To the extent the headings in Plaintiff's Complaint state any assertion of fact, Defendant denies them.

UNIONS' ANSWER/DEFENSES/COUNTERCLAIM – Page 2
Case No. 3:24-cv-00053-SLG

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

Case 3:24-cv-00053-SLG   Document 50   Filed 02/11/25   Page 2 of 11

14. Union Defendants admit that Plaintiff Wood and IBT representative Captain Eric Stolz filed a timely grievance. Union Defendants deny the rest of the allegations of Paragraph 14.

15. Union Defendants deny the allegations of Paragraph 15.

16. Union Defendants deny the allegations of Paragraph 16.

17. Union Defendants deny the allegations of Paragraph 17.

## COUNT 1
## FIRST OFFICER WOOD'S ENTITLEMENT TO A HEARING BEFORE THE SYSTEM BOARD

18. Union Defendants deny the allegations of Paragraph 18.

19. Union Defendants deny the allegations of Paragraph 19.

20. Union Defendants deny the allegations of Paragraph 20.

21. Union Defendants deny the allegations of Paragraph 21.

## PRAYER FOR RELIEF

Union Defendants deny that Plaintiff is entitled to any of the relief it prays for.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Union Defendants do not concede that any of the matters covered by the numbered defenses below is to be proven by Union Defendants. Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish its alleged damages. Union Defendants set forth the following defenses without assuming any burden of production or proof that it would not otherwise have.

UNIONS' ANSWER/DEFENSES/COUNTERCLAIM –
Page 3
Case No. 3:24-cv-00053-SLG

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

Case 3:24-cv-00053-SLG   Document 50   Filed 02/11/25   Page 3 of 11

2. Plaintiff fails to state a claim that would warrant any form of relief. Under the clear language of the Collective Bargaining Agreement ("CBA"), Plaintiff does not possess the contractual right to individually compel arbitration before the System Board of Adjustment created by Section 20 of the CBA.

3. Plaintiff fails to state any claim upon which relief may be granted. Plaintiff should not have an individual statutory right under the RLA to individually compel arbitration before the System Board of Adjustment using the procedures contractually created by Section 20 of the CBA.

4. Union Defendants respectfully requests that the Court dismiss with prejudice Plaintiff's Complaint against it in its entirety with prejudice and award it its reasonable costs, expenses, and any and all other relief the Court deems just and proper.

## COUNTERCLAIM

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a natural person with an address of P.O. Box 3525, Grapevine, TX 76099.

2. Plaintiff was employed by Defendant Northern Air Cargo, LLC ("NAC" or the "Employer") a commercial air carrier and corporation organized and existing under the laws of the state of Alaska with its headquarters in Anchorage, AK., and its administrative offices at 4510 Old International Airport Road, Anchorage, AK. 99502.

3. Defendant IBT is an unincorporated labor organization headquartered at 25

UNIONS' ANSWER/DEFENSES/COUNTERCLAIM – Page 4
Case No. 3:24-cv-00053-SLG

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

Case 3:24-cv-00053-SLG    Document 50    Filed 02/11/25    Page 4 of 11

Louisiana Avenue, N.W., Washington, D.C., 20001. IBT maintains an office in this district where it acts through its Anchorage Office located at 520 East 34th Avenue, Ste. 102, Anchorage, AK 99503.

4. Defendant Local 769 is an unincorporated labor organization located at 12365 West Dixie Highway, North Miami, FL 33161.

5. This is an action for declaratory judgment pursuant to Title 28, United States Code, §2201, for the purpose of determining a question of actual controversy between the parties, as more fully appears below.

6. Jurisdiction of this action is based on Title 28, United States Code, §1331 and Title 28, United States Code, §1332(a), there being diversity of citizenship between the parties.

## COUNTERCLAIMS AGAINST PLAINTIFF

## FACTS COMMON TO BOTH COUNTERCLAIMS

7. The Defendant Local 769 and the Employer duly negotiated and executed a Collective Bargaining Agreement entered into between the IBT Airline Division and NAC, that was in effect from July 24, 2018, through July 23, 2023 ("CBA").

8. Section 20 of the CBA establishes a System Board of Adjustment to hear "disputes that may arise under the terms of this Agreement when such disputes have been properly submitted to The Board by the Union, as provided in subsection 20.D." Section 20, CBA.

