CONNOR R. SMITH, Bar No. 1905046
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: 907.277.1900
connor.smith@stoel.com

*Attorneys for Defendant Northern Air Cargo*

Sarah Pierce Wimberly
*(Admitted pro hac vice)*
FORD & HARRISON LLP
271 17th Street, NW, Suite 1900
Atlanta, GA 30363
Telephone: 404-888-3842
swimberly@fordharrison.com

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900   Fax 907.277.1920

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

JEREMY WOOD,

        Plaintiff,

    v.

INTERNATIONAL BROTHERHOOD
OF TEAMSTERS; TEAMSTERS
LOCAL UNION 769; AND
NORTHERN AIR CARGO,

        Defendants.

Case No. 3:24-cv-00053-SLG

## DEFENDANT NORTHERN AIR CARGO'S
## ANSWER AND DEFENSES TO
## PLAINTIFF JEREMY WOOD'S COMPLAINT

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant Northern Air Cargo ("NAC"), by and through its undersigned legal counsel, hereby files its Answer and Affirmative Defenses to the Complaint for Declaratory and Injunctive Relief Under the Railway Labor Act (45 U.S.C. §§ 151, *et seq.*) ("Complaint") filed by Plaintiff Jeremy Wood ("Wood") as follows:

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-SLG      1

## SUMMARY

1.     NAC admits that Wood has filed this Complaint against it, the International Brotherhood of Teamsters ("IBT"), and Teamsters Local Union 769 ("Local 769") seeking declaratory judgment and injunctive relief under the Railway Labor Act (45 U.S.C. §§ 151, *et seq.*) ("RLA") in the form of an order compelling an arbitration hearing of Wood's contract grievance before a System Board of Adjustment for a ruling by a single neutral arbitrator.  Except as expressly admitted, NAC denies the allegations in paragraph 1 of the Complaint, and NAC expressly denies that Wood is entitled to such relief.

## JURISDICTION AND VENUE

2.     The allegations in Paragraph 2 of the Complaint are legal conclusions to which no response is required.  NAC expressly denies that this Court has jurisdiction over this action.

3.     The allegations in Paragraph 3 of the Complaint are legal conclusions to which no response is required.  NAC admits, however, that it does business within this judicial district.  NAC further admits that IBT and Local 769 are labor organizations.  To the extent any further response is required, except as expressly admitted, NAC denies the allegations in Paragraph 3 of the Complaint.

4.     NAC admits that Wood is a natural person and a commercial airline pilot who it hired.  NAC also admits that Wood held the position of First Officer prior to his discharge from its employment.  NAC further admits that, during his

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-SLG        2

employment, Wood belonged to a group of employees (pilots) that was represented by IBT. NAC further admits that Wood sought reinstatement to his position, though it denies Wood is entitled to such relief. NAC lacks knowledge or information sufficient to form a belief as to the truth of Wood's allegation in Paragraph 4 of the Complaint regarding his address and thus denies those allegations. Except as expressly admitted, and to the extent further response is required, NAC denies the allegations set forth in paragraph 4 of the Complaint.

5. NAC admits that Wood was at one point its employee. The remaining allegations in Paragraph 5 of the Complaint are legal conclusions to which no response is required.

6. NAC admits that IBT is a labor organization. NAC lacks knowledge or information sufficient to form a belief as to the truth of Wood's allegations in Paragraph 6 of the Complaint regarding IBT's incorporation status, the location of IBT's headquarters, whether IBT presently maintains an office in this District, and the location of any such office and thus denies those allegations.

7. NAC admits that IBT is the certified bargaining representative for its pilots. The remaining allegation in Paragraph 7 of the Complaint is a legal conclusion to which no response is required.

8. NAC admits that Defendant Local 769 is a labor organization. NAC lacks knowledge or information sufficient to form a belief as to the truth of Wood's

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900 Fax 907.277.1920

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-SLG          3

allegations in Paragraph 8 of the Complaint regarding Defendant Local 769's incorporation status and location and thus denies those allegations.

9. The allegations in Paragraph 9 of the Complaint are legal conclusions to which no response is required. NAC admits, however, that Defendant Local 769 represents various groups of employees in South Florida.

10. NAC admits that it is a commercial air carrier organized and existing under the laws of the state of Alaska with its headquarters in Anchorage, AK, and its administrative offices at 4510 Old International Airport Road, Anchorage, AK 99502. Except as expressly admitted, NAC denies the allegations in Paragraph 10 of the Complaint.

