Sarah E. Josephson
AK Bar No. 9705017
JERMAIN DUNNAGAN & OWENS, P.C.
111 W. 16th Avenue, Suite 203
Anchorage, AK 99501
Tel: (907) 563-8844
Fax: (907) 563-7322
Email: sjosephson@jdolaw.com

*Local counsel*

and

Lee Seham (pro hac vice pending)
NY Bar No. 2194306
Mark Meeker (pro hac vice pending)
NY Bar No. 4844536
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
199 Main Street, Seventh Floor
White Plains, NY 10601
Tel: (914) 997-1346
Email: lseham@ssmplaw.com
Email: mmeeker@ssmplaw.com

*Attorneys for Plaintiff Jeremy Wood*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEREMY WOOD, | CASE NO. 3:24-cv-00053-HRH |
| Plaintiff, | |
| v. | |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS; TEAMSTERS LOCAL UNION 769; and NORTHERN AIR CARGO, | |
| Defendants. | |

## PLAINTIFF WOOD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT

Plaintiff Jeremy Wood ("Plaintiff") hereby moves for summary judgment pursuant to Federal Rule of Civil Procedure 56, seeking a final order directing the Defendants to schedule a hearing before Northern Air Cargo Pilots System Board of Adjustment for the purpose of arbitrating all issues from the grievance, dated May 6, 2022, alleging that the termination of the Plaintiff by Defendant Northern Air Cargo ("NAC") violated the collective bargaining agreement ("CBA") between Defendant NAC and Defendants International Brotherhood of Teamsters (the "IBT") and Teamsters Local Union 769. ("Local 769").

Plaintiff further requests that the Court order that the System Board consist of a single neutral appointed by the American Arbitration Association ("AAA") and that the Plaintiff be awarded reasonable attorney's fees associated with this motion.

## I.

## UNDISPUTED FACTS

Plaintiff respectfully submits that the facts recited below are undisputed:

## A.     The Parties

Plaintiff is an airline pilot employed by NAC from September 2018 until his termination on April 25, 2022. (Wood Decl. ¶¶ 5, 9). During his employment with NAC, Plaintiff was an "employee" with the meaning of, and covered by, the RLA. 45 U.S.C. §§ 151, Fifth. (Complaint ¶ 5; Defendant IBT Answer ¶ 5; Wood Decl. ¶ 5).

Defendant IBT is an unincorporated labor organization. It is headquartered at 25 Louisiana Avenue, N.W., Washington, D.C., 20001. IBT maintains a presence in this district and acts through its Anchorage Office located at 520 East 34th Avenue, Ste. 102, Anchorage, AK 99503. (Complaint ¶ 6; Defendant IBT Answer ¶ 6; Wood Decl. ¶ 6).

PLAINTIFF WOOD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT
                                                                    Page 2 of 21
*Wood v. Int'l Brotherhood of Teamsters, et al., Case No.* 3:24-cv-00053-HRH
Case 3:24-cv-00053-SLG     Document 61     Filed 04/01/25     Page 2 of 21

Defendant IBT is the certified bargaining representative for the NAC pilots and a "representative" labor union subject to the provisions of the RLA.  45 U.S.C. §§ 151, Sixth; 181. (Complaint ¶ 7; Defendant IBT Answer ¶ 7; Wood Decl. ¶ 7).

Defendant Local 769 is an unincorporated labor organization.  It is located at 12365 West Dixie Highway, North Miami, FL 33161.  (Complaint ¶ 8; Defendant IBT Answer ¶ 8; Wood Decl. ¶ 8).

Local 769 represents South Florida Teamsters including NAC pilots from Orlando to Key West and is a "representative" within the meaning of Section 2, Fifth and Fourth respectively of the National Labor Relations Act, as amended, 29 U.S.C. § 152(5) and (4).  Local 769 represents employees in an industry affecting commerce within the meaning of Section 301(a) of the Labor Management Relations Act, 29 U.S.C. §185(a).  (Complaint ¶ 9; Defendant IBT Answer ¶ 9; Wood Decl. ¶ 9).  Defendant IBT and Defendant Local 769 will hereinafter be referred to collective as the IBT or "Union Defendants."

Defendant NAC is a commercial air carrier and corporation organized and existing under the laws of the state of Alaska with its headquarters in Anchorage, AK, and its administrative offices at 4510 Old International Airport Road, Anchorage, AK  99502.  (Complaint ¶ 10; Defendant IBT Answer ¶ 10; Defendant NAC Answer ¶ 10; Wood Decl. ¶ 10).

NAC is a "common carrier" by air, engaged in interstate or foreign commerce, and is subject to the provisions of the RLA.  45 U.S.C. §§ 151, First; 181.  (Complaint ¶ 11; Defendant IBT Answer ¶ 11; Wood Decl. ¶ 11).

PLAINTIFF WOOD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT
Page 3 of 21
*Wood v. Int'l Brotherhood of Teamsters, et al., Case No.* 3:24-cv-00053-HRH
Case 3:24-cv-00053-SLG    Document 61    Filed 04/01/25    Page 3 of 21

**B.      Relevant Facts**

During the Plaintiff's employment with NAC, the terms and conditions of his employment were governed by a collective bargaining agreement ("CBA") negotiated between NAC and the IBT.  (Wood Decl. ¶ 12 and Exhibit A).

