IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEREMY WOOD,<br><br>        Plaintiff,<br><br>        v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS; TEAMSTERS LOCAL UNION 769; and NORTHERN AIR CARGO,<br><br>        Defendants. | Case No. 3:24-cv-00053-SLG |

## ORDER ON PENDING MOTIONS

Before the Court are three motions for summary judgment and one motion seeking discovery before summary judgment is determined. At Docket 61 is Plaintiff Jeremy Wood's Motion for Summary Judgment. Defendant Northern Air Cargo ("NAC") filed a response in opposition and an alternative request for relief under Federal Rule of Civil Procedure 56(d) at Docket 68. Defendants International Brotherhood of Teamsters ("IBT") and Teamsters Local Union 769 ("Local 769") (collectively, the "Unions") filed a response in opposition at Docket 70. Mr. Wood replied to NAC at Docket 75 and to the Unions at Docket 78.

At Docket 71 is the Unions' Motion Under Rule 56(d), FRCP, to Permit Discovery Before a Determination at Summary Judgment. Mr. Wood filed a response in opposition at Docket 78, and the Unions replied at Docket 81.

At Docket 72, the Unions filed a cross-motion for summary judgment, incorporating by reference their opposition to Mr. Wood's motion for summary judgment, Rule 56(d) motion, and other prior briefing. Mr. Wood did not file a response.

At Docket 73, NAC filed its cross-motion for partial summary judgment, incorporating its filing at Docket 68 by reference. Mr. Wood filed a response in opposition at Docket 77, and NAC replied at Docket 82.

Oral argument was not requested and was not necessary to the Court's determinations.

## BACKGROUND

The facts relevant to the cross-motions for summary judgment are not in dispute. NAC is a commercial air carrier and corporation headquartered in Anchorage, Alaska, and subject to the provisions of the Railway Labor Act, 45 U.S.C. §§ 151 *et seq*. ("RLA").[1] "IBT is the certified bargaining representative for the NAC pilots and a 'representative' labor union subject to the provisions of the RLA."[2] "Local 769 represents South Florida Teamsters including NAC pilots from

---

[1] Docket 63 at ¶ 10–11 (Wood Decl.); Docket 51 at ¶ 10 (NAC Answer).

[2] Docket 63 ¶ 7; Docket 50 at ¶ 7 (Unions Answer); Docket 51 at ¶ 7; *see also* 45 U.S.C. § 151; *id*. § 181.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Pending Motions
Page 2 of 20
Case 3:24-cv-00053-SLG    Document 83    Filed 10/16/25    Page 2 of 20

Orlando to Key West and is a 'representative' within the meaning of [the National Labor Relations Act]."[3]

NAC hired Mr. Wood as a commercial airline pilot in September 2018.[4] During Mr. Wood's employment with NAC, Mr. Wood was represented by IBT through Local 769.[5]

NAC first terminated Mr. Wood's employment in May 2020, after which Mr. Wood and IBT filed two grievances. Pursuant to a settlement agreement reached in October 2021, NAC reinstated Mr. Wood.[6]

On April 25, 2022, NAC again terminated Mr. Wood. On May 6, 2022, Mr. Wood and IBT filed a grievance alleging that his termination was without just cause.[7]

On September 19, 2023, Local 769 sent an email to Mr. Wood informing him that Local 769 had obtained "a favorable resolution" of his grievance that would provide him with a payment of $25,000 but did not provide for reinstatement.[8] Mr.

---

[3] Docket 63 at ¶ 9.
[4] Docket 63 at ¶ 5.
[5] Docket 63 at ¶¶ 6–7.
[6] Docket 63 at ¶ 13.
[7] Docket 63 at ¶ 14–15.
[8] Docket 63 at ¶ 28.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Pending Motions
Page 3 of 20
Case 3:24-cv-00053-SLG    Document 83    Filed 10/16/25    Page 3 of 20

Wood did not accept the proposed settlement. IBT later advised Mr. Wood that it was declining to proceed with arbitration of Mr. Wood's grievance.[9]

On March 6, 2024, Mr. Wood initiated this action, seeking an order compelling arbitration before an impartial system board of adjustment.[10] The Complaint alleges that airline employees have an individual statutory right under the RLA to access arbitration, with or without the union as a party.[11]

Both NAC and the Unions moved to dismiss. In the motions to dismiss, they asserted that Mr. Wood did not have an individual statutory right under the RLA to compel arbitration and thus Mr. Wood failed to state a claim. NAC asserted further that even if Mr. Wood had an individual statutory right to compel arbitration, there is no private cause of action for him to enforce it.

