# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JEREMY WOOD,

      Plaintiff,

      v.

INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, *et al.*,

      Defendants.

Case No. 3:24-cv-00053-SLG

## ORDER ON MOTION TO ENFORCE PLAINTIFF'S RIGHT TO SELECT A REPRESENTATIVE AND FOR CONTEMPT OF COURT

Before the Court at Docket 84 is Plaintiff Jeremy Wood's Motion to Enforce Plaintiff's Right to Select Representative and for Contempt of Court to the Defendants' Refusal to Schedule a Court Ordered Arbitration. Defendant Northern Air Cargo ("NAC") responded in opposition at Docket 87. Defendants International Brotherhood of Teamsters ("IBT") and Teamsters Local Union 769 ("Local 769") (collectively "Unions") partially joined NAC's opposition and responded in opposition at Docket 89. Mr. Wood did not file a reply. Oral argument was held on March 10, 2026.[1]

---

[1] Docket 93.

## BACKGROUND

The Court assumes the reader's familiarity with its prior decisions.[2]  The facts and procedural background as directly relevant to these motions are as follows:

NAC is a commercial air carrier and corporation headquartered in Anchorage, Alaska, and subject to the provisions of the Railway Labor Act, 45 U.S.C. § 151 *et seq*. ("RLA").[3]  "IBT is the certified bargaining representative for the NAC pilots and a 'representative' labor union subject to the provisions of the RLA."[4]  "Local 769 represents South Florida Teamsters including NAC pilots from Orlando to Key West and is a 'representative' within the meaning of [the National Labor Relations Act] and [Labor Management Relations Act]," respectively.[5]

NAC hired Mr. Wood as a commercial airline pilot in September 2018.[6]  During Mr. Wood's employment with NAC, Mr. Wood was represented by IBT through Local 769.[7]  NAC first terminated Mr. Wood's employment in May 2020, after which Mr. Wood and IBT filed two grievances.[8]  Pursuant to a settlement

---

[2] *See generally* Docket 83; Docket 47; Docket 41.

[3] Docket 63 ¶¶ 10–11; Docket 51 at ¶ 10.

[4] Docket 63 ¶ 7; Docket 50 ¶ 7; Docket 51 ¶ 7; *see also* 45 U.S.C. §§ 151, 181.

[5] Docket 63 ¶ 9.

[6] Docket 63 ¶ 5.

[7] Docket 63 ¶¶ 6–7.

[8] Docket 63 ¶ 13.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion to Enforce Plaintiff's Right to Select a Representative and for Contempt of Court
Page 2 of 17
Case 3:24-cv-00053-SLG    Document 100    Filed 05/14/26    Page 2 of 17

agreement reached in October 2021, NAC reinstated Mr. Wood.[9]  On April 25, 2022, NAC again terminated Mr. Wood.[10]  On May 6, 2022, Mr. Wood and IBT filed a grievance alleging that his termination was without just cause.[11]

On September 19, 2023, Local 769 sent an email to Mr. Wood informing him that Local 769 had obtained "a favorable resolution" of his grievance that would provide him with a payment of $25,000 but did not provide for his reinstatement.[12] Mr. Wood did not accept the proposed settlement.[13]  IBT later advised Mr. Wood that it was declining to proceed with arbitration of Mr. Wood's grievance.[14]

On March 6, 2024, Mr. Wood initiated this action, seeking an order compelling arbitration before an impartial System Board of Adjustment.[15]  The Complaint alleges that airline employees have an individual statutory right under the RLA to access arbitration, with or without the union as a party.[16]

On June 13, 2024, both NAC and the Unions moved to dismiss, asserting that Mr. Wood did not have an individual statutory right under the RLA to compel

---

[9] Docket 63 ¶ 13.

[10] Docket 63 ¶ 14.

[11] Docket 63 ¶¶ 14–15.

[12] Docket 63 ¶ 28.

[13] Docket 63 ¶ 29.

[14] Docket 63 ¶ 39.

[15] Docket 1 at 8.