9. Subsection E of Section 20 of the CBA states that:

UNIONS' ANSWER/DEFENSES/COUNTERCLAIM –
Page 5
Case No. 3:24-cv-00053-SLG

18 WEST MERCER ST., STE. 400　BARNARD
SEATTLE, WASHINGTON 98119　IGLITZIN &
TEL 800.238.4231 | FAX 206.378.4132　LAVITT LLP

Case 3:24-cv-00053-SLG    Document 50    Filed 02/11/25    Page 5 of 11

> The Company and the Union shall be the only parties to a Board proceeding. The Company may be represented at Board hearings by such person or persons as it may choose and designate, and the Union may be represented by such person or persons as it may choose and designate. The Union shall designate who may present any arguments and evidence on behalf of a Grievant(s).

10. Plaintiff Wood contends that he has a statutory right to individually compel arbitration under 45 U.S.C. §184 for his contractual grievance to be heard.

11. Defendant Unions asserted that Plaintiff Wood does not have a statutory right to compel arbitration of his contractual grievance as set forth in its Motions to Dismiss.

12. The Court denied Defendant Unions' Motion to Dismiss, and held that airline employees, including Plaintiff Wood, had an individual statutory right under 45 U.S.C. §184 to compel arbitration. *See* Court's Order on Motion to Dismiss.

13. In its Order, the Court noted that it is "undisputed that Mr. Wood does not have the authority to compel arbitration under the terms of the Collective Bargaining Agreement ("CBA") between NAC and IBT. The CBA recognizes IBT 'as the duly designated and authorized representative' of NAC's pilots for the purposes of the RLA, and it establishes a System Board of Adjustment to decide disputes 'when such disputes have been properly submitted to The Board by the Union.'" Court's Order on Motion to Dismiss, p. 4-5.

**COUNTERCLAIM ONE – DECLARATORY JUDGMENT REGARDING THE ARBITRATION VENUE OR FORM AND PROCEDURES**

14. Union Defendants incorporate by reference and reaffirm paragraphs 7 through 13 in their entirety.

UNIONS' ANSWER/DEFENSES/COUNTERCLAIM –
Page 6
Case No. 3:24-cv-00053-SLG

18 WEST MERCER ST., STE. 400 **BARNARD**
SEATTLE, WASHINGTON 98119 **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132 **LAVITT LLP**

Case 3:24-cv-00053-SLG   Document 50   Filed 02/11/25   Page 6 of 11

15. Although Plaintiff Wood does not have a contractual right to compel arbitration under the CBA, the Complaint claims an individual right to compel arbitration before a System Board of Adjustment that is contractually established by the CBA.

16. Allowing Wood to individually compel arbitration before the System Board of Adjustment created by the CBA both violates the terms of the CBA and would assign contractual rights to Plaintiff Wood, who is not a party to the CBA.

17. The Union Defendants therefore seek a declaratory judgment from the Court that clarifies that although this Court has found that Wood has a statutory right to individually compel arbitration,[2] he does not have a contractual right to compel arbitration of his contractual grievance before a System Board of Adjustment formed by Section 20 of the CBA.

18. Instead, Plaintiff Wood must pursue this statutory right outside of the CBA, in a nonprecedential venue/forum pursuant to the American Arbitration Association's Employment Rules, thereby preserving the integrity and negotiated terms of the CBA and thereby avoiding an award in an arbitration of a meritless grievance that could potentially harm all members of the bargaining unit.

**COUNTERCLAIM TWO – DECLARATORY JUDGMENT AFFIRMING THE UNION'S FULL AND FAIR REPRESENTATION**

19. Union Defendants incorporate by reference and reaffirm paragraphs 7 through 13 in

---

[2] The Union reserves its right to appeal any decision relating to Plaintiff Wood's statutory right to access the Arbitration Board.

UNIONS' ANSWER/DEFENSES/COUNTERCLAIM –
Page 7
Case No. 3:24-cv-00053-SLG

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

Case 3:24-cv-00053-SLG   Document 50   Filed 02/11/25   Page 7 of 11

their entirety.

20. The Union Defendants assert that it has consistently and diligently represented Plaintiff Wood's interests during the grievance proceedings and even obtained a favorable resolution to his most recent grievance.

21. Plaintiff Wood's decision to proceed to arbitration with his own counsel is an individual decision that does not relate to or implicate in any way the Unions' total fulfilment of its duty to fairly represent Wood.

22. The Union Defendants seek a declaratory judgment affirming that it has fully and fairly represented Plaintiff Wood and that Plaintiff Wood's independent pursuit of arbitration waive immunizes the Union Defendants from any and all claims that they have violated their duties to fairly represent Plaintiff Wood.