11. The allegations in Paragraph 11 of the Complaint are legal conclusions to which no response is required.

## STATEMENT OF FACTS

12. NAC admits that it first hired Wood in September of 2018. NAC further admits that Wood was based at the Miami International Airport when it terminated his employment effective May 15, 2020. NAC further admits that, in October 2021, it entered into an agreement with Wood, IBT, and Local 769 to settle Grievance Nos. 1001 and 1005, which were filed by Wood and IBT and contested (respectively) Wood's removal from pay status and the termination of his employment. That agreement prohibits NAC from disclosing its terms. Except as

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-SLG          4

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900   Fax 907.277.1920

expressly admitted and addressed herein, NAC denies the allegations in Paragraph 12 of the Complaint.

13.    NAC admits that, in April 2022, while Wood was based at Daniel K. Inouye International Airport, it terminated his employment for his failure to successfully complete training after providing him the opportunity to resign. Except as expressly admitted herein, NAC denies the allegations in Paragraph 13 of the Complaint.

14.    NAC admits that, on May 6, 2022, IBT representative Eric Stoltz sent a letter—with Wood copied—purporting to appeal the termination of Wood's employment and alleging that said termination was without just cause. Except as expressly admitted herein, NAC denies the allegations in Paragraph 14 of the Complaint.

15.    NAC denies that there were any "anomalies" in its treatment of Wood. NAC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint, including the authenticity of the purported email correspondence to IBT from attorney Gary L. Evans dated September 26, 2022 and thus denies those allegations. To the extent Paragraph 15 alleges Attachment A to the Complaint is evidence that NAC treated Wood in any anomalous, reckless, malicious, or otherwise improper manner, such allegation is denied. Furthermore, NAC expressly denies all the allegations set forth

*STOEL RIVES LLP*
*510 L Street, Suite 500, Anchorage, AK 99501*
*Main 907.277.1900    Fax 907.277.1920*

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-SLG         5

in Attachment A to the Complaint that pertain to NAC, its treatment of Wood, its treatment of other pilots, its operation, and its collective bargaining agreement.

16.    NAC lacks knowledge or information sufficient to form a belief as to the truth of Wood's allegations in Paragraph 16 of the Complaint regarding his and IBT's communications and thus denies those allegations.

17.    NAC lacks knowledge or information sufficient to form a belief as to the truth of Wood's allegation in Paragraph 17 of the Complaint regarding any communications between himself and IBT.  Except as expressly admitted, NAC denies the allegations in Paragraph 17 of the Complaint.

## COUNT 1

### First Officer Wood's Entitlement to a Hearing Before the System Board[1]

18.    The allegations set forth in Paragraph 18 of the Complaint are legal conclusions that require no response from NAC. To the extent any response is required, NAC admits that, in its Order issued in this case on January 14, 2025, the United States District Court for the District of Alaska held that individuals have a statutory right to pursue arbitration pursuant to 45 U.S.C. § 184.  NAC maintains, however, that the aforementioned Order was incorrectly decided and denies the allegation in Paragraph 18 of the Complaint that "[a]irline employees have an

---

[1] To the extent any of the headings in each of the Counts in Wood's Complaint can be construed as containing allegations of fact, NAC denies any and all such allegations.

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-SLG         6

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900   Fax 907.277.1920

individual statutory right under the RLA to access the grievance and arbitration process mandated by Section 184 of the RLA, with or without the certified union as a party." The cases cited in Paragraph 18 of the Complaint speak for themselves and require no response. Except as expressly admitted herein, NAC denies the allegations in Paragraph 18 of the Complaint.

19. The allegations set forth in Paragraph 19 of the Complaint are legal conclusions that require no response from NAC. To the extent any response is required, NAC admits that, in its Order issued in this case on January 14, 2025, the United States District Court for the District of Alaska held that individuals have a statutory right to pursue arbitration pursuant to 45 U.S.C. § 184. NAC maintains, however, that the aforementioned Order was incorrectly decided and denies the allegation in Paragraph 19 of the Complaint that "[a] Union has no authority to supplant an individual grievant's party status." The cases cited in Paragraph 19 of the Complaint speak for themselves and require no response.