NAC initially terminated Plaintiff's employment effective May 15, 2020, which the IBT and Plaintiff responded to with Grievance Nos. 1001 and 1005.  Rather than defend its actions before the arbitral body established by the CBA – referred to as the System Board – NAC entered into a settlement in October 2021 pursuant to which Plaintiff was reinstated with full seniority and a payment of $25,000.  (*Id*. at ¶ 13 and Exhibit B).  The Settlement Agreement identified three parties – NAC, the IBT, and Plaintiff – and was executed by the three parties.  *Id.*

On April 25, 2022, NAC terminated Plaintiff yet again based on a determination of a Training Review Board ("TRB") that he had exhibited unspecified "performance deficiencies." (*Id*. at ¶ 14 and Exhibit C).

On May 6, 2022, Plaintiff and IBT representative Captain Eric Stolz once again filed a timely grievance alleging that this second termination was also without just cause. (*Id*. at ¶ 15 and Exhibit D).

In accordance with the CBA, the May 6 grievance submitted the "matter for hearing before the NAC Pilots System Board of Adjustment."  The grievance asserted violations of the CBA, "including but not limited to the following Sections and subsections: Section 19, including but not limited to Section 19 B.1; Section 12, including but not limited to Sections 12.A.1, 3, 6, 12.C.6, 12.F, and 12.G.6; and all other Sections and subsections as may be applicable."  (*Id*. at ¶ 16 and Exhibit D).

PLAINTIFF WOOD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT
                                                                                Page 4 of 21
*Wood v. Int'l Brotherhood of Teamsters, et al., Case No.* 3:24-cv-00053-HRH
Case 3:24-cv-00053-SLG      Document 61      Filed 04/01/25      Page 4 of 21

The May 6 grievance was submitted to NAC pursuant to Section 19.B.20 of the CBA, which provides:

> If the Pilot or the Union is not satisfied with the Company's decision, the Union may, within twenty (20) Business Days after receipt of such a decision, make a written appeal to the NAC Pilots System Board of Adjustment, as provided in Section 20 (System Board of Adjustment).

(*Id*. at ¶ 17 and Exhibit A at 204).

On November 10, 2022, Plaintiff wrote an email to Local 769 Business Representative David Renshaw complaining that it had been six months since his termination and that he had no idea where the matter stood. Plaintiff told Mr. Renshaw that legal action was the "only resort" and invited him to consult with Plaintiff's private counsel, Gary Evans. (*Id*. at ¶ 18 and Exhibit E).

On January 23, 2023, Plaintiff received an email from Mr. Renshaw apologizing for the delay in processing his grievance, which delay Mr. Renshaw attributed to "health issues and some other family matters." Mr. Renshaw assured Plaintiff that, henceforth, the processing of his grievance would be a "top priority." (*Id*. at ¶ 19 and Exhibit F).

On May 30, 2023, Plaintiff received an email from Mr. Renshaw in which he, again, apologized for the delay in processing Plaintiff's grievance. Mr. Renshaw attached a "bio" for the arbitrator who had been selected to hear Plaintiff's case and stated: "their [sic] is a metodical [sic] process just in the rating & selection process of said arbitrator." Mr. Renshaw further stated that it was the "first week that I am back along with the Union lawyers" and that he would request an update from them. (*Id*. at ¶ 20 and Exhibit G).

Following May 30, 2023, Plaintiff made repeated efforts to obtain from Mr. Renshaw an update concerning his termination grievance without receiving a response. (*Id*. at ¶ 21).

PLAINTIFF WOOD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT
Page 5 of 21
*Wood v. Int'l Brotherhood of Teamsters, et al., Case No.* 3:24-cv-00053-HRH

Case 3:24-cv-00053-SLG     Document 61     Filed 04/01/25     Page 5 of 21

Deeply frustrated by the lack of communication from Mr. Renshaw, on September 4, 2023, Plaintiff emailed IBT attorney Stephanie Gae Spanja, asking her to contact his personal attorney, Gary Evans, regarding his arbitration case and advised her, in pertinent part:

> I was wrongfully terminated in April 2022 for the second time from Northern Air Cargo. I was never made whole for the first wrongful termination
>
> It has been sixteen months since the termination
> I believe there is no reason why the System Board - Arbitration has not occurred by now.

(*Id*. at ¶ 22 and Exhibit H). Ms. Spanja never responded to Plaintiff's correspondence.

On September 5, 2023, Plaintiff received an email from Mr. Renshaw stating that he was in receipt of Plaintiff's emails and that he "wanted to provide a professional apology" for the continuing delay. Mr. Renshaw promised a further response no later than September 8, 2023, to provide "a status update on your open case/discharge grievance." (*Id*. at ¶ 23 and Exhibit I).

In the absence of any further information from Mr. Renshaw, Plaintiff emailed him on September 11, 2023, complaining that he had been terminated for 16 months and that IBT was evidently not interested in representing him. Mr. Renshaw wrote back the same day stating: "Hi Mr. Wood, yes I got jammed up, will contact you this evening." (*Id*. at ¶ 24 and Exhibit J).