The Court denied both motions to dismiss and held that airline employees do have a statutory right to pursue arbitration pursuant to 45 U.S.C. § 184.[12] Section 184 provides in relevant part that disputes between "an employee or group of employees and a carrier or carriers by air . . . may be referred by petition of the parties or by either party to an appropriate adjustment board" and that "[i]t shall be the duty of every carrier and of its employees, acting through their representatives,

---

[9] Docket 63 at ¶ 39.

[10] Docket 1 at 8.

[11] Docket 1 at ¶ 18.

[12] *See* Docket 41.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Pending Motions
Page 4 of 20
Case 3:24-cv-00053-SLG    Document 83    Filed 10/16/25    Page 4 of 20

. . . to establish [this] board of adjustment."[13]  Although the Court recognized that "[t]here are colorable textual interpretations of § 184 on either side," the Court found it was "compelled by the Supreme Court's holding in *Elgin*[, *Joliet & Eastern Railway Co. v. Burley*] to only 'submerge wholly the individual and minority interests . . . in the collective interest and agency' when '[t]he [RLA's] provisions . . . require such a construction.'"[14]  And the Court found that the "provisions of § 184 do not require the Court to do so."[15]  In reaching this conclusion, the Court acknowledged that there is a circuit split on the issue, and that the Ninth Circuit has not yet addressed the question.[16] The Court found persuasive the caselaw from the Third and Sixth Circuits, in which those courts of appeals emphasized the RLA's purpose as support for their holdings that airline employees do have a right to compel access to their system board pursuant to § 184.[17]  The Court also rejected NAC's assertion that there is no private cause of action under § 184.[18]

On January 21, 2025, the Unions filed a Motion for Reconsideration of the Court's order denying Defendants' motions to dismiss, asserting that the Court manifestly erred by (1) holding that airline employees have an individual right to

---

[13] 45 U.S.C. § 184.

[14] Docket 41 at 11 (quoting *Elgin, J. & E. Ry. Co. v. Burley*, 325 U.S. 711, 733 (1945) ("*Elgin I*"), *adhered to on reh'g*, 327 U.S. 661 (1946) ("*Elgin, II*")).

[15] Docket 41 at 11.

[16] Docket 41 at 14.

[17] Docket 41 at 14–16.

[18] Docket 41 at 18.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Pending Motions
Page 5 of 20
Case 3:24-cv-00053-SLG    Document 83    Filed 10/16/25    Page 5 of 20

arbitration; and (2) finding that Mr. Wood would be left without recourse absent an individual right to compel arbitration.[19] The Court addressed each of the Unions' arguments and denied reconsideration.[20]

Defendants filed their Answers on February 11, 2025.[21] The Unions also filed two counterclaims with their Answer. The Unions' first counterclaim seeks a "declaratory judgment from the Court that clarifies that although this Court has found that Wood has a statutory right to individually compel arbitration, he does not have a contractual right to compel arbitration of his contractual grievance before a System Board of Adjustment formed by Section 20 of the CBA."[22] The Unions contend that, instead of arbitration before the system board, Mr. "Wood must pursue this statutory right outside of the CBA, in a nonprecedential venue/forum pursuant to the American Arbitration Association's Employment Rules."[23] The Unions' second counterclaim seeks "a declaratory judgment affirming that it has fully and fairly represented Plaintiff Wood and that Plaintiff Wood's independent pursuit of arbitration . . . immunizes the Union Defendants

---

[19] Docket 47 at 3.

[20] Docket 47 at 4–11.

[21] Docket 50; Docket 51.

[22] Docket 50 at 7.

[23] Docket 50 at 7.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Pending Motions
Page 6 of 20
Case 3:24-cv-00053-SLG    Document 83    Filed 10/16/25    Page 6 of 20

from any and all claims that they have violated their duties to fairly represent Plaintiff Wood."[24]

In their Scheduling and Planning Conference Report, the parties set out differing positions regarding the need for discovery. Defendants asserted that discovery was necessary on a variety of topics including the "structure and operation of the IBT-NAC grievance process and system board of adjustment, Plaintiff's termination-related grievance, . . . the settlement of that grievance, . . . and Plaintiff's compliance with the terms of his previous grievance settlement."[25] Mr. Wood maintained that the case is ripe for summary judgment because the "structure and operation of the IBT-NAC grievance process and system board of adjustment is dictated by the terms of the collective bargaining agreement except where, as the Court has found, that agreement violates federal law"; "Plaintiff never signed a grievance settlement agreement" in connection with his 2022 termination; and the "remaining issues identified by the Defendants concern the merits of the grievance, which . . is within the exclusive jurisdiction of the system board as previously determined by this Court."[26]

---

[24] Docket 50 at 8.