[16] Docket 1 ¶ 18.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion to Enforce Plaintiff's Right to Select a Representative and for Contempt of Court
Page 3 of 17

Case 3:24-cv-00053-SLG    Document 100    Filed 05/14/26    Page 3 of 17

arbitration and thus Mr. Wood failed to state a claim.[17]  The Court denied both motions to dismiss and held that individuals have a statutory right to pursue arbitration pursuant to 45 U.S.C. § 184.[18]  On January 21, 2025, the Unions filed a Motion for Reconsideration of the Court's order denying Defendants' motions to dismiss, which the Court denied.[19]

Defendants filed their Answers on February 11, 2025.[20]  The Unions also filed two counterclaims with their Answer.[21]  The Unions' first counterclaim seeks a "declaratory judgment from the Court that clarifies that although this Court has found that Wood has a statutory right to individually compel arbitration, he does not have a contractual right to compel arbitration of his contractual grievance before a System Board of Adjustment formed by Section 20 of the CBA."[22]  The Unions contend that instead of arbitration before the system board, Mr. "Wood must pursue this statutory right outside of the CBA, in a nonprecedential venue/forum pursuant to the American Arbitration Association's Employment Rules."[23]  The Unions' second counterclaim seeks "a declaratory judgment

---

[17] Docket 25; Docket 26.

[18] *See* Docket 41.

[19] Docket 47 at 4–11.

[20] Docket 50; Docket 51.

[21] Docket 50.

[22] Docket 50 at 7 (citation omitted).

[23] Docket 50 at 7.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion to Enforce Plaintiff's Right to Select a Representative and for Contempt of Court
Page 4 of 17

affirming that it has fully and fairly represented Plaintiff Wood and that Plaintiff Wood's independent pursuit of arbitration . . . immunizes the Union Defendants from any and all claims that they have violated their duties to fairly represent Plaintiff Wood."[24]

On April 1, 2025, Mr. Wood filed a motion for summary judgment, seeking (1) an order compelling arbitration, (2) an order that the arbitration take place before a single neutral arbitrator, and (3) attorneys' fees associated with the motion for summary judgment.[25]  NAC opposed Mr. Wood's second and third requests and moved for partial summary judgment that arbitration should not take place before a single neutral arbitrator.[26]  The Unions opposed Mr. Wood's motion and cross-moved for summary judgment in their favor.[27]

On October 16, 2025, the Court granted Mr. Wood's Motion for Summary Judgment in part and denied the Unions' Cross-Motion for Summary Judgment, concluding that Mr. Wood may compel arbitration in front of the System Board because § 184 creates an individual right to arbitration and he has not unequivocally waived that statutory right.[28]  The Court also granted NAC's Cross-

---

[24] Docket 50 at 8.

[25] Docket 61 at 2.

[26] Docket 68 at 18-42; Docket 73.

[27] Docket 70; Docket 72.

[28] Docket 83 at 15.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion to Enforce Plaintiff's Right to Select a Representative and for Contempt of Court
Page 5 of 17
Case 3:24-cv-00053-SLG   Document 100   Filed 05/14/26   Page 5 of 17

Motion for Partial Summary and denied Mr. Wood's Motion for Summary Judgment in part, concluding that the arbitration should proceed before a System Board composed of three members—one chosen by the Union, one chosen by NAC, and one neutral arbitrator.[29]

On October 31, 2025, Mr. Wood filed the present Motion to Enforce Plaintiff's Right to Select a Representative and for Contempt of Court Due to the Defendants' Refusal to Schedule a Court-Ordered Arbitration.[30]

## DISCUSSION

In his motion, Mr. Wood requests that the Court (i) hold Defendants in contempt for failing to schedule Mr. Wood's arbitration after the Court's October 16, 2025 order and "take all actions necessary to schedule the required hearing before the System Board within 180 days"; (ii) issue "a supplemental order entitling him to select his own legal representative for the hearing"; and (iii) award him the costs of his motion.[31] The Court addresses each issue in turn.