## RELIEF SOUGHT

WHEREFORE, the Union Defendants respectfully request that this Court grant the following relief:

a) Enter judgment in favor of the Union Defendants on Counterclaim One, declaring that if Plaintiff Wood may individually proceed to arbitration, it must be conducted under the AAA Employment Rules, thereby preserving the negotiated terms of the CBA;

b) Enter judgment in favor of the Union Defendants on Counterclaim Two, declaring that the Union fully and fairly represented Plaintiff Wood and that his independent decision to seek arbitration through his own counsel precludes him

UNIONS' ANSWER/DEFENSES/COUNTERCLAIM –
Page 8
Case No. 3:24-cv-00053-SLG

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

Case 3:24-cv-00053-SLG    Document 50    Filed 02/11/25    Page 8 of 11

from claiming in the future that the Union failed to fairly represent him with respect to his pending contractual grievance;

c) Reserve for the Union Defendants its right to appeal any decision relating to the statutory right to access the Arbitration Board; and

d) Grant such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 11th day of February 2025.

BARNARD IGLITZIN & LAVITT LLP

*s/ Sarah E. Derry*
Sarah E. Derry, AK No.: 2006050
BARNARD IGLITZIN & LAVITT LLP
18 W Mercer St, Suite 400
Seattle, WA 98119
Tel: (206) 257-6021
derry@workerlaw.com

*Attorneys for Union Defendants*

SUGARMAN SUSSKIND BRASWELL & HERRERA, P.A.

D. Marcus Braswell *(Admitted pro hac vice)*
Veronica Ucros
SUGARMAN, SUSSKIND, BRASWELL & HERRERA, P.A.
150 Alhambra Circle, Suite 725
Coral Gables, FL 33134
Tel: (305) 529-2801
Fax: (305) 447-8115
VUcros@sugarmansusskind.com
MBraswell@sugarmansusskind.com

INTERNATIONAL BROTHERHOOD OF TEAMSTERS

UNIONS' ANSWER/DEFENSES/COUNTERCLAIM –
Page 9
Case No. 3:24-cv-00053-SLG

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

Case 3:24-cv-00053-SLG    Document 50    Filed 02/11/25    Page 9 of 11

Emily K. Pantoja *(Admitted pro hac vice)*
25 Louisiana Ave NW
Washington, DC 20001
Tel: 202-624-8710
EPantoja@teamster.org

*Attorneys for Union Defendants*

UNIONS' ANSWER/DEFENSES/COUNTERCLAIM –
Page 10
Case No. 3:24-cv-00053-SLG

18 WEST MERCER ST., STE. 400 **BARNARD**
SEATTLE, WASHINGTON 98119 **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132 **LAVITT LLP**

## CERTIFICATE OF SERVICE

I certify that on the date noted, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court, District of Alaska, by using the CM/ECF system. Participants in this Case No. 3:24 cv 00053, who are registered CM/ECF users, will be served by the CM/ECF system.

| | |
|---|---|
| Sarah P. Wimberly<br>FordHarrison LLP<br>271 17th Street, NW, Suite 1900<br>Atlanta, GA 30363<br>Phone: 404-888-3842<br>Fax: 404-888-3863<br>swimberly@fordharrison.com<br><br>*Attorneys for Defendant Northern Air Cargo* | Lee Seham<br>Seham, Seham, Meltz & Petersen, LLP<br>199 Main Street, Seventh Floor<br>White Plains, NY 10601<br>914-997-1346<br>ssmpls@aol.com<br><br>Mark Joseph Meeker<br>8 Deepwood Drive<br>Danbury, CT 06810<br>914-999-0559<br>mmeeker@ssmplaw.com<br><br>*Attorney for Plaintiff Jeremy Wood* |
| Sarah E. Josephson<br>Jermain, Dunnagan & Owens, P.C.<br>111 West 16th Avenue, Suite 203<br>Anchorage, AK 99501<br>Tel.: 907-563-8844<br>sjosephson@jdolaw.com<br><br>*Attorney for Plaintiff Jeremy Wood* | Connor R. Smith<br>STOEL RIVES LLP<br>510 L Street, Suite 500<br>Anchorage, AK 99501<br>Telephone: 907.277.1900<br>connor.smith@stoel.com<br><br>*Attorneys for Defendant Northern Air Cargo* |

Dated this 11th day of February 2025 in Seattle, WA.

*s/ Jennifer Fernando*
Jennifer Fernando, Paralegal

UNIONS' ANSWER/DEFENSES/COUNTERCLAIM – Page 11
Case No. 3:24-cv-00053-SLG

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

Case 3:24-cv-00053-SLG   Document 50   Filed 02/11/25   Page 11 of 11