20. The case cited in Paragraph 20 of the Complaint is a legal conclusion, speaks for itself and requires no response.

21. The case cited in Paragraph 21 of the Complaint is a legal conclusion, speaks for itself, and requires no response.

**PRAYER FOR RELIEF**

NAC denies the allegations contained in Wood's Prayer for Relief and its subparts set forth after Paragraph 21 of the Complaint, including, but not limited to,

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-SLG          7

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900    Fax 907.277.1920

subparts A through E. NAC denies that Wood is entitled to any relief whatsoever, including, but not limited to, the relief requested in the Prayer for Relief and its subparts.

## NAC'S AFFIRMATIVE AND OTHER DEFENSES

NAC submits the following affirmative and other defenses to the Complaint:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Court lacks authority and/or jurisdiction to grant and/or fashion the relief requested in this case.

### THIRD DEFENSE

The Complaint seeks relief that would require NAC to violate its obligations under the RLA.

### FOURTH DEFENSE

The Complaint is barred by the doctrine of accord and satisfaction.

### FIFTH DEFENSE

This Court lacks jurisdiction over this dispute.

### SIXTH DEFENSE

The Complaint seeks relief that would constitute an impermissible change in the status quo between NAC and IBT.

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-SLG          8

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900   Fax 907.277.1920

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900   Fax 907.277.1920

## SEVENTH DEFENSE

To the extent the Complaint seeks attorneys' fees and other costs and/or disbursements, such relief is not recoverable in this action, and even if it were, Wood is not entitled to such relief.

## EIGHTH DEFENSE

The Complaint is barred by the doctrines of unclean hands, estoppel, laches, and/or waiver.

## NINTH DEFENSE

NAC's actions were at all times taken in good faith and based on legitimate reasons.

## TENTH DEFENSE

Wood's action is frivolous, unreasonable, groundless, and/or brought in bad faith and for improper purposes, entitling NAC to recover attorneys' fees and other costs associated with the defense of this action.

## ELEVENTH DEFENSE

NAC has not breached or in any way repudiated any term(s) of the applicable collective bargaining agreement between itself and IBT.

## RESERVATION OF RIGHTS

NAC reserves the right to modify and supplement its defenses and to plead additional defenses as they become evident through discovery or investigation.

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-SLG                    9

DATED: February 11, 2025

FORD & HARRISON LLP

_/s/ Sarah Pierce Wimberly_

SARAH PIERCE WIMBERLY
_(Admitted pro hac vice)_

STOEL RIVES LLP

_/s/ Connor R. Smith_

CONNOR R. SMITH, Bar No. 1905046

_Attorneys for Defendant Northern Air Cargo_

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900  Fax 907.277.1920

# CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2025, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court, District of Alaska, by using the CM/ECF system. Participants in this Case No. 3:24-cv-00053-SLG, who are registered CM/ECF users, will be served by the CM/ECF system.

| | |
|---|---|
| Mark Joseph Meeker *(pro hac vice)*<br>8 Deepwood Drive<br>Danbury, CT 06810<br>mmeeker@ssmplaw.com<br><br>Sarah E. Josephson<br>Jermain, Dunnagan & Owens, P.C.<br>111 West 16th Avenue, Suite 203<br>Anchorage, AK 99501<br>sjosephson@jdolaw.com<br><br>Lee Seham *(pro hac vice)*<br>Seham, Seham, Meltz & Petersen, LLP<br>199 Main Street, Suite Seventh Floor<br>White Plains, NY 10601<br>ssmpls@aol.com<br><br>*Attorneys for Plaintiff* | Sarah Derry<br>Barnard Iglitzin & Lavitt LLP<br>18 West Mercer Street, Suite 400<br>Seattle, WA 98119<br>derry@workerlaw.com<br><br>*Attorneys for Defendants International Brotherhood of Teamsters and Teamsters Local Union 769*<br><br>Emily K. Pantoja *(pro hac vice)*<br>25 Louisiana Avenue NW<br>Washington, DC 20001<br>epantoja@teamster.org<br><br>*Attorneys for Defendants International Brotherhood of Teamsters*<br><br>D. Marcus Braswell, Jr. *(pro hac vice)*<br>Sugarman, Susskind, Braswell<br>& Herrera P.A.<br>150 Alhambra Circle, Suite 725<br>Coral Gables, FL 33134<br>mbraswell@sugarmansusskind.com<br><br>*Attorneys for Teamsters Local Union 769* |

*/s/ Connor R. Smith*
Connor R. Smith
127884460.1 0077069-00006

*Wood v. Int'l Brotherhood of Teamsters, et al.*
Case No. 3:24-CV-00053-SLG          11

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900   Fax 907.277.1920