On September 15, 2023, Plaintiff emailed Mr. Renshaw reporting that he had both called him and emailed him several times during the week and advised that he preferred that any update Mr. Renshaw would provide him be in writing. Plaintiff also inquired whether the update Mr. Renshaw was to provide him concerned a date for a System Board hearing. (*Id*. at ¶ 25 and Exhibit K).

On September 18, 2023, Plaintiff received an email from Mr. Renshaw stating he would call Plaintiff that afternoon. He never did. (*Id*. at ¶ 26 and Exhibit L).

PLAINTIFF WOOD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT
Page 6 of 21
*Wood v. Int'l Brotherhood of Teamsters, et al., Case No.* 3:24-cv-00053-HRH
Case 3:24-cv-00053-SLG    Document 61    Filed 04/01/25    Page 6 of 21

By email dated September 18, 2023, Plaintiff advised Mr. Renshaw of his position that Plaintiff was owed $2,100,000 in salary by NAC plus additional monies for the defamation and harassment he had suffered. (*Id*. at ¶ 27 and Exhibit M).

On September 19, 2023, Plaintiff received an email letter from Mr. Renshaw advising that Local 769 had obtained a "favorable resolution of your grievance" that would provide him with a payment of $25,000 but not provide for his reinstatement. The letter concluded by stating: "Please find attached a settlement agreement and release, which again, you may review with outside counsel before signing." In fact, no settlement agreement was attached to the correspondence. (*Id*. at ¶ 28 and Exhibit O).

After receiving the email from Mr. Renshaw reporting a $25,000 settlement offer, Plaintiff contacted attorney Gary L. Evans. Mr. Evans instructed Plaintiff not to accept any such settlement and to have Mr. Renshaw, IBT attorney Marcus Braswell, or other responsible IBT attorney contact him (Mr. Evans). (*Id*. at ¶ 29).

In response to Mr. Renshaw's letter, dated September 19, 2023, Plaintiff spoke to Mr. Renshaw the same day by telephone. Plaintiff advised him that he refused the settlement and asked him to communicate with Mr. Evans concerning the further prosecution of his grievance before the System Board. (*Id*. at ¶ 30). After the teleconference of September 19, neither Plaintiff nor Mr. Evans received any communication from Mr. Renshaw or the IBT. (*Id*. at ¶ 31).

In December 2023, Plaintiff retained the law firm of Seham, Seham, Meltz & Petersen, LLP ("SSMP") to assist him in scheduling a termination arbitration hearing. On Plaintiff's behalf, on December 27, 2023, SSMP sent a letter to IBT Staff Attorney Stephanie Gae Spanja, with copies to IBT Business Agent David Renshaw, IBT attorney Marcus Braswell and NAC management representatives seeking the scheduling of an arbitration hearing to address Plaintiff's grievance.

PLAINTIFF WOOD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT                                                                          Page 7 of 21
*Wood v. Int'l Brotherhood of Teamsters, et al., Case No.* 3:24-cv-00053-HRH
Case 3:24-cv-00053-SLG     Document 61     Filed 04/01/25     Page 7 of 21

The letter advised that Plaintiff had never received a written settlement offer of his grievance and that, in any case, the reported $25,000 settlement offer was inadequate. The letter further stated:

> Due to the inequities of NAC's treatment of First Officer Wood, we presume that the IBT would be inclined to aggressively prosecute this grievance and defend the just cause standard applicable under Section 19.B of the CBA. If, however, the IBT has decided not to prosecute this grievance, we hereby advise you of First Officer Wood's determination to exercise his statutory rights under the Railway Labor Act (RLA) to present his case to the System Board with or without IBT representation.

(*Id*. at ¶ 32 and Exhibit P).

No representative of NAC ever responded to the SSMP letter of December 27, 2023. Following its letter of December 27, 2023, SSMP engaged in teleconferences and correspondence with the IBT legal representatives in an effort to schedule a termination arbitration before the System Board as requested. By email, dated February 8, SSMP wrote to IBT legal counsel:

> On January 26, 2024, we spoke concerning the attached letter transmitted to you on December 27 addressing Mr. Wood's request for access to the System Board.
>
> During, our conversation, you advised me to expect a written response from the IBT by the end of the following week. That week has come and gone and another is nearly over. In the interim, our calls to your office have not been returned.
>
> The matter is a simple one - whether the IBT and the Company will cooperate in scheduling an arbitration concerning Mr. Wood's termination or whether they will bar the gate in a manner that we consider to violate Mr. Wood's statutory rights under the Railway Labor Act, as detailed in our December 27 letter.
>
> We hope the IBT will confirm the former path. In any case, Mr. Wood is entitled to an answer.

(*Id*. at ¶ 33 and Exhibit Q).

On February 8, 2024, IBT legal counsel responded:

> Not intentionally avoiding this matter. The intended discussion of Mr. Wood's request did not occur due to a personal medical matter. I've been in meetings non-stop since 8a yesterday. The schedules of the reps of IBT, the Local and IBT's GC office are now being coordinated for our discussion.