[25] Docket 52 at 4.

[26] Docket 52 at 4.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Pending Motions
Page 7 of 20
Case 3:24-cv-00053-SLG    Document 83    Filed 10/16/25    Page 7 of 20

At a scheduling conference on March 18, 2025, the Court ordered discovery stayed pending further order of the Court.[27] The Court directed Mr. Wood to file a motion for summary judgment or a motion to stay this case on or before April 18, 2025, and noted that Defendants could seek relief as provided in Federal Rule of Civil Procedure 56(d) in their response to the motion.[28] Mr. Wood then timely filed his motion for summary judgment.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the movant.[29] If the movant meets this burden, the non-moving party must demonstrate "specific facts showing that there is a genuine issue for trial."[30] The non-moving party may not rely on "mere allegations or denials"; rather, to reach the level of a genuine

---

[27] Docket 59.

[28] Docket 60.

[29] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[30] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e) (1986)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Pending Motions
Page 8 of 20
Case 3:24-cv-00053-SLG    Document 83    Filed 10/16/25    Page 8 of 20

dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[31]

When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[32] In reviewing cross-motions for summary judgment, a court "review[s] each separately, giving the non-movant for each motion the benefit of all reasonable inferences."[33] Where a case contains undisputed facts and presents a pure question of law, the matter is suitable for dispositive relief.[34]

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to summary judgment, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." To obtain a continuance for further discovery, a party must demonstrate that "(1) it has set forth in affidavit form the specific facts it hopes

---

[31] *Anderson*, 477 U.S. at 248-49 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)).

[32] *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

[33] *Flores v. City of San Gabriel*, 824 F.3d 890, 897 (9th Cir. 2016) (citing *Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't*, 533 F.3d 780, 786 (9th Cir. 2008)).

[34] *See Smith v. Califano*, 597 F.2d 152, 155 n.4 (9th Cir. 1979) (holding that where "parties . . . have agreed on the material facts" and "the dispute involv[ed] the proper interpretation of relevant statutes and regulations[,] . . . the case could . . . be resolved as a matter of law, [and] summary judgment was the proper procedural device").

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Pending Motions
Page 9 of 20
Case 3:24-cv-00053-SLG   Document 83   Filed 10/16/25   Page 9 of 20

to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment."[35]

## DISCUSSION

### I. Summary Judgment

Mr. Wood's motion for summary judgment sought an order (1) "directing the Defendants to schedule a hearing before the Northern Air Cargo Pilots System Board of Adjustment for the purpose of arbitrating all issues" from Mr. Wood's May 6, 2022 grievance, and (2) ordering that "the System Board consist of a single neutral appointed by the American Arbitration Association."[36] Only the Unions contest Mr. Wood's first request for an order compelling arbitration before the board of adjustment, and thus the Court addresses the first issue in its discussion of the Unions' motion for summary judgment. Only NAC contests Mr. Wood's second request for a single neutral arbitrator, and thus the Court addresses the second issue in its discussion of NAC's partial motion for summary judgment. The Court separately addresses the Unions' request for a Rule 56(d) continuance, and then lastly, Mr. Wood's request for attorneys' fees.

---

[35] *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

[36] Docket 61 at 2.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Pending Motions
Page 10 of 20
Case 3:24-cv-00053-SLG   Document 83   Filed 10/16/25   Page 10 of 20

### A. The Unions' Motion for Summary Judgment

The Unions oppose Mr. Wood's motion for summary judgment and seek summary judgment in their favor. The Unions contend that "resolution of this matter prior to trial" depends on whether 45 U.S.C. § 184 "provide[s] airline employees with an individual statutory right to access arbitration via an adjustment board[.]"[37] Thus, the Unions devote most of their briefing to arguments that § 184 does not provide an individual right to pursue arbitration under the RLA.[38]

As Mr. Wood points out, the Court has already determined that Mr. Wood has a statutory right pursuant to § 184 to arbitrate his grievance before the System Board. This was the issue addressed in the Court's order on Defendants' motions to dismiss, and the Court reaffirmed this determination on reconsideration. The Court rejects the Unions' attempt to re-litigate this issue, which this Court has conclusively decided.[39] As the Court indicated on reconsideration, Defendants may pursue an appeal to the Ninth Circuit on this issue.