### I. Contempt

Mr. Wood moves the Court to hold Defendants in criminal and civil contempt, asserting that the October 16 order implicitly directed Defendants to "make all

---

[29] Docket 83 at 16.

[30] Docket 84.

[31] Docket 84 at 2-3.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion to Enforce Plaintiff's Right to Select a Representative and for Contempt of Court
Page 6 of 17
Case 3:24-cv-00053-SLG     Document 100     Filed 05/14/26     Page 6 of 17

arrangements necessary" and "schedule a hearing."[32] Mr. Wood maintains that despite his request to proceed with the selection of the arbitrators and schedule the arbitration, Defendants "willfully disobey[ed] the order"—NAC expressly refused, the Unions ignored the request, and both indicated their intent to appeal rather than comply.[33] Defendants respond that they did not violate the Court's October 16 order because it contained no explicit directive to schedule the arbitration and merely declared Mr. Wood's right to arbitrate.[34] Defendants assert that Mr. Wood's counsel's email asking each Defendant if it would "agree to proceed with the selection of an arbitrator and scheduling of an arbitration during the pendency of an appeal" demonstrates that Mr. Wood also did not believe that the order mandated immediate action.[35] Defendants contend that their conduct was, therefore, based on a good faith and reasonable interpretation of the Court's order.[36]

Civil contempt sanctions may be imposed against a party that has disobeyed "a specific and definite court order by failure to take all reasonable steps within the

---

[32] Docket 84 at 7.

[33] Docket 84 at 8.

[34] Docket 87 13-16.

[35] Docket 87 at 17 (quoting Docket 85-1 at 1).

[36] Docket 87 at 16-17.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion to Enforce Plaintiff's Right to Select a Representative and for Contempt of Court
Page 7 of 17

Case 3:24-cv-00053-SLG    Document 100    Filed 05/14/26    Page 7 of 17

party's power to comply."[37]  A party seeking a finding of civil contempt against an opposing party must demonstrate "(1) that [the opposing party] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence."[38] The standard for criminal contempt is more onerous and requires that the opposing party knew of and willfully disobeyed a clear and definite court order.[39]  Willfulness "in this context means a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of an order" and "must be proved beyond a reasonable doubt."[40]

The Court finds that Defendants' conduct, while obstructive, does not constitute either civil or criminal contempt under the applicable standards.  The October 16 order granted Mr. Wood's motion for summary judgment "insofar as Mr. Wood seeks to arbitrate his claims individually before the System Board," thereby reiterating his statutory right to compel arbitration.[41]  However, the order did not contain an express directive ordering Defendants to schedule a hearing,

---

[37] *In re Dual–Deck Video Cassette Recorder Antitrust Litig.,* 10 F.3d 693, 695 (9th Cir. 1993).

[38] *Id.*

[39] *See United States v. Powers*, 629 F.2d 619, 627 (9th Cir. 1980).

[40] *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 782 (9th Cir. 1983) (first citing *United States v. Powers,* 629 F.2d 619, 626 n.6, 627 (9th Cir. 1980); and then citing *United States v. Greyhound Corp.,* 508 F.2d 529, 531 (7th Cir. 1974)).

[41] Docket 83 at 16.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion to Enforce Plaintiff's Right to Select a Representative and for Contempt of Court
Page 8 of 17

make specific arrangements, or take affirmative steps within a designated timeframe. Given that contempt requires, at a minimum, a specific and definite court order, the Court finds that the absence of such specificity and directiveness in the October 16 order precludes a finding of contempt.

However, the Court now unequivocally orders Defendants to schedule a hearing before the System Board within 180 days of the date of this order for the purpose of arbitrating all issues in Mr. Wood's May 6, 2022 grievance. The System Board shall be composed of three members: one chosen by the Unions, one chosen by NAC, and one neutral arbitrator. Defendants shall promptly take all actions necessary to effectuate this scheduling, including conferring with Mr. Wood and his counsel, selecting arbitrators, and agreeing upon a hearing date.