PLAINTIFF WOOD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT
Page 8 of 21
*Wood v. Int'l Brotherhood of Teamsters, et al., Case No.* 3:24-cv-00053-HRH

Case 3:24-cv-00053-SLG    Document 61    Filed 04/01/25    Page 8 of 21

Please take note that the grievance was not withdrawn, but settled for a substantial payment of $25,000 due to the woeful infirmity of the case that would be presented at arbitration.

(*Id*. at ¶ 34 and Exhibit Q at 10).

On February 8, 2024, SSMP responded:

I am confused by this response. Mr. Wood has advised me that he never withdrew his grievance nor did he authorize the withdrawal of his grievance by the IBT for $25,000 or any other sum. He further advises that he never signed a settlement agreement or received the payment you referred to.

Please advise if your email below should be understood by us to constitute a refusal by the IBT to arrange for the arbitration of this matter.

(*Id*. at ¶ 35 and Exhibit Q at 9).

Again, on February 8, 2024, IBT counsel responded:

I will advise you after the discussion with the multiple parties to whom 12/27 letter was addressed as to whether the Union will arrange for arbitration.

My recitation of what transpired as to the $25K settlement is only to illustrate that the grievance is not withdrawn, one of the factors in the cases cited in your letter.

(*Id*. at ¶ 36 and Exhibit Q at 8).

Due to the continuing delay in receiving a definitive response from the IBT, by email dated

February 21, 2024, SSMP sent IBT a draft complaint to initiate the instant matter and advised:

As indicated by the attached, we have commenced our preparations for a lawsuit against the IBT and NAC. I hope such an action will not be necessary -- all First Officer Wood is asking for is an opportunity to arbitrate his cause …. Indeed, I cannot understand why the Union would oppose his objective in view of the case law holding that it is his statutory right.

Once we finalize the complaint and retain local counsel, we will proceed if the IBT chooses to bar his access to the System Board.

I respectfully request again whether you will accept service of process. Please also advise of your position whether Local 769 would be considered exclusively responsible for the decision to bar First Officer Wood's access to the System Board or whether that is a decision jointly made by the International.

PLAINTIFF WOOD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT                                                                                   Page 9 of 21
*Wood v. Int'l Brotherhood of Teamsters, et al., Case No.* 3:24-cv-00053-HRH
Case 3:24-cv-00053-SLG     Document 61     Filed 04/01/25     Page 9 of 21

(*Id*. at ¶ 37 and Exhibit Q at 3).

IBT responded two days later, by email dated February 23, 2024:

> Though I am not authorized to accept service, it may not be necessary. I'll have a final response for you early next week. Have a good weekend.

(*Id*. at ¶ 38 and Exhibit Q at 2).

It was not until March 2, 2024, that IBT counsel advised that the IBT was declining to proceed with the arbitration of Plaintiff's termination grievance on the basis of a "settlement agreement" that was never delivered to Plaintiff and which, of course, he never signed. (*Id*. at ¶ 39 and Exhibit R).

Under the CBA, the System Board is empowered to render "a final and binding decision on a dispute," including any disputes related to pilot discipline. (*Id*. at ¶ 42 and Exhibit A at 206, Section 20.B.3).

With respect to the composition of the System Board, the CBA provides in pertinent part:

> The Board shall be comprised of three (3) members ("Board Members",) one (1) of whom is chosen by the Union, one (1) of whom is chosen by the Company and one (1) of whom is a neutral Arbitrator, selected as provided in subsection 20.CB.2. [sic] and who is the Neutral Board Member; provided, the parties may mutually agree to have the Grievance heard before the Neutral Board Member only.

(Id at ¶ 43 and Exhibit A at 206, Section 20.B.1).

In view of the established hostility of both NAC and the Union Defendants, the submission of Plaintiff's grievance to a System Board on which NAC and Union representatives constituted a majority would render his statutory right of access to a System Board a futility. For that reason, Plaintiff requests that this Court order that his termination grievance be conducted pursuant to the provision in Section 20.B.1 permitting that it be "heard before the Neutral Board Member only." (Id at ¶ 44 and Exhibit A at 206, Section 20.B.1).

## II.

PLAINTIFF WOOD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT                                                                                     Page 10 of 21
*Wood v. Int'l Brotherhood of Teamsters, et al., Case No.* 3:24-cv-00053-HRH

## COURSE OF PROCEEDINGS

Plaintiff filed the instant action on March 6, 2024 (Doc. 1). On June 13, 2024, NAC and the Union Defendants filed substantially similar motions to dismiss asserting that, under the Railway Labor Act, the Plaintiff had no statutory right of access to the NAC Pilots System Board of Adjustment. (Doc. 25 and Doc. 26). On January 14, 2025, the Court denied both motions to dismiss and affirmatively found that the Plaintiff "has a statutory right to pursue arbitration." (Doc. 41 at 25).

On January 21, 2025, the Union Defendants filed a Motion for Reconsideration of the Court's order deny the Defendants' motions to dismiss. (Doc. 43). On February 3, 2025, the Court denied the Union Defendants' Motion for Reconsideration. (Doc. 47).