The Unions raise one issue not expressly addressed by the Court in its prior orders. Namely, the Unions contend—contrary to their own assertion that the resolution of this case prior to trial depends only on the existence of an individual

---

[37] Docket 70 at 4–5.

[38] Docket 70 at 6–10.

[39] The Unions' citations to district court cases in other circuits are unpersuasive. As this Court recognized in its order on the motion to dismiss, there is a circuit split with respect to the question.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Pending Motions
Page 11 of 20
Case 3:24-cv-00053-SLG   Document 83   Filed 10/16/25   Page 11 of 20

statutory right to arbitration—that Mr. Wood waived his individual statutory right to arbitrate his grievance before the System Board because Local 769's Bylaws and the Teamsters' Constitution delegate to Local 769 the "final authority" to process his grievance as well as the right to "decline to process any such grievance."[40] The Unions cite to the Supreme Court's opinion denying rehearing in *Elgin* for the proposition that individual employees may delegate the authority for grievance procedures to their bargaining representative, and that this authorization may be secured through "appropriate provisions in their by-laws, constitution or other governing regulations, as well as by usage or custom."[41] The Unions also contend that Section 20(E) of the CBA, which states that "the Company and the Union shall be the only parties to a Board proceeding," reinforces the conclusion that Mr. Wood "consented to the Union's exclusive control over the grievance process."[42]

The Unions' reliance on the CBA is misplaced. The CBA is a contract between NAC and the Unions, to which Mr. Wood is not a party. The Supreme Court in *Elgin* held that "[t]he collective [bargaining] agreement could not be effective to deprive the employees of their individual rights."[43] As that Court explained, "individual employee's rights cannot be nullified merely by agreement

---

[40] Docket 70 at 11–12; Docket 70-2 at 17; Docket 70-3 at 119.

[41] Docket 70 at 12 (citing *Elgin II*, 327 U.S. at 663, n.2).

[42] Docket 70 at 12.

[43] *Elgin I*, 325 U.S. at 744.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Pending Motions
Page 12 of 20
Case 3:24-cv-00053-SLG    Document 83    Filed 10/16/25    Page 12 of 20

between the carrier and the union. They are statutory rights, which he may exercise independently or authorize the union to exercise in his behalf."[44] Although *Elgin* addressed this issue in the context of railway workers, the Third Circuit applied this principle to air carriers in the same case that this Court found persuasive in reaching its conclusion that § 184 provides an individual right to arbitration before the System Board.  In *Capraro v. United Parcel Service Co.*, the Third Circuit reiterated in the air carrier context that "an employer and a union, through a negotiated collective bargaining agreement, cannot deprive a category of employees of access to the grievance and arbitration process. Thus, if the collective bargaining agreement here is read to deny such access, the relevant clauses, to that extent, are invalid and unenforceable."[45] Other courts have reached the same conclusion, and this Court agrees.[46]  The CBA cannot nullify Mr. Wood's statutory right under § 184 to individually arbitrate his claim before the System Board.

With respect to the Unions' bylaws and constitution, Union Defendants misconstrue the quoted portion of *Elgin II.*  The quoted text from the Supreme Court's decision on rehearing, read in context, states only that a union may secure

---

[44] *Id.* at 740 n.39.

[45] 993 F.2d 328, 336 (3d Cir. 1993)

[46] *See Santiago v. United Air Lines, Inc*, 969 F. Supp. 2d 955, 969 (N.D. Ill. 2013) ("[T]he court agrees with *Capraro* that the text of § 184 precludes United from deciding, on its own or with the [union], to bar Santiago from bringing her grievance to the System Board.")

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Pending Motions
Page 13 of 20
Case 3:24-cv-00053-SLG   Document 83   Filed 10/16/25   Page 13 of 20

through its by-laws or otherwise, "authorization for the union, which receives a grievance from an employee for handling, to represent him in settling it or in proceedings before the board for its determination."[47] But in *Elgin I*, the Supreme Court held that the union's regulations did not "unequivocally authorize[]" the union to settle claims or to act as an exclusive representative before the Board, and so could not be said to abrogate the employees' individual statutory rights.[48] The Supreme Court's application of this "unequivocal" authorization standard is consistent with the general rule, in the context of federal labor law, that a waiver of statutory rights cannot be inferred from general contractual provisions, but must be explicitly stated and "clear and unmistakable" to be valid.[49] In this case, the Court finds that the provisions in Local 769's Bylaws and the Teamsters' Constitution cited by the Unions do not disclose a "clear and unmistakable" or "unequivocal" intention to abrogate Mr. Woods' statutory right to pursue arbitration individually, and thus Mr. Wood retains that right.[50]

The Unions relatedly appear to contend that Mr. Wood waived his statutory right to arbitrate individually by initially participating in the grievance process with

---

[47] *Elgin II*, 327 U.S. at 663.