Accordingly, Mr. Wood's request that the Court hold Defendants in contempt is DENIED. Mr. Wood's alternative request that the Court direct Defendants to "take all actions necessary to schedule the required hearing before the System Board within 180 days"[42] is GRANTED.

## II. Right to Select Representative

Mr. Wood seeks an order entitling him to select his own attorney for the System Board hearing.[43] He asserts that his "right to access the System Board

---

[42] Docket 84 at 3.

[43] Docket 84 at 5.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion to Enforce Plaintiff's Right to Select a Representative and for Contempt of Court
Page 9 of 17

would prove illusory if he were represented by a party that, on record, has asserted that his case lacks merit and has actively litigated to bar his access to the System Board."[44]  Mr. Wood contends that "the proceedings of RLA arbitral panels are subject to constitutional due process requirements" and that "an individual in a civil proceeding has a fundamental due process right to select and retain counsel."[45]

The Court did not address the substance of this issue on summary judgment because Mr. Wood "did not seek [such relief] by motion and included [it] only in the proposed order that he filed with his reply."[46]  However, the parties, including Defendants, now appear to seek a determination on this issue and have briefed the merits in the present motion.  Accordingly, the Court will resolve this issue on the merits at this time.

Defendants assert that Mr. Wood's request should be denied because "he has articulated no procedural basis" for relief.[47]  Defendants also contend that Mr. Wood is not entitled to choose his own representative because he is "not entitled to contravene the CBA's provision that, in System Board proceedings, "'the Union [i.e., IBT] shall designate who may present any arguments and evidence on behalf

---

[44] Docket 84 at 3.

[45] Docket 84 at 3-4 (citations omitted).

[46] Docket 83 at 17.

[47] Docket 87 at 9.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion to Enforce Plaintiff's Right to Select a Representative and for Contempt of Court
Page 10 of 17

of a Grievant(s).'"[48]   Defendants assert that Mr. Wood "may not, asserting some theoretical and prospective prejudicial handing of his claim by IBT, circumvent the CBA's dispute resolution procedures before he has even attempted them."   In support of this proposition, Defendants cite *Carr v. Pacific Maritime Association*[49] and  *Bautista v. Pan American World Airlines, Inc.*[50]   However, both cases are distinguishable and do not support Defendants' position.

In *Carr*, a class of longshoremen and clerks whose registration applications were rejected sued the Pacific Maritime Association, the International Longshoremen's and Warehousemen's Union, and its affiliates alleging favoritism, nepotism, and discrimination.[51]   The collective bargaining agreement that governed the terms of employment for longshoremen and clerks "had established a ten-day grievance filing period upon completion of the registration process."[52] The plaintiffs filed their grievances over five months late, and three successive contractual grievance bodies ruled their claims were time-barred.[53]   When the plaintiffs subsequently sued in federal court, the district court found that they had

---

[48] Docket 87 at 10 (quoting Docket 26-1 at 212; Docket 63-1 at 212; Docket 82 at 4).

[49] Docket 87 at 10, 12 (citing 904 F.2d 1313 (9th Cir. 1990)).

[50] Docket 87 at 10-11 (citing 828 F.2d 546 (9th Cir. 1987)).

[51] 904 F.2d at 1315.

[52] *Id.*

[53] *Id.* at 1316.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion to Enforce Plaintiff's Right to Select a Representative and for Contempt of Court
Page 11 of 17

Case 3:24-cv-00053-SLG     Document 100     Filed 05/14/26     Page 11 of 17

failed to exhaust their contractual grievance procedures and that their failure was not excused.[54] On appeal, the plaintiffs asserted that "their failure to exhaust their contractual remedies should be excused because of the inadequacy of the grievance processes and remedies."[55] The Ninth Circuit rejected this argument, holding that "[n]one of these alleged flaws . . . prevented plaintiffs from at least attempting to invoke the contractual remedies in a timely manner," and that "the agreement . . . require[d] that plaintiffs at least notify the [grievance body] that they had a complaint."[56]

In *Bautista*, discharged catering employees sued Pan American World Airways ("Pan Am") and the Transport Workers Union ("TWU") in federal court for breach of contract and breach of duty of fair representation, alleging violations of their collective bargaining agreement.[57] Pan Am was subject to the Railway Labor Act, which vests exclusive jurisdiction over disputes concerning the agreement in the National Railroad Adjustment Board.[58]

On summary judgment, the district court found that it had jurisdiction of the plaintiffs' breach of contract claim against Pan Am, reasoning that under *Glover v.*

---

[54] *Id.* at 1316-17.