On March 19, 2025, the Court ordered discovery stayed pending further order of the Court and directed Plaintiff to file a motion for summary judgment, or motion to stay this case, on or before April 18, 2025. (Doc. 60).

## III.

## LEGAL STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(a) directs a court to grant summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."

The burden of showing the absence of a genuine dispute of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). If the moving party meets this burden, the non-moving party must present specific factual evidence demonstrating the existence of a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

PLAINTIFF WOOD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT                                                      Page 11 of 21
*Wood v. Int'l Brotherhood of Teamsters, et al., Case No.* 3:24-cv-00053-HRH
Case 3:24-cv-00053-SLG    Document 61    Filed 04/01/25    Page 11 of 21

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris,* 550 U.S. 372, 380, (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-587 (1986)). If the evidence provided by the non-moving party is "merely colorable" or "not significantly probative," summary judgment is appropriate. *Anderson,* 477 U.S. at 249-50, 255.

The non-moving party may not rely on mere allegations or denials. *Id.* at 248-49. Also, the non-movant must demonstrate that enough evidence supports the alleged factual dispute to require a finder of fact to make a determination at trial between the parties' differing versions of the truth. *Id.* at 248-49 (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S. Ct. 1575, 20 L. Ed. 569 (1986). The evidence provided must be such "that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248.

## IV.

## ARGUMENT

**A. UNDER THE RAILWAY LABOR ACT, TERMINATION GRIEVANCES ARE SUBJECT TO EXCLUSIVE JURISDICTION OF MANDATORY SYSTEM BOARDS OF ADJUSMENT**

Plaintiff's contract grievance unquestionably raises a "minor dispute" under the RLA because it requires the interpretation of the applicable CBA. *Consolidated Rail Corp. v. Ry. Labor Exec. Ass'n,* 491 U.S. 299, 302-07 (1989) (hereinafter *"Conrail")*. His grievance dated May 6, 2022, asserts, *inter alia*, that NAC terminated him without "just cause," which is prohibited under Section 19.B.1 of the CBA. (Wood Decl. Exhibit A - Section 19.B.1 and Exhibit D). The May 6 grievance satisfied the CBA's requirement of being filed within twenty (20) business days of the termination decision dated April 25, 2022. (Wood Decl. Exhibits A – Section 19.B.20, Exhibit C and Exhibit D).

PLAINTIFF WOOD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT
Page 12 of 21
*Wood v. Int'l Brotherhood of Teamsters, et al., Case No.* 3:24-cv-00053-HRH

Case 3:24-cv-00053-SLG    Document 61    Filed 04/01/25    Page 12 of 21

When previously terminated, the Plaintiff resolved his grievance by accepting and signing a tri-partite Settlement Agreement with NAC and the Union Defendants resolving the grievance brought by "Wood and the IBT." (Wood Decl. Exhibit B). With respect to the grievance concerned in the instant case, Plaintiff has never received, much less accepted and signed, a settlement agreement. (Wood Decl. ¶ 28).

"Under the RLA, employee grievances regarding termination are categorized as minor disputes and are to be resolved by arbitration." *Robinson v. Union Pac. R.R.*, 245 F.3d 1188, 1191 (10th Cir. 2001) (citing *Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 322-23, (1972). *See also Bhd. of Maint. of Way Employes Div./IBT v. BNSF Ry., Inc.,* 834 F.3d 1071, 1078 (9th Cir. 2016) (dispute over whether termination was "unjust" constituted a minor dispute subject to mandatory arbitration). Indeed, any dispute requiring the interpretation of contractual language is within the exclusive jurisdiction of RLA-mandated System Boards of Adjustment. *Conrail,* 491 U.S. at 302-07.

## B. THE COURT CORRECTLY HELD THAT PLAINTIFF HAS A STATUTORY RIGHT OF ACCESS TO THE SYSTEM BOARD

The Court has already held in this case that the Plaintiff "has a statutory right to pursue arbitration." (Doc. 41 at 25). The Court's determination in this regard is amply supported by existing federal precedent. *Elgin Joliet & Eastern Railway Co. v. Burley et al.*, 325 U.S. 711, 733 (1945) (individual employee's rights are statutory rights, which he may exercise independent of the union); *Capraro v. UPS Company*, 993 F.2d 328, 336 (3d Cir. 1993) ("It necessarily follows that an employer and a union, through a negotiated collective bargaining agreement, cannot deprive a category of employees of access to grievance and arbitration process"); *Miklavic v USAir, Inc*, 21 F.3d 551 (3d Cir. 1994) (concluding that airline employees are entitled to proceed to arbitration on their own behalf); *Kaschak v. Consolidated Rail Corp.*, 707 F.2d 902, 909-910 (6th

PLAINTIFF WOOD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT
Page 13 of 21
*Wood v. Int'l Brotherhood of Teamsters, et al., Case No.* 3:24-cv-00053-HRH

Case 3:24-cv-00053-SLG     Document 61     Filed 04/01/25     Page 13 of 21

Cir. 1983); *Cunningham v. United Airlines, Inc*., 2014 U.S. Dist. LEXIS 13414, *12-13 (N. Dist. Ill. Feb. 4, 2014); *Santiago v. United Airlines, Inc*., 969 F. Supp. 2d 955 (N. Dist. Ill. Aug. 22, 2013).