[48] *Elgin I*, 325 U.S. at 744–45.

[49] *Metro. Edison Co. v. N.L.R.B.*, 460 U.S. 693, 708 (1983).

[50] *See Stevens v. Teamsters Local 2707*, 504 F. Supp. 332, 334–36 (W.D. Wash. 1980) (concluding that the same Teamsters' Constitution language relied upon by the Unions here, contained in a contract of adhesion, does not demonstrate "an unequivocal intention on the part of the employee to permit the union to settle the [employee's grievance] upon whatever terms were acceptable to it alone").

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Pending Motions
Page 14 of 20
Case 3:24-cv-00053-SLG    Document 83    Filed 10/16/25    Page 14 of 20

the Unions' representation.[51] For this assertion, the Unions cite another portion of *Elgin II* in which the Supreme Court stated that in neither its original decision nor its decision on rehearing had it held that "an employee can stand by with knowledge or notice of what is going on with reference to his claim . . . allow matters to be thrashed out to a conclusion by one method or the other, and then come in for the first time to assert his individual rights."[52] This portion of *Elgin II* may have been applicable if Mr. Wood had arbitrated his grievance before the System Board with the Unions' representation, obtained an unfavorable outcome, and then attempted to independently re-litigate his grievance. But here, Mr. Wood was informed by the Union of a settlement proposal, which he did not agree to, and the Union declined to further pursue his grievance before the adjustment board. As the Court has already explained, Mr. Wood's claim is not about his right to participate in the grievance process with the Unions but is rather about "his right to access an adjustment board pursuant to § 184, which he has not had the opportunity to do."[53]

Accordingly, the Court reiterates its conclusion that Mr. Wood may compel arbitration in front of the System Board because § 184 creates an individual right to arbitration and Mr. Wood has not unequivocally waived his statutory right. The

---

[51] Docket 70 at 12–13.

[52] Docket 70 at 12 (quoting *Elgin II*, 327 U.S. at 666–67).

[53] Docket 41 at 17.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Pending Motions
Page 15 of 20
Case 3:24-cv-00053-SLG   Document 83   Filed 10/16/25   Page 15 of 20

Union's Motion for Summary Judgment is DENIED; Mr. Wood's Motion for Summary Judgment is GRANTED insofar as Mr. Wood seeks to arbitrate his claims individually before the System Board.

### B. NAC's Motion for Partial Summary Judgment

NAC, unlike the Unions, does not presently dispute Mr. Wood's entitlement to arbitration before the System Board following the Court's decision on the motions to dismiss.[54] Rather, NAC takes issue with Mr. Wood's request for arbitration before a single neutral arbitrator, rather than the entire System Board.[55] In his reply to NAC's opposition, Mr. Wood abandoned this disputed request. Mr. Wood now "presents no opposition to NAC's cross-motion for a partial summary judgment that the court-ordered arbitration would proceed with a System Board composed in accordance with the CBA" of three members—one chosen by the Union, one chosen by NAC, and one neutral arbitrator[56] Thus, NAC's motion for partial summary judgment is GRANTED.[57]

---

[54] Docket 68 at 8 (recognizing that Mr. Wood "prevailed on the issue of his entitlement to proceed before a system board of adjustment provided for by the Railway Labor Act, 45 U.S.C. § 151, *et seq.* ('RLA') without his union's support").

[55] Docket 68 at 8; *see* Docket 61 (describing composition of the System Board under the CBA).

[56] Docket 75 at 3; Docket 68 at 9.