[55] *Id.* at 1318.

[56] *Id.* at 1318 & n.8.

[57] 828 F.2d at 548-49.

[58] *Id.* at 551.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion to Enforce Plaintiff's Right to Select a Representative and for Contempt of Court
Page 12 of 17

*St. Louis-San Francisco Railway Co.,*[59] plaintiffs could "circumvent the statutory administrative remedies and sue the union and the employer together in federal district court" where resort to those remedies would be "absolutely futile."[60] The district court also dismissed the plaintiffs' claims against the TWU because the union's conduct was "reasonable under the circumstances."[61]

The Ninth Circuit reversed, holding that the district court lacked jurisdiction because *Glover* did not apply.[62] The Ninth Circuit noted that, under *Glover*, exhausting contractual or administrative remedies is futile when "the Board comprises only union and management representatives, the very groups against which the employees' complaint was made."[63] However, in *Bautista*, the district court had ruled against the plaintiffs on their unfair representation claim on summary judgment, leaving only the claim against Pan Am and rendering *Glover* inapplicable.[64] In so ruling, the Ninth Circuit clarified that employees cannot

---

[59] 393 U.S. 324 (1969).

[60] *Bautista*, 828 F.2d at 551.

[61] *Id.* at 549.

[62] *Id.* at 551-52.

[63] *Id.* at 551 (citing *Glover*, 393 U.S. at 331).

[64] *Id.* at 551-52.

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion to Enforce Plaintiff's Right to Select a Representative and for Contempt of Court
Page 13 of 17

"circumvent the RLA's procedures by tacking on a [duty of fair representation] claim against their union in a federal court suit against their employer."[65]

The facts of this case are fundamentally distinguishable from and, in many respects, the inverse of those presented in *Carr* and *Bautista*. Here, Mr. Wood participated in the contractual grievance process; IBT subsequently declined to represent him further and abandoned his grievance.[66] By engaging with the contractual grievance procedures, Mr. Wood exhausted the remedies available through that process and thereafter initiated this action to invoke his statutory right to access arbitration under the RLA.[67] Mr. Wood has not sought to circumvent the RLA's procedures; rather, his consistent position has been that he may invoke arbitration pursuant to the RLA's statutory framework. The circumvention that *Carr* and *Bautista* prohibit is the pursuit of federal court review before contractual remedies are exhausted. These cases do not hold that a plaintiff who has exhausted his contractual remedies and invoked his statutory right to arbitration thereafter is prohibited from asserting his right to select his own counsel before the System Board.[68]

---

[65] *Id.* at 552.

[66] Docket 63 ¶ 39.

[67] *See* Docket 1 ¶ 18.

[68] *See Goldberg v. Kelly*, 397 U.S. 254, 270 (1970) ("We do not say that counsel must be provided at the pre-termination hearing, but only that the recipient must be allowed to retain an attorney if he so desires."); *Cole v. U.S. Dist. Court for the Dist. of Idaho*, 366 F.3d 813, 817 (9th Cir. 2004) ("Parties normally have the right to counsel of their choice, so long as the counsel satisfy required

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion to Enforce Plaintiff's Right to Select a Representative and for Contempt of Court
Page 14 of 17