Moreover, the Union Defendants had no authority to supplant the Plaintiff's party status. *Stevens v. Teamsters Local 2707*, 504 F. Supp. 332, 336 (W.D. Wash. 1980) (finding that the union's withdrawal of individual grievances was in reckless disregard of the statutory rights of the plaintiffs to pursue their own grievances); *Smyj v. Consolidated Rail Corp*., 1986 U.S. Dist. LEXIS 29876 (S.D.N.Y. 1986); *Pyles v. United Air Lines, Inc*., 79 F.3d 1046, 1052, n.9 (11th Cir. 1996) ("individual airline employees *are* entitled to convene special boards of adjustment as a matter of statutory right"); *Pratt v. United Air Lines, Inc*., 468 F. Supp. 508, 513 (N.D. Cal. 1978) (under the RLA, "the Union does not have exclusive control over grievances").

As they had in the past, NAC and the Union Defendants sought Plaintiff's consent to a tri-partite settlement agreement pursuant to which he would relinquish his contractual claims. Plaintiff has never received, much less accepted and signed, a settlement agreement. (Wood Decl. ¶ 28). As a matter of law, there is no basis for withholding from the Plaintiff his statutory right to have his grievance heard before a System Board.

**C.  IN VIEW OF THE JOINT HOSTILITY OF NAC AND THE UNION DEFENDANTS TO THE PLAINTIFF'S STATUTORY AND CONTRACTUAL RIGHTS, ANY COURT ORDER SHOLD INCLUDE A MANDATE THAT THE HEARING BE HEARD BEFORE A SINGLE NEUTRAL ARBITRATOR**

With respect to the composition of the System Board, the CBA provides in pertinent part:

The Board shall be comprised of three (3) members ("Board Members",) one (1) of whom is chosen by the Union, one (1) of whom is chosen by the Company and one (1) of whom is a neutral Arbitrator, selected as provided in subsection 20.CB.2. [sic] and who is the Neutral Board Member; provided, the parties may mutually agree to have the Grievance heard before the Neutral Board Member only.

PLAINTIFF WOOD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT                                                                              Page 14 of 21
*Wood v. Int'l Brotherhood of Teamsters, et al., Case No.* 3:24-cv-00053-HRH
Case 3:24-cv-00053-SLG    Document 61    Filed 04/01/25    Page 14 of 21

(Wood Decl. Exhibit A at 206, Section 20.B.1).  The three-person Board composition presumes

that labor and management will assume contrary positions in the case and that the "tie" is broken

by the neutral arbitrator.  In the instant matter, however, a Board so composed could not render a

final and binding decision comporting with the due process requirements of the RLA.  *Edwards v.*

*Capital Airlines, Inc*., 176 F.2d 755 (D.C. Cir.), *cert. denied*, 338 U.S. 885, 70 S. Ct. 186 (1949);

*Wells v. Southern Airways*, 616 F.2d 107 (5th Cir. 1980), *cert. denied*, 449 U.S. 862 (1980)

("Arbitration is a quasi-judicial function, and we have construed the Railway Labor Act to require

proceedings before System Boards of Adjustment to comport with due process. Bias or hostility

on the part of any member of a System Board sufficient to amount to a denial of due process in the

arbitration is sufficient to invalidate an award by that Board.") (internal citations omitted); *Brady*

*v. TWA*, 401 F.2d 87, 92 (3d Cir. 1968) ("It is simply repugnant to our standards of fundamental

fairness and totally unrealistic to require an employee to submit a dispute he has with his

bargaining agent for final determination to persons selected by and representing the bargaining

agent.").

  The D.C. Circuit's *Edwards* decision is particularly apposite.  In that case, the court held it

had jurisdiction to review a System Board award where the union had aggressively opposed the

position of two pilot-grievants who were non-members.  The two pilots served in the U.S. military.

Upon discharge from the military, they returned to employment with the airline and were reinstated

on the pilots' seniority list with seniority dating back in each case to the date of original

employment.  The union appealed the matter to a four-person System Board, composed of two

company representatives and two union representatives, which decided to reduce the pilots'

seniority.

PLAINTIFF WOOD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN
SUPPORT                                                                                          Page 15 of 21
*Wood v. Int'l Brotherhood of Teamsters, et al., Case No.* 3:24-cv-00053-HRH
Case 3:24-cv-00053-SLG    Document 61    Filed 04/01/25    Page 15 of 21

The D.C. Circuit held that, under these circumstances, the decision of the System Board was not final and binding. The court posed the issue in the following manner:

> So our question is whether the decision of this System Board, constituted as it was, was final and binding upon these minority employees, non-members of the union, when the union itself was actively an adversary party.

*Id*. at 759-60. According to the court, where the union is aggressively presenting the interests of one group of employees and the company has no stake in the outcome, impartiality can hardly be conclusively presumed. *Id*. Under these facts, the court held that the award should be subject to judicial examination because "the making of the award was in the hands of [the pilots'] active adversaries." *Id*. at 759.