[57] The parties also agree that a grant of summary judgment in NAC's favor as to the composition of the System Board moots NAC's Rule 56(d) request for alternative relief. Docket 82 at 2 n.1.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Pending Motions
Page 16 of 20
Case 3:24-cv-00053-SLG     Document 83     Filed 10/16/25     Page 16 of 20

NAC does, however, take issue with Mr. Wood's request for "other relief as this Court deems just and proper."[58] Specifically, NAC opposes Mr. Wood's request—first presented in the proposed order filed with his reply—to select and retain legal representation of his own choosing at the arbitration hearing on his grievance.[59] NAC maintains that Mr. Wood is not entitled to this relief because he did not seek it in his motion.[60] Further, because the CBA expressly states that it is "*[t]he Union*" which "shall designate who may present any arguments and evidence on behalf of a Grievant(s)," NAC maintains that Mr. Wood cannot retain representation of his own choosing.[61]

The Court agrees with NAC that Mr. Wood is not entitled to relief that he did not seek by motion and included only in the proposed order that he filed with his reply.

## II. Rule 56(d) Motion

The Unions seek to take Mr. Wood's deposition regarding the factual assertions in paragraphs 15–31 and 34–39 of Mr. Wood's declaration, which the

---

[58] Docket 82 at 2 (first citing Docket 75 at 3; and then citing Docket 77 at 2).

[59] Docket 80 at 2. NAC acknowledges the request was included in Mr. Wood's Complaint. Docket 82 at 3 (citing Docket 1 at 8).

[60] Docket 82 at 3 (citing Fed. R. Civ. P. 7(b)(1) (providing that a "request for a court order must be made by motion" which, among other things, "state[s] the relief sought")).

[61] Docket 82 at 4 (emphasis in original).

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Pending Motions
Page 17 of 20
Case 3:24-cv-00053-SLG    Document 83    Filed 10/16/25    Page 17 of 20

Unions contend "relate to a duty of fair representation claim that the Plaintiff has not yet raised."[62]

The Unions appear to assert that the discovery they seek is essential "to avoid prejudice" to the Union Defendants *if* the Court were to adopt the factual representations in Mr. Wood's declaration and Mr. Wood were later to assert a duty of fair representation claim against the Unions. The Union Defendants recognize that their motion is only based on this "potential scenario."[63] But the Court has not made any factual findings with respect to the disputed paragraphs of Mr. Wood's declaration, as those facts were not necessary to the resolution of the motions for summary judgment. Accordingly, the Unions' Rule 56(d) Motion is DENIED.

### III. Plaintiff's Request for Attorneys' Fees

Lastly, Mr. Wood "requests that the Court award him attorney's fees based on the Defendant's 'fail[ure] to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f)," including the costs of the instant summary judgment motion.[64] Mr. Wood contends "that the Defendants have engaged in gamesmanship for the purpose of needlessly extending this litigation and exhausting [his] resources," and that, as a result

---

[62] Docket 70 at 2–3; Docket 71 at 3.

[63] Docket 71 at 4.

[64] Docket 61 at 19.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Pending Motions
Page 18 of 20
Case 3:24-cv-00053-SLG    Document 83    Filed 10/16/25    Page 18 of 20

sanctions are warranted pursuant to Federal Rule of Civil Procedure 37(f).[65] Rule 37(f) provides: "If a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure."

In his reply briefs, Mr. Wood does not respond to either set of Defendants' arguments regarding attorneys' fees.[66] Mr. Wood has thus abandoned this request. In any event, the Court finds no basis to award fees where, as here, the parties appear to have met and conferred in good faith regarding the necessity of discovery, timely filed a joint Scheduling and Planning Conference Report, and merely disagreed about whether discovery was warranted.[67] Nor has Mr. Wood pointed to any authority granting an award of attorneys' fees in connection with a motion for summary judgment based on an alleged violation of Rule 26(f). The Court therefore DENIES Mr. Wood's request for attorneys' fees.

---

[65] Docket 61 at 16, 19.

[66] *See* Docket 75; Docket 78.

[67] *See* Docket 62-1 at 4–7.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Pending Motions
Page 19 of 20
Case 3:24-cv-00053-SLG    Document 83    Filed 10/16/25    Page 19 of 20

## CONCLUSION

In light of the foregoing, Mr. Wood's Motion for Summary Judgment at Docket 61 is GRANTED insofar as Mr. Wood seeks to arbitrate his claims individually before the System Board; the Unions' Cross-Motion for Summary Judgment at Docket 72 is DENIED; and NAC's Cross-Motion for Partial Summary Judgment at Docket 73 is GRANTED insofar as the arbitration shall take place before a three-member System Board. Further, the Unions' Motion Under Rule 56(d), FRCP, to Permit Discovery Before a Determination at Summary Judgment at Docket 71 is DENIED.

DATED this 16th day of October, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Pending Motions
Page 20 of 20
Case 3:24-cv-00053-SLG   Document 83   Filed 10/16/25   Page 20 of 20