Case 3:24-cv-00053-SLG    Document 100    Filed 05/14/26    Page 14 of 17

As the Court has previously held, "[t]he CBA is a contract between NAC and the Unions, to which Mr. Wood is not a party."[69] "[I]ndividual employee's rights cannot be nullified merely by agreement between the carrier and the union."[70] This Court has found that Mr. Wood's right to arbitration is a statutory right under the RLA, "which he may exercise independently or authorize the union to exercise in his behalf."[71] Here, Mr. Wood has chosen to exercise that right independently after IBT elected not to arbitrate his grievance. The fact that the System Board is the arbitral body through which Mr. Wood's statutory rights will be exercised does not alter this principle or permit the contracting parties to condition his access to that statutory right upon acceptance of contractual terms that infringe his right to select his own counsel. As the Supreme Court has made clear, the provisions of a contract establishing a board of adjustment pursuant to Section 204 of RLA, 45 U.S.C. § 184 "such as those governing the composition of the adjustment board, the procedures to be employed as to notice and hearing or for breaking deadlocks, or the finality to be accorded board awards, are to be judged against the [RLA] and

---

bar admissions. . .").

[69] Docket 83 at 12.

[70] *Elgin, Joliet & E. Ry. v. Burley*, 325 U.S. 711, 740 n.39 (1945).

[71] *Id.*

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion to Enforce Plaintiff's Right to Select a Representative and for Contempt of Court
Page 15 of 17

its purposes and enforced or invalidated in a fashion consistent with the statutory scheme."[72]

To ensure meaningful access to his statutory right to arbitration, Mr. Wood is entitled to select his own counsel for the hearing before the System board. Therefore, Mr. Wood's request for an order confirming his right to select his legal representative at his own expense in the court-ordered arbitration before the System Board is GRANTED.

### III.    Attorneys' Fees

Lastly, Mr. Wood requests the attorney's fees and costs associated with bringing this motion.   Mr. Wood cites *Harcourt Brace Jovanovich Legal & Professional Publications, Inc. v. Multistate Legal Studies, Inc.* to support his request for fees, where the Ninth Circuit held that "'[a]n award of attorney's fees for civil contempt is within the discretion of the district court."[73]  Given the Court's finding that Defendants are not in civil contempt, there is no basis to award fees here.  Accordingly, Mr. Wood's request for fees is DENIED.

## CONCLUSION

In light of the foregoing, the motion at Docket 84 is **GRANTED IN PART AND DENIED IN PART** as follows: Mr. Wood's request that the Court hold

---

[72] *Int'l Ass'n of Machinists, AFL-CIO v. Cent. Airlines, Inc.*, 372 U.S. 682, 694 (1963).

[73] Docket 84 at 11-12 (citing 26 F.3d 948, 953 (9th Cir. 1994)).

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion to Enforce Plaintiff's Right to Select a Representative and for Contempt of Court
Page 16 of 17

Defendants in contempt is **DENIED**. Mr. Wood's alternative request that the Court direct Defendants to take all actions necessary to schedule the required hearing before the System Board within 180 days is **GRANTED**. Mr. Wood's request for an order confirming his right to select his legal representative in the court-ordered arbitration before the System Board is **GRANTED**. Mr. Wood's request for attorney's fees and costs is **DENIED**.

IT IS THEREFORE ORDERED:

- Defendants shall schedule a hearing before the System Board within 180 days of the date of this order for the purpose of arbitrating all issues from Mr. Wood's May 6, 2022 grievance;

- The System Board shall be composed of three members: one chosen by the Unions, one chosen by NAC, and one neutral arbitrator;

- Defendants shall take all actions necessary to effectuate this scheduling, including conferring with Mr. Wood and his counsel, selecting arbitrators, and agreeing upon a hearing date; and

- Mr. Wood shall be permitted to select his own legal representative at his own expense in the arbitration before the System Board.

DATED this 14th day of May, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00053-SLG, *Wood v. Int'l Bhd. of Teamsters, et al.*
Order on Motion to Enforce Plaintiff's Right to Select a Representative and for Contempt of Court
Page 17 of 17

Case 3:24-cv-00053-SLG    Document 100    Filed 05/14/26    Page 17 of 17