Given that the Union Defendants have demonstrated hostility to the merits of Plaintiff's grievance, have unlawfully blocked his access to the Board, and that NAC has condoned the same unlawful conduct, only a Board composed of a single neutral arbitrator will accomplish the RLA's purpose in this particular case. Nor can there be any prejudice to either defendant with respect to such relief because both would remain at liberty to participate in the hearing through partisan advocates on issues properly before the Board. Indeed, the applicable CBA provides a System Board composed of a single neutral arbitrator as an acceptable alternative to a three-person Board. (Wood Decl. Exhibit A at 206, Section 20.B.1).

## D.    PLAINTIFF SEEKS ATTORNEY'S FEES ARISING FROM THIS MOTION

The parties to this action had an obligation to attempt in good faith to agree on a discovery plan appropriate to the case. Fed. R. Civ. P. 26(f)(2). Based on the following facts, Plaintiff submits that the Defendants have engaged in gamesmanship for the purpose of needlessly extending this litigation and exhausting the Plaintiff's resources:

PLAINTIFF WOOD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT                                                                Page 16 of 21
*Wood v. Int'l Brotherhood of Teamsters, et al., Case No.* 3:24-cv-00053-HRH

Case 3:24-cv-00053-SLG    Document 61    Filed 04/01/25    Page 16 of 21

- On January 27, 2025, in the aftermath of the Court's denial of the Defendants' motions to dismiss, Plaintiff's counsel proposed that the parties agree to expeditiously schedule a System Board arbitration. (Seham Decl. Exhibit A at 15-16).

- On February 4, NAC counsel advised that her client "needed to discuss the matter internally" before making a final decision. *Id*. at Exhibit A at 12-13.

- On February 5, Plaintiff's counsel requested, in furtherance of the parties' shared obligation to a Rule 26 report, that "both IBT and NAC advise by this Friday, February 7 what material facts they consider to be in dispute and what discovery they believe is required." *Id*. at Exhibit A at 10.

- On February 5, 2025, NAC counsel rejected Plaintiff's request to proceed to arbitration and advised of NAC's position that the Court's decision "must be corrected on appeal." With respect to the parties' Rule 26 obligations, NAC counsel stated: "I would like to see if the parties can agree on a statement of material and undisputed facts that obviates the need for discovery. If you are not able to prepare a proposed list of undisputed facts, Marcus or I can probably take the lead on that." *Id*. at Exhibit A at 9-10.

- On February 5, Plaintiff counsel responded: "Thank you for your response Sarah. Under the circumstances, yes, I would ask you to take the lead in terms of proposing a list of undisputed facts. As I have stated, the plaintiff believes the relevant undisputed facts are contained in the complaint." Plaintiff further stated: "if there is [a] shared goal of avoiding discovery, please consider whether this case should be certified for appeal." *Id*. at Exhibit A at 8-9.

- On February 12, Plaintiff counsel email to the Defendants' counsel: "I have quickly read the NAC's answer and counterclaim. I am unable to discern from this reading any material disputed fact that would require discovery or alter the district court's determination, in the context of the defendants' motion to dismiss, that plaintiff has a statutory right to proceed with his arbitration." Plaintiff counsel reiterated his offer "to certify the question of statutory access to the System Board for appeal and otherwise settle the case." *Id*. at Exhibit A at 7-8.

- In the same February 12 email, Plaintiff's counsel again asked for the identification of any disputed material facts: "If the defendants are not interested in such an approach, I would ask the 'follow up' referenced in your February 5 email in terms of providing our side a draft of material and undisputed facts so that we can determine if any discovery is required. As previously stated, plaintiff does not currently see the need for any discovery." *Id*. at Exhibit A at 8.

- On February 21, NAC counsel wrote: "I don't have any indication in my file that the grievance was withdrawn. But I note that the parties have yet conducted any discovery on this point, and I also have not asked my client to investigate the matter internally." *Id*. at Exhibit A at 3.

PLAINTIFF WOOD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT
Page 17 of 21
*Wood v. Int'l Brotherhood of Teamsters, et al., Case No.* 3:24-cv-00053-HRH
Case 3:24-cv-00053-SLG    Document 61    Filed 04/01/25    Page 17 of 21

Defendants' never followed through on their February 5 offer to provide a proposed list of undisputed facts that "obviates the need for discovery."

On February 18, 2025, the parties submitted their joint Scheduling and Planning Conference Report in which the Defendants provide the following list of subjects on which discovery may be needed:

> The structure and operation of the IBT-NAC grievance process and system board of adjustment, Plaintiff's termination-related grievance, the processing of that grievance, the settlement of that grievance, statements made by Plaintiff's legal representative in Attachment A to the Complaint, Plaintiff's training history, Plaintiff's understanding of the training- and grievance-related provisions of his collective bargaining agreement, and Plaintiff's compliance with the terms of his previous grievance settlement.

(Doc. 52 at 4).

Plaintiff's position stated as follows:

> Plaintiff's position is that none of the above issues require discovery and that the parties should proceed to cross-motions for summary judgment. The structure and operation of the IBT-NAC grievance process and system board of adjustment is dictated by the terms of the collective bargaining agreement except where, as the Court has found, that agreement violates federal law. It is undisputed that the Plaintiff never signed a grievance settlement agreement. The remaining issues identified by the Defendants concern the merits of the grievance, which grievance is within the exclusive jurisdiction of the system board as previously determined by this Court.

*Id.*

Plaintiff submits that the Defendants failed to engage in good faith efforts to identify disputed material facts or any grounds for further burdening the Court with this proceeding. The issues disingenuously identified by the Defendants, for a proposed discovery process of up to twelve months, are either established by the CBA or go to the merits of the grievance, the determination of which are within the exclusive jurisdiction of the System Board. The System Board's exclusive jurisdiction also extends to issues related to grievance settlement agreements.

PLAINTIFF WOOD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT
Page 18 of 21
*Wood v. Int'l Brotherhood of Teamsters, et al., Case No.* 3:24-cv-00053-HRH
Case 3:24-cv-00053-SLG    Document 61    Filed 04/01/25    Page 18 of 21

*See, e.g.*, *Continental Airlines, Inc. v. Air Line Pilots Association*, 555 F.3d 399, 405-06 (5th Cir. 2009) (disciplinary last chance agreement (LCA) is a "supplement" to the CBA and a disagreement over its terms constitutes a minor dispute within exclusive jurisdiction of the system board); *Independent Fed'n of Flight Attendants v. TWA*, 918 F. Supp. 293 (E.D. Mo. 1996) ("the issue of whether a grievance arising under a collective bargaining agreement was settled during processing is an issue for an arbitrator to decide, not the courts.") (citing

*Aluminum, Brick & Glass Workers v. AAA Plumbing,* 991 F.2d 1545, 1549 (11th Cir. 1993); *International Union, United Automobile, Aircraft, and Agricultural Implement Workers of America (UAW, AFL-CIO) v. Daniel Radiator Corp. of Texas,* 328 F.2d 614, 614-15 (5th Cir. 1964).

Pursuant to Fed. R. Civ. P. 37(f), the Plaintiff requests that the Court award him attorney's fees based on the Defendant's "fail[ure] to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f)," including the costs of the instant summary judgment motion, which have been caused by the Defendants' gamesmanship.

## CONCLUSION

Plaintiff Jeremy Wood respectfully requests that this Court grant his Motion for Summary Judgment, together with such other relief as this Court deems just and proper, ordering the Defendants to make all arrangements necessary for a System Board, consisting of a single neutral arbitrator, to hear and resolve his grievance, because the RLA mandates that the Board is the proper forum to resolve this minor dispute.

PLAINTIFF WOOD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT                                                                        Page 19 of 21
*Wood v. Int'l Brotherhood of Teamsters, et al., Case No.* 3:24-cv-00053-HRH
Case 3:24-cv-00053-SLG     Document 61     Filed 04/01/25     Page 19 of 21

DATED this 1st day of April, 2025.

JERMAIN DUNNAGAN & OWENS, P.C.
*Local counsel for Plaintiff Jeremy Wood*

*/s/ Sarah E. Josephson*
Sarah E. Josephson, Alaska Bar No. 9705017

and

SEHAM, SEHAM, MELTZ & PETERSEN, LLP
*Attorneys for Plaintiff Jeremy Wood*

*/s/ Lee Seham*

Lee Seham, New York No. 2194306 (*pro hac vice* pending)
Mark Meeker, New York No. 4844536 (*pro hac vice* pending)

PLAINTIFF WOOD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN
SUPPORT                                                        Page 20 of 21
*Wood v. Int'l Brotherhood of Teamsters, et al., Case No.* 3:24-cv-00053-HRH
Case 3:24-cv-00053-SLG    Document 61    Filed 04/01/25    Page 20 of 21

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on
April 1, 2025, a true and correct copy
of the foregoing was served electronically
on:

Connor R. Smith
Stoel Rives LLP
510 L Street, Suite 500
Anchorage, AK 99501
Connor.smith@stoel.com

D. Marcus Braswell, Jr.
Sugarman, Susskind, Braswell & Herrera, P.A.
150 Alhambra Circle, Suite 725
Coral Gables, FL 33134
mbraswell@sugarmansusskind.com

Emily K. Pantoja
25 Louisiana Ave. NW
Washington, DC 20001
Epantoja@teamsters.org

Sarah Derry
Barnard Iglitzin & Lavitt LLP
18 W. Mercer Street, Suite 400
Seattle, WA 98119
derry@workerlaw.com

Sarah P. Wimberly
Ford & Harrison LLP
271 17th Street, NW
Atlanta, GA 30363
swimberly@fordharrison.com

By: /s/ Sherry Sims
Sherry Sims

PLAINTIFF WOOD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN
SUPPORT                                                              Page 21 of 21
*Wood v. Int'l Brotherhood of Teamsters, et al., Case No.* 3:24-cv-00053-HRH
Case 3:24-cv-00053-SLG    Document 61    Filed 04/01/25    Page 21